```
1   Scott D. Baker (SBN 84923)
    Email: sbaker@reedsmith.com
2   Jonah D. Mitchell (SBN 203511)
    Email: jmitchell@reedsmith.com
3   David S. Reidy (SBN 225904)
    Email: dreidy@reedsmith.com
4   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
5   San Francisco, CA 94111-3922

6   Mailing Address:
    P.O. Box 7936
7   San Francisco, CA 94120-7936

8   Telephone:   415.543.8700
    Facsimile:   415.391.8269
9
    Attorneys for Defendant
10  CLEAR CHANNEL OUTDOOR, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TRAVERSO,<br><br>            Plaintiff,<br><br>  vs.<br><br>CLEAR CHANNEL OUTDOOR, INC., and DOES 1 – 10,<br><br>           Defendants. | Case No.: C07-3629 MJJ<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS UNLAWFUL DETAINER COMPLAINT OF PLAINTIFF RICHARD TRAVERSO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       October 2, 2007<br>Time:      9:30 a.m.<br>Courtroom: 11 (19th Floor)<br><br>**HON. MARTIN J. JENKINS** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 2, 2007, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 11 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Clear Channel Outdoor, Inc. ("Clear Channel")

will and hereby does move to dismiss the Complaint filed in this action by Plaintiff Richard Traverso ("Plaintiff").[1]

This Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on the grounds that the Complaint fails to allege facts sufficient to sustain a cause of action in unlawful detainer against Clear Channel, and is fatally vague, ambiguous and uncertain. The Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the operative Complaint on file with the Court in this matter, and upon any oral argument that the Court may consider at a hearing on this Motion.

DATED: August 8, 2007

REED SMITH LLP

By _____
David S. Reidy
Attorneys for Defendant
CLEAR CHANNEL OUTDOOR, INC.

---

[1] A true and correct copy of the Complaint on file in this action is attached hereto as **Exhibit 1**.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Complaint fails to state the essential elements of a cause of action for unlawful detainer because Plaintiff does not allege that a notice to terminate was properly served, as required by Sections 1161 and 1162 of the California Code of Civil Procedure ("CCP"), which govern notices in unlawful detainer actions.[2] In addition, the Complaint is vague and ambiguous because the Complaint and Exhibits thereto contain contrary allegations related to the date and manner of service of the notice to terminate. As such, Plaintiff's Complaint is deficient and should be dismissed.

## II. ALLEGATIONS OF COMPLAINT

The Complaint alleges that Plaintiff and Clear Channel are parties to a commercial lease ("Lease") for certain real property located at 650-660 Bryant Street in San Francisco ("Premises"). Complaint, ¶6. Plaintiff alleges that the parties entered into the Lease in 1984, for an initial term of five years, but that the Lease term was extended, most recently in 2002 for a further five year period. Complaint, ¶6(a), (d). The Lease, attached as Exhibit 1 to the Complaint, also provides for automatic term extensions unless properly terminated:

> This ***Lease shall continue in full force and effect for its term and thereafter for subsequent successive like terms unless terminated at the end of such term or any successive like term upon written notice by the Lessor or Lessee served sixty (60) days before the end of such term or subsequent like term***, provided that Lessee shall have the right to terminate the Lease at the end of any sixty day period upon written notice to Lesssor served not less than sixty (60) days prior to the end of such sixty day period.

Lease, Complaint, Ex. 1 at ¶7 (emph. added).

The March 22, 2002 amendment (the "March 2002 Amendment") sets the annual rent, payable monthly, at $29,700, through February 2003, and further provides that beginning in March 2003, and for each year thereafter, "the annual rental shall increase by four percent(4%)." March

---

[2] All statutory references are to the CCP, unless otherwise specified.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2002 Amendment, Complaint, Ex.1. Besides the rental increase, the March 2002 Amendment does not alter any of the terms of the Lease. *Id.*

Plaintiff alleges that he served a termination notice ("Notice") on Clear Channel on February 28, 2007. Complaint, ¶7(b). A copy of the Notice is attached to the Complaint as Exhibit 2, however, and indicates a date of December 22, 2006. Complaint, Ex. 2. In addition, the Complaint alleges that the Notice was served "in the manner specified in [the Lease]," but the Lease attached to the Complaint does not specify the means for service of a termination notice. Complaint, ¶8.a.(5); Ex. 1. Although the Notice contains the phrase "*BY FEDERAL EXPRESS*," the Complaint fails to allege the manner of service of the Notice, and does not include any proof of service.

Plaintiff alleges that he is entitled to possession of the Premises from Clear Channel "because of expiration of a fixed-term lease." Complaint, ¶9. As set forth above, however, the Lease provides for automatic renewal of successive five-year terms where, as here, no termination notice was properly served. Finally, the Complaint states the fair rental value of the Premises at $986.30 per day. Complaint, ¶11. According to the terms of the March 2002 Amendment, however, the yearly rent as of February 2007 was $34,744.80 – or approximately $95 per day.[3]

### III. LEGAL STANDARD ON MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir.2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984); *Neitzke v. Williams*, 490 U.S. 319, 326, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989). "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles*, 119 F. 3d 778, 783, fn. 1 (9th Cir.1997).

---

[3] The yearly rent is calculated according to the March 2002 Amendment by increasing $29,700 by 4%, for four successive years.

Although allegations of material fact in the complaint are taken as true, mere conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors v. Met. Water Dist. of S. Cal.*, 159 F. 3d 1178, 1181 (9th Cir. 1998). In addition, documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of a motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir.1989); *Kaufman & Broad-South Bay v. Unisys Corp.*, 822 F.Supp. 1468, 1472 (N.D.Cal.1993). "When a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations.*" *Thompson v. Illinois Dept. of Prof. Reg.*, 300 F.3d 750, 754 (7th Cir.2002) (emphasis in orig.); *accord, Durning v. First Boston Corp.*, 815 F. 2d 1265, 1267 (9th Cir. 1987).

## IV. PLAINTIFF'S UNLAWFUL DETAINER CLAIM FAILS AS A MATTER OF LAW

### A. California Substantive Law Applies to Plaintiff's Claims

The basis for this Court's jurisdiction over this Action, as set forth in the removal papers, is that diversity exists between the parties. See Doc. No. 1. As such, California state law applies to all substantive issues in this case. *See Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980) (applying the *Erie* doctrine).

### B. The Complaint Fails to Allege Service of a Proper Termination Notice

The elements of a cause of action for unlawful detainer are set forth in the CCP, which requires the plaintiff to "*State specifically the method used to serve the defendant with the notice or notices of termination upon which the complaint is based.*" CCP §1166(a)(5) (emph. added). Here, the Complaint fails to allege that the Notice was served, or that service of the Notice, if it occurred, was proper.

#### 1. The Complaint Fails to Allege Service of the Notice

In cases where a lease is terminated by the lessor for a breach of its terms or under an option to do so under the lease, a 3-day termination notice must be served. CCP §1161; *Palmer v. Zeis*, 65 Cal. App. 2d Supp. 859, 862-863 (1944). Although parties to a commercial lease may agree upon notice requirements other than those set forth by statute, waiver of any statutory right by such

agreement must be express. *See Folberg v. Clara G. R. Kinney Company, Inc.*, 104 Cal. App. 3d 136, 139-140 (1980). Where a Complaint fails to allege the fact of service of the required notice to terminate, the Complaint fails to state a cause of action for unlawful detainer. *Zucco v. Farullo*, 37 Cal. App. 562 (1918).

Plaintiff alleges that he served the Notice "in the manner specified in [the Lease]." Complaint, ¶8.a(5). The Lease requires any termination notice to be written and served sixty days before the end of the Lease term, but does not specify a particular manner of service. Complaint, Ex. 1 at ¶7. Thus, Clear Channel is left to guess how the Notice might have been served. Although the Notice attached to the Complaint contains the phrase "*BY FEDERAL EXPRESS*," the Complaint fails to clarify whether the Notice was sent by Federal Express, or what that even means. Moreover, the Complaint does not include any proof of service to shed light on this issue. Indeed, the Complaint fails to allege service of the Notice with any specificity whatsoever.

### 2.  The Complaint Fails to Allege Service of the Notice by Proper Means

A termination notice is valid and enforceable "only if the lessor has strictly complied with the statutorily mandated requirement for service." *Losornio v. Motta*, 67 Cal. App. 4th 110, 114 (1998). Any notice to terminate pursuant to Section 1161, must be served in the manner prescribed by Section 1162. CCP §1162; *Kwok v. Bergren*, 130 Cal. Appl. 3d 596, 600 (1982). Section 1162 requires service of a termination notice to be made by personal delivery. CCP §1162(1); *see Lievovich v. Shahrokhkhany*, 56 Cal. App. 4th 511, 516 (1997) (absent admission of receipt, mail service even by certified mail not equivalent to personal delivery).

The Lease does not provide for service of a termination notice by any particular means, and therefore the manner of service is therefore still governed by statute. *See Folberg*, 104 Cal. App. 3d at 140. As such, in order to state a claim for unlawful detainer, Plaintiff must allege service of the Notice by personal delivery. *Farullo*, 37 Cal. App. 562; CCP §1162. The Complaint fails to allege that the Notice was served by personal delivery and, in fact, fails to allege the manner of service at all. Plaintiff fails to assert the necessary elements of a cause of action for unlawful detainer, and the Complaint should therefore be dismissed. CCP §§1166(a)(5); FRCP 12(b)(6).

### C. Plaintiff's Complaint Is Vague and Uncertain

As set forth in Section B, above, the Complaint fails to state the fact or manner of service of the Notice. In addition, the Complaint is vague and uncertain as to the date of service – if it happened.

Plaintiff alleges that he served the Notice on February 28, 2007. Complaint, ¶7(b). The Notice itself, however, indicates a date of December 22, 2006. Complaint, Ex. 2. According to the March 2002 Amendment, the applicable lease term was set to expire on February 28, 2007, and therefore the Notice should have been served by December 28, 2006. If the Notice were served on February 28, 2007 (as the Complaint alleges), it would be untimely under the Lease. Lease, Complaint, Ex. 1 at ¶7.

Where the pleadings contain inconsistent allegations, the Court need only take as true those allegations that bear most strongly *against* the Plaintiff. *See Durning*, 815 F. 2d at 1267. Accordingly, taking as true the allegation that the Notice was not served sixty days prior to termination of the Lease, the Court must deem the Complaint insufficient as a matter of law, since proper notice is not alleged.

## V. CONCLUSION

Clear Channel respectfully requests that its motion be granted and that Plaintiff's Complaint be dismissed without leave to amend.

DATED: August 8, 2007

REED SMITH LLP

By _____
David S. Reidy
Attorneys for Defendant
CLEAR CHANNEL OUTDOOR, INC.

DOCSSFO-12484701.1

|  |  |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Richard Sipos, Esq. SBC 126982<br>Aiken, Kramer & Cummings, Inc.<br>1111 Broadway<br>Suite 1500<br>Oakland, CA 94607<br>TELEPHONE NO.: 510/834-6800    FAX NO. (Optional): 510/834-9017<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | UD-100<br>**FOR COURT USE ONLY**<br><br>ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>JUN 1 4 2007<br><br>GORDON PARK-LI, Clerk<br>BY: ___JUN P. PANELO___<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS: Room 205<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF: RICHARD TRAVERSO<br><br>DEFENDANT: CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation<br>[X] DOES 1 TO 10 | |
| **COMPLAINT — UNLAWFUL DETAINER***<br>[X] COMPLAINT  [ ] AMENDED COMPLAINT (Amendment Number): | CASE NUMBER:<br>CUD-07-622321 |

**Jurisdiction** (check all that apply):

[ ] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded  [ ] does not exceed $10,000
                 [ ] exceeds $10,000 but does not exceed $25,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint (check all that apply):
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)     [ ] from unlimited to limited

1. PLAINTIFF (name each): RICHARD TRAVERSO

   alleges causes of action against DEFENDANT (name each): CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation

2. a. Plaintiff is   (1) [X] an individual over the age of 18 years.   (4) [ ] a partnership.
                     (2) [ ] a public agency.                          (5) [ ] a corporation.
                     (3) [ ] other (specify):

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   650-660 Bryant Street, San Francisco, CA; County of San Francisco

4. Plaintiff's interest in the premises is   [X] as owner   [ ] other (specify):
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about (date): 1984                 defendant (name each): Foster & Kleiser, as
   predecessor in interest to Defendant Clear Channel Outdoor, Inc.

   (1) agreed to rent the premises as a   [ ] month-to-month tenancy   [X] other tenancy (specify): 5 year term
   (2) agreed to pay rent of $ 300            payable [X] monthly   [ ] other (specify frequency):
   (3) agreed to pay rent on the   [ ] first of the month   [ ] other day (specify):
   b. This [X] written   [ ] oral   agreement was made with
   (1) [ ] plaintiff.                        (3) [X] plaintiff's predecessor in interest.
   (2) [ ] plaintiff's agent.                (4) [ ] other (specify):

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. July 1, 2005] | **COMPLAINT—UNLAWFUL DETAINER**  Legal Solutions | Civil Code, § 1940 et seq.<br>Code of Civil Procedure §§ 425.12, 1166 |

Exhibit 1

| | |
|---|---|
| PLAINTIFF (Name): RICHARD TRAVERSO | CASE NUMBER: |
| DEFENDANT (Name): CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation | |

6. c. [ ] The defendants not named in item 6a are
   (1) [ ] subtenants.
   (2) [ ] assignees.
   (3) [ ] other (specify):

   d. [x] The agreement was later changed as follows (specify): The lease was amended on 2/26/93, 1/23/98 and 3/22/02. The lease was assigned to plaintiff on 2/6/06. The lease termination date, pursuant to the last written amendment, was 2/28/07. Other amendments may exist, but are not in plaintif's possession.
   e. [x] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. [ ] (For residential property) A copy of the written agreement is not attached because (specify reason):
      (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
      (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [x] a. Defendant (name each): CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation

   was served the following notice on the same date and in the same manner:
   (1) [ ] 3-day notice to pay rent or quit            (4) [ ] 3-day notice to perform covenants or quit
   (2) [ ] 30-day notice to quit                       (5) [ ] 3-day notice to quit
   (3) [ ] 60-day notice to quit                       (6) [x] Other (specify): Termination notice
   b. (1) On (date): 2/28/07           the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [ ] The notice included an election of forfeiture.
   e. [x] A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
   f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. [x] The notice in item 7a was served on the defendant named in item 7a as follows:
      (1) [ ] by personally handing a copy to defendant on (date):
      (2) [ ] by leaving a copy with (name or description):
         a person of suitable age and discretion, on (date):           at defendant's
         [ ] residence  [ ] business  AND mailing a copy to defendant at defendant's place of residence on
         (date):                              because defendant cannot be found at defendant's residence or usual place of business.
      (3) [ ] by posting a copy on the premises on (date):           [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on
         (date):
         (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
         (b) [ ] because no person of suitable age or discretion can be found there.
      (4) [ ] (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
      (5) [x] (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.
   b. [ ] (Name):
      was served on behalf of all defendants who signed a joint written rental agreement.
   c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. [ ] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

PLAINTIFF (Name): RICHARD TRAVERSO

DEFENDANT (Name): CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation

CASE NUMBER:

9. [X] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. [ ] At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $
11. [X] The fair rental value of the premises is $ 986.30 per day.
12. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 12.)
13. [ ] A written agreement between the parties provides for attorney fees.
14. [ ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):

Plaintiff has met all applicable requirements of the ordinances.
15. [ ] Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. PLAINTIFF REQUESTS
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. [ ] past-due rent of $
   d. [ ] reasonable attorney fees.
   e. [ ] forfeiture of the agreement.
   f. [X] damages at the rate stated in item 11 from (date): 3/1/07 for each day that defendants remain in possession through entry of judgment.
   g. [ ] statutory damages up to $600 for the conduct alleged in item 12.
   h. [ ] other (specify):

18. [X] Number of pages attached (specify): 8

UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)

19. (Complete in all cases.) An unlawful detainer assistant [ ] did not [ ] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone No.:
d. County of registration:
e. Registration No.:
f. Expires on (date):

Date: June 14, 2007

Richard A. Sipos
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 12, 2007

Richard Traverso
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]    COMPLAINT—UNLAWFUL DETAINER    Page 3 of 3

**Foster & Kleiser**
A METROMEDIA COMPANY

#07-15735

LCF-1 (5-77)

Date_____

1. The undersigned, as Lessor, hereby leases and grants exclusively to Foster and Kleiser, Division of Metromedia, Inc., as Lessee, the property (with free access to and upon same) located in the City of **San Francisco** County of **San Francisco**, State of **California**, described as:

**650-60 Bryant St. (NL 275' E/o 5th St.) (159.82' x 110.58' irreg.)**

**Assessor's Block 3761, Lot 7**

as per map thereof recorded in the Office of the County Recorder of **San Francisco** County, State of **California**, for a term of **Five (5)** years from **May 1,** 19**84**, for the purpose of erecting and maintaining advertising signs thereon, including necessary supporting structures, devices, illumination facilities and connections, service ladders, and other appurtenances thereon.

2. Lessee shall pay to the Lessor rental in the amount of **Three thousand six hundred and no/100** ($**3,600.00**) Dollars per year, payable on a monthly basis. Prior to construction and for the entire period during which no advertising copy is being displayed on the property by Lessee, the rental shall be Ten ($10.00) Dollars.

3. Lessee shall save the Lessor harmless from all damage to persons or property by reason of accidents resulting from the negligent acts of its agents, employees or others employed in the construction, maintenance, repair or removal of its signs on the property.

4. Lessor agrees that he, his tenants, agents, employees, or other persons acting in his or their behalf shall not place or maintain any object on the property or on any neighboring property which would in any way obstruct or impair the view of Lessee's sign structures. If such an obstruction or impairment occurs, the Lessee, without limiting such other remedies as may be available, has the option of requiring the Lessor to remove said obstruction or impairment, or the Lessee may itself remove the obstruction or impairment, charging the cost of said removal to the Lessor, or the Lessee may reduce the rental herein paid to the sum of Five ($5.00) Dollars per year so long as such obstruction or impairment continues.

5. If the view of Lessee's signs is obstructed or impaired in any way, or if the value of such signs is diminished by reason of diversion or reduction of vehicular traffic, or if the use of any such signs is prevented or restricted by law, or if for any reason a building permit for erection or modification of any such signs is refused, the Lessee may immediately, at its option, adjust the rental in direct proportion to the decreased value of the leased premises for advertising purposes resulting from any of the foregoing circumstances, or may terminate the lease and receive adjustment for all rent paid for the unexpired term.

6. If Lessee is prevented by law, or government or military order, or other causes beyond Lessee's control from illuminating its signs, the Lessee may reduce the rental provided by paragraph 2 by one-half (½), with such reduced rental to remain in effect so long as such condition continues to exist.

7. This Lease shall continue in full force and effect for its term and thereafter for subsequent successive like terms unless terminated at the end of such term or any successive like term upon written notice by the Lessor or Lessee served sixty (60) days before the end of such term or subsequent like term, provided that Lessee shall have the right to terminate the Lease at the end of any sixty day period upon written notice to Lessor served not less than sixty (60) days prior to the end of such sixty day period. Lessor shall have the right to terminate the Lease at any time during the period of this Lease if the Lessor is to improve the unimproved property by erecting thereon a permanent private commercial or residential building. Lessee shall remove its signs within sixty (60) days after receipt of a copy of the applicable building permit. The Lessor will, upon giving such notice of building, return to the Lessee all rent paid for the unexpired term plus the total cost of the construction and the removal of Lessee's signs, less 1/180th of such cost for each full month of this Lease prior to the notice of termination. If Lessor fails to commence the erection of the private commercial or residential building within sixty (60) days after Lessee removes its signs, Lessee shall again have the right to occupy the premises and maintain advertising signs subject to the provisions of this Lease. If any portions of the property are not to be utilized for such building, the Lessee has the option to use the remaining portion on the same terms, except that the rent shall be proportionately reduced.

8. It is agreed between the parties that Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease, or after the expiration of this Lease.

9. This Lease shall constitute the sole agreement of the parties relating to the lease of the above described premises. Neither party will be bound by any statements, warranties, or promises, oral or written, unless such statements, warranties or promises are set forth specifically in this Lease.

10. The word "Lessor" as used herein shall include Lessors. This lease is binding upon and inures to the benefit of the heirs, executors, successors, and assigns of Lessee and Lessor.

11. Lessor represents that he is the owner(s) ☒ tenant(s) ☐ other(s) ☐ _____ of the property covered by this Lease and has the authority to execute this Lease. All rents to be paid pursuant to this Lease, and all notices are to be forwarded to the undersigned Lessor at the address noted below the Lessor's signature.

EXECUTED by the Lessor in the presence of _____
who is hereby requested to sign as witness.

ID Number 94-1690361

WITNESS: _____

LESSOR(S) X **Nancy T. Jackman**
Nancy T. Jackman

ACCEPTED: FOSTER AND KLEISER
Division of Metromedia, Inc.
By: _____

Address: **c/o Hogland Bogart & Bertero**
**ATTN Tom Gille**



**ELLER**
MEDIA COMPANY

January 23, 1998

Mr. Brian D. Muller
Harrigan, Weidenmuller Co.
300 Montgomery Street
Suite 660
San Francisco, CA 94104

RE: Lease #15-15735, San Francisco
    650-660 Bryant St. (NL 275' E/O 5th St.)

Dear Mr. Muller:

This letter is in reference to the advertising structure located on the above described property.

Eller Media Company is agreeable to maintaining the monthly rental at $1,750.00, payable monthly, effective March 1, 1997. Effective October 1, 1997, the monthly rental shall increase to $1,900.00, payable monthly. Effective March 1, 1998, the annual rental shall increase to $23,712.00, payable monthly. Effective March 1, 1999, and for each year thereafter, the annual rental shall increase by four percent (4%). The term of this agreement shall be five (5) years. All other terms and conditions of the existing Lease Agreement dated May 1, 1984, shall remain the same.

If this agreement meets with your clients approval, please have the original of this letter signed and returned to this office for processing. The copy is to be for your records.

Please contact me at (510) 835-5900 with any other questions. Thank you for your consideration in this matter.

Sincerely,

David C. Sweeney
Real Estate Manager
Northern California Division

ACCEPTED AND APPROVED:

Brian D. Muller
Nancy T. Jackman's  *Agent*

NORTHERN CALIFORNIA DIVISION
1601 MARITIME STREET, OAKLAND, CALIFORNIA 94607
(510) 835-5900    FAX (510) 835-1024

03/22/02  13:59 FAX 15108349410          Eller Media Co                    ☒001


CLEARCHANNEL
OUTDOOR

March 22, 2002                              SENT VIA FACSIMILE
                                            TRANSMISSION
                                            (415) 434-3603

Mr. Brian D. Muller
Harrigan, Weidenmuller Co.
300 Montgomery St.
Suite 660
San Francisco, CA 94104

RE: Lease #15-15735, San Francisco
    650-660 Bryant St. (NL 275' E/O 5th St.)

Dear Mr. Muller:

This letter is in reference to the advertising structure located on the property described above.

Clear Channel Outdoor is agreeable to increasing the annual rental to $29,700.00, payable monthly, effective March 1, 2002. Effective March 1, 2003, and for each year thereafter, the annual rental shall increase by four percent (4%). The term of this agreement shall be five (5) years. All other terms and conditions of the existing Lease Agreement dated May 1, 1984 shall remain the same.

Should this agreement meet with your client approval, please sign both letters and return one copy to my office for further processing. The copy is to be retained for your records.

Please contact me at (510) 835-5900 should you have any questions. Thank you for your consideration in this matter.

Sincerely,                                  ACCEPTED AND AGREED:

*[signature]*                               *[signature]* Brian D. Muller
David C. Sweeney                            _____
Vice President/Real Estate                  Nancy T Jackman
Northern California Division
                                            as agent for Nancy
                                            T. Jackman

ClearChannel Outdoor

WHEN RECORDED RETURN TO:

Steven J. Cramer, Esq.
Aiken, Kramer & Cummings, Inc.
1111 Broadway, Suite 1500
Oakland, California 94607-4036

CONFORMED COPY
RECORDED AT REQUEST OF
COMMONWEALTH LAND
TITLE COMPANY

AT _____ M.
ON __2/10__ 20_06_
SERIES NO. 2006-I124794
IN San Francisco COUNTY

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

### Assignment of Lessor's Interest in Lease

This Assignment of Lessor's Interest in Lease ("Assignment") is made effective as of the 4th day of February, 2006 by Robert Dreyer and Estol T. Carte, Co-Trustees of the Nancy Tilden Jackman Trust established by Trust Agreement dated November 23, 2004 (collectively, "Assignor") and Richard Traverso ("Assignee").

### Recitals:

Whereas, Assignor is the owner of that certain real estate commonly known as 650 - 660 Bryant Street, in the City and County of San Francisco, legally described on "Exhibit A" attached hereto and made a part hereof (the "Real Estate").

Whereas, Assignor has granted to Assignee an easement in gross across a portion of the Real Estate for purposes of posting, painting, constructing and maintaining signs on the Real Estate, and related purposes (the "Sign Easement").

Whereas, the Real Estate is currently subject to a lease (for purposes of erecting and maintaining signs) dated May 1, 1984 by and between Assignor's predecessor, Nancy T. Jackman, as lessor, and Foster and Kleiser, as lessee, and addenda thereto (collectively, the "Sign Lease"). Clear Channel Outdoor is the current lessee under the Sign Lease. Nancy T. Jackman's interest as lessor under the Sign Lease was previously assigned to Assignor.

Whereas, in connection with the grant of the Sign Easement, Assignor desires to assign to Assignee, and Assignee desires to accept the assignment of, Assignor's interest as lessor in the Sign Lease. The parties acknowledge that Assignee does not hold fee title to the Real Estate.

### Assignment:

For value received, and the agreement of Assignee as set forth below, Assignor hereby assigns and transfers to Assignee all of Assignor's right, title and interest in and to the Sign Lease, and Assignee agrees to and does hereby accept said assignment. Assignee expressly assumes all of Assignor's obligations under the Sign Lease arising after the date of this Assignment.

assumes all of Assignor's obligations under the Sign Lease arising after the date of this Assignment.

WHEREAS, this Assignment has been executed to be effective on the date first written above.

Assignee:

*/s/ Richard Traverso*

RICHARD TRAVERSO

Assignor:

ROBERT DREYER and ESTOL T. CARTE, CO-TRUSTEES OF THE NANCY TILDEN JACKMAN TRUST ESTABLISHED BY TRUST AGREEMENT DATED NOVEMBER 23, 2004

_____
ROBERT DREYER, CO-TRUSTEE

_____
ESTOL T. CARTE, CO-TRUSTEE

2

WHEREAS, this Assignment has been executed to be effective on the date first written above.

Assignee:

_____
RICHARD TRAVERSO

Assignor:

ROBERT DREYER and ESTOL T. CARTE, CO-TRUSTEES OF THE NANCY TILDEN JACKMAN TRUST ESTABLISHED BY TRUST AGREEMENT DATED NOVEMBER 23, 2004

*[signature]* Co-Trustee
ROBERT DREYER, CO-TRUSTEE

*[signature]* TTE
ESTOL T. CARTE, CO-TRUSTEE

2

**RICHARD TRAVERSO**
P.O. Box 368
Belmont, CA 94002
Tel: 415-515-5543
Fax: 650-558-9502

December 22, 2006

*BY FEDERAL EXPRESS*

Bill Hooper
President and General Manager
Clear Channel Outdoor
555 12th Street, Suite 950
Oakland, CA 94607

Re:   Lease No. 15-15735, San Francisco
      650-660 Bryant St. (NL 275' E/O 5th St.)

Dear Bill:

Hello. Pursuant to lease no. 15-15735, and addenda to that lease, this is 60 days' written notice that the lease is terminated as of February 28, 2007.

Let's get together soon to talk about new lease terms.

Happy holidays.

Sincerely,

Richard Traverso

| | SUM-130 |
|---|---|
| **SUMMONS**<br>**(CITACION JUDICIAL)**<br>**UNLAWFUL DETAINER—EVICTION**<br>**(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)** | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,
and Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD TRAVERSO

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

  *Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   San Francisco Superior Court
   400 McAllister Street
   Room 205
   San Francisco, CA 94102

   CASE NUMBER: CUD-07-622321
   *(Número del Caso):*

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Richard A. Sipos  SBN: 126982          510/834-6800
   Aiken, Kramer & Cummings, Inc.         510/834-9017
   1111 Broadway
   Oakland, CA 94607

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–5415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: JUN 14 2007     Gordon Park-Li     Clerk, by _____Jun Panelo_____, Deputy
*(Fecha)*                                 *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [X] on behalf of *(specify):* Clear Channel Outdoor, Inc., A Delaware Corporation
      under: [X] CCP 416.10 (corporation)           [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)              [ ] other *(specify):*

5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2004]     **SUMMONS—UNLAWFUL DETAINER—EVICTION**     Legal Solutions Plus     Code of Civil Procedure §§ 412.20, 415.456, 1167

Exhibit B

SUM-130

| PLAINTIFF (Name): RICHARD TRAVERSO | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advise for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and ZIP:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)*: