1   Matthew F. Graham, State Bar No. 95194
    Richard A. Sipos, State Bar No. 126982
2   Garret D. Murai, State Bar No. 215667
    **AIKEN, KRAMER & CUMMINGS, INC.**
3   1111 Broadway, Suite 1500
    Oakland, California 94607
4   Telephone: (510) 834-6800
    Facsimile: (510) 834-9017
5   E-mail: gmurai@akclawfirm.com

6   Attorneys for Plaintiff
    RICHARD TRAVERSO
7

8                  **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10

11  RICHARD TRAVERSO,                          Case No. C07-3629 MJJ

12          Plaintiff,                         **OPPOSITION TO MOTION TO DISMISS
                                               UNLAWFUL DETAINER COMPLAINT
13      vs.                                    OF PLAINTIFF RICHARD TRAVERSO;
                                               REQUEST FOR ORDER TO SHOW TO
14  CLEAR CHANNEL OUTDOOR, INC.; and           CAUSE WHY DEFENDANT AND ITS
    DOES 1 through 10, inclusive,              ATTORNEYS SHOULD NOT BE
15                                             SANCTIONED PURSUANT TO
            Defendants.                        FEDERAL RULES OF CIVIL
16                                             PROCEDURE, RULE 11

17                                             **Date:**      October 2, 2007
                                               **Time:**      9:30 a.m.
18                                             **Courtroom:**  11
                                               **Judge:**     Martin J. Jenkins
19
                                               Action Removed: July 13, 2007
20                                             Trial Date:     None

21          Plaintiff RICHARD TRAVERSO respectfully submits the following Opposition:

22                          **I.    INTRODUCTION**

23          This is an unlawful detainer action for the termination of a commercial lease.  Plaintiff

24  RICHARD TRAVERSO is an assignee-lessor[1] and Defendant CLEAR CHANNEL OUTDOOR,

25  INC. is an assignee-lessee under a commercial lease agreement effective May 1, 1984 ("Lease").

26  Complaint, Ex. 1.  The Lease is for use of billboard space located between 650-660 Bryant Street

27  _____

28  [1] Plaintiff was assigned the lease on February 6, 2006.  *See* Assignment of Lessor's Interest in Lease attached as
    Exhibit 1 to Plaintiff's complaint.  Plaintiff's complaint is in turn attached as Exhibit 1 to Defendant's Motion to
    Dismiss Unlawful Detainer Complaint of Plaintiff Richard Traverso filed August 8, 2007 [hereinafter "Motion"].

                                               1

AIKEN, KRAMER & CUMMINGS
INCORPORATED

1    in San Francisco, California. *Id.* The fair market value of the billboard space has risen

2    dramatically over the past 20 years. Defendant knows this. Hence, Defendant's refusal to

3    relinquish possession of the billboard space or pay fair market value.

4        Defendant's Motion, filed after its removal of this action from state to federal court,

5    makes two contentions: (1) that Plaintiff's complaint does not allege service of a notice of

6    termination or proper service of such a notice; and (2) that the complaint and the exhibits thereto

7    contain contrary allegations regarding the date of service of the notice of termination.

8        As discussed below, Defendant's contentions are without merit and its motion should be

9    denied. First, Plaintiff's complaint is on Judicial Council form UD-100 and, pursuant to Code of

10   Civil Procedure section 1166(a)(5), use of such a form is sufficient to allege the method of

11   serving of a notice of termination. Second, Defendant misrepresents the allegations of the

12   complaint. The complaint's reference to February 28, 2007, refers to date in which the Lease

13   expired, not the date in which the notice of termination was served. Finally, Plaintiff requests

14   that Defendant and its attorneys be ordered to show cause why they should not be sanctioned

15   pursuant to Federal Rules of Civil Procedure, Rule 11.

16   ## II.    DISCUSSION

17      **A.    Plaintiff's Complaint Properly Alleges that a Notice of Termination was
     Served and the Method of Service of Such Notice Pursuant to Code of Civil**

18   **Procedure Section 1166(a)(5)**

19       Defendant's first contention is that Plaintiff's complaint fails to properly allege that a

20   notice of termination was served (Motion at IV.B.1) and the method of service of such notice

21   (Motion at IV.B.2). According to Defendant, the complaint fails to comply with Code of Civil

22   Procedure section 1166(a)(5) because it does not "[s]tate specifically the method used to serve

23   the defendant with the notice or notices of termination upon which the complaint is based."

24   Motion at 3:20-21 (quoting Code of Civ. Proc. §1166(a)(5)). Defendant, however, fails to quote

25   the section in full. Section 1166(a)(5), fully quoted, provides as follows:

26       The complaint shall . . . (5) State specifically the method used to serve the
     defendant with the notice or notices of termination upon which the complaint is

27       based. **This requirement may be satisfied by using and completing all items
     relating to service of the notice or notices in an appropriate Judicial Council**

28       **form complaint,** or by attaching a proof of service the notice or notices of
     termination served on the defendant. (emphasis added).

1    Here, Plaintiff's complaint is on "an appropriate Judicial Council form complaint" –

2    Judicial Council Form UD-100. Motion, Ex. 1. Section 8.a. of UD-100 sets forth the method of

3    service of a notice of termination.    Plaintiff marked check box 8.a.(5) which applies to

4    commercial leases. *Id.* This was the proper check box to mark since none of the other check

5    boxes for personal service (8.a.(1)), substituted service (8.a.(2)), service by posting (8.a.(3)), or

6    service by certified or registered mail (8.a.(4)) applied.    As such, Plaintiff's complaint is,

7    contrary to Defendant's contention, in full compliance with Section 1166(a)(5).

8    Moreover, Defendant's contention that the Lease does not specify the manner in which

9    notices of termination are to be served, and that it is unclear whether the notice of termination

10   which it received was in fact served "By Federal Express", is simply beyond absurd. The notice

11   of termination was served by Federal Express (Motion, Ex. 1 (Ex. 2 of Complaint), Defendant

12   does not deny having received the notice of termination, and the notice of termination was served

13   70 days before the end of the lease term when the Lease only required 60 days notice (Motion,

14   Ex. 1 (Ex. 1 of Complaint).

15   Finally, Defendant's contention that the notice of termination **had** to be served by

16   personal service is incorrect.  Code of Civil Procedure section 1162 provides that "notices

17   required by Sections 1161 and 1161a **may** be served . . . ." by, among other methods of service,

18   personal delivery.  Thus, Code of Civil Procedure section 1161(1), which applies to situations

19   where a tenant continues in possession after the expiration of a lease term, does not require that a

20   landlord serve a notice of termination by personally delivering it to the tenant.  In fact, Section

21   1161(1) does not require that a tenant be served with any notice at all.  *Compare* Code of Civ.

22   Proc. §§1161(2) through (4) (requiring that notice be given).

23   As explained in *Ryland v. Applbaum* (1924) 70 Cal.App. 268, 270:

24   It is well established that it is the duty of the tenant as soon as his tenancy expires
     by its own limitations, to surrender the possession of the premises and that **no**
25   **notice of termination is necessary**, the lease itself terminating the tenancy; and if
     he continues possession beyond that period without the permission of the
26   landlord, he is guilty of unlawful detainer, and an action may be commenced
     against him at once, under the provisions of subdivision 1 of section 1161 of the
27   Code of Civil Procedure, **without service upon him of any notice**. (emphasis
     added).
28

*AIKEN, KRAMER & CUMMINGS*
*INCORPORATED*

3

1       *See also* CEB, CALIFORNIA LANDLORD-TENANT PRACTICE §8.82 (2nd ed., Feb.
2   2007 Update) ("In jurisdictions without rent control,[2] the lessor may file an
unlawful detainer action **without serving any notice whatsoever**, when the lease
3   provides for a fixed-term tenancy, the term has expired, and the tenant holds over
without permissions" (citing Code of Civ. Proc. §1161(1)) (emphasis added)).

4       **B.    Plaintiff's Complaint is Neither Vague Nor Uncertain As to the Date of
5       Service**

6       Defendant's second contention is that Plaintiff's complaint is vague and uncertain

7   regarding the date of service.  Motion at IV.C.  According to Defendant, the complaint alleges

8   that the notice of termination was served on February 28, 2007 when the notice of termination

9   attached to the complaint indicates that it was served on December 22, 2006.  Motion at 5:5-6.

10  Defendant misrepresents the allegations of the complaint.  Section 7.a. of UD-100 sets forth the

11  type of notice of termination sent.  Plaintiff marked check box 7.a.(6), "Other (specify):", and

12  indicated that Defendant was served a "Termination notice."  Section 7.b.(1), on the other hand,

13  is a different subsection, and sets forth the date in which the period stated in the notice of

14  termination expires **not** the date that it was served.  Plaintiff indicated that this date was February

15  28, 2007, which is correct, because by its terms, the Lease terminates at the end of that day.

16      **C.    Defendant and its Attorneys Should be Ordered to Show Cause Why they
17      Should Not be Sanctioned Pursuant to Rule 11**

18      Defendant and its attorneys should be sanctioned for filing this frivolous motion pursuant

19  to Federal Rules of Civil Procedure, Rule 11.  Rule 11(b) provides as follows:

20      By presenting to the court (whether by signing, filing, submitting or later
advocating) a pleading, written motion, or other paper, an attorney or
21  unrepresented party is certifying to the best of the person's knowledge,
information, and belief, formed after an inquiry reasonable under the
22  circumstances, –

23      (1)    it is not being presented for any improper purpose, such as to harass or
cause unnecessary delay or needless increase in the cost of litigation;
24

25      (2)    the claims, defenses, and other legal contentions therein are warranted by
existing law or by a nonfrivolous argument for the extension,
26  modification, or reversal of existing law or the establishment of a new
law;

27

28

---

[2] San Francisco's rent control ordinance is not applicable to commercial leases.

4

OPPOSITION TO MOTION TO DISMISS

AIKEN, KRAMER & CUMMINGS
INCORPORATED

1        (3)      the allegations and other factual contentions have evidentiary support or, if
2                   specifically, so identified, are likely to have evidentiary support after a
                   reasonable opportunity for further investigation or discovery; or

3        (4)      the denials of factual contentions are warranted on the evidence or, if
4                   specifically so identified, are reasonably based on lack of information of
                   belief.

Rule 11(c) provides in turn that the Court "[o]n its own initiative . . . may enter an order describing the specific conduct that appears to violate subdivision (b) and directing the attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."

Good cause exists for this Court to enter an order to show cause why Defendant and its attorneys should not be sanctioned for violating Rule 11(b). First, Defendant has purposely misrepresented the law when it contends that Plaintiff has violated Code of Civil Procedure section 1166(a)(5) by only quoting a portion of that section. When read in full, it is clear that the requirements of that section have been satisfied by Plaintiff whose complaint was filed on Judicial Council Form UD-100.

Second, Defendant again purposely misrepresented the law when it contends that Plaintiff's notice of termination had to be served by personal delivery. Code of Civil Procedure section 1161(1), the section applicable to situations where a tenant holds over, does not require that notice be sent by personal delivery or that any notice be sent at all. Not only does Section 1161(1) not contain any notice requirement, the fact that no notice at all is required, is confirmed by case law and well-respected treatises on landlord-tenant law.

Third, Defendant's contention that Plaintiff's complaint and the exhibits attached thereto are contradictory in regard to the date in which the notice of termination was served is clearly frivolous. Defendant raised this identical issue in state court by demurrer. In Plaintiff's opposition to the demurrer, Plaintiff pointed out to Defendant that it had misinterpreted the allegations of the complaint. A true and correct copy of Plaintiff's opposition to the demurrer is attached. Nevertheless, despite having been previously notified of this error, Defendant now raises the same now clearly-frivolous argument in this motion.

Finally, Defendant's motion, while characterized as a motion to dismiss, is more properly a motion for more definite statement pursuant to Federal Rules of Civil Procedure, Rule 12(e),

AIKEN, KRAMER & CUMMINGS
INCORPORATED

OPPOSITION TO MOTION TO DISMISS
L:\TRAVE\7\Pleadings\Mtn. to Dismiss Opp..doc

1   since Defendant's contentions only allege ambiguities in the complaint: (1) that Plaintiff's

2   complaint does not allege service of a notice of termination or proper service of such a notice;

3   and (2) that the complaint and the exhibits thereto contain contrary allegations regarding the date

4   of service of the notice of termination.    Nevertheless, Defendant chose, rather than filing a

5   motion for more definite statement, which would have allowed Plaintiff to amend his complaint,

6   to file a motion to dismiss in an attempt to have the complaint dismissed in its entirety.

7          Under state law unlawful detainer actions are intended to be expedited proceedings.  This

8   action has, to date, been far from expedited.  Instead, Defendant, the largest outdoor advertising

9   company in the world, and a subsidiary of Clear Channel Communications, Inc., the largest radio

10  station operator in the United States, has chosen to file this frivolous motion for the improper

11  purpose of harassing and causing unnecessary delay and needless increase in the cost of litigation

12  for Plaintiff.   As discussed above, the claims, defenses, and other legal contentions made by

13  Defendant are clearly not supported by existing law, Defendant's allegations and other factual

14  contentions lack evidentiary support, and Defendant's denials and factual contentions are not

15  warranted on the evidence.

16         In short, there is a difference between zealous advocacy and advocacy which stretches the

17  truth to the point where advocacy has no basis in truth whatsoever.  Defendant has crossed that

18  line.

19                                  **III.    CONCLUSION**

20         For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to

21  Dismiss be denied and that the Court enter an order to show cause why Defendant and its

22  attorneys should not be sanctioned pursuant to Federal Rules of Civil Procedure, Rule 11.

23  Dated: September ⅱ, 2007              **AIKEN, KRAMER & CUMMINGS, INC.**

24

25                                        By _____

26                                            Garret D. Murai
                                            Attorneys for Plaintiff
27                                          RICHARD TRAVERSO

28

OPPOSITION TO MOTION TO DISMISS
L:\TRAVE\7\Pleadings\Mtn. to Dismiss Opp..doc

**Exhibit A**

1  Matthew F. Graham, State Bar No. 095194
   Richard A. Sipos, State Bar No. 126982
2  **AIKEN, KRAMER & CUMMINGS, INC.**
   1111 Broadway, Suite 1500
3  Oakland, California 94607
   Telephone: (510) 834-6800
4  Facsimile: (510) 834-9017
   E-mail: mgraham@akclawfirm.com
5          rsipos@akclawfirm.com

6  Attorneys for Defendant
   **RICHARD TRAVERSO**

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SAN FRANCISCO

10  RICHARD TRAVERSO, an individual        )    Case No. CUD-07-622321
                                           )
11                Plaintiff,               )    **OPPOSITION TO DEMURRER OF**
                                           )    **DEFENDANT CLEAR CHANNEL**
12         vs.                             )    **OUTDOOR, INC. TO THE UNLAWFUL**
                                           )    **DETAINER COMPLAINT OF**
13  CLEAR CHANNEL OUTDOOR, INC.            )    **PLAINTIFF RICHARD TRAVERSO**
    corporation and DOES 1 through 10,     )
14  inclusive,                             )    DATE: July 25, 2007
                                           )    TIME: 9:30 a.m.
15                                         )    DEPT.: 301
                                           )
16                Defendants.              )    Honorable Peter Busch
                                           )
17  _____   )

18                                              Complaint Filed: June 14, 2007

19  I.    **INTRODUCTION**

20         The commercial lease in question is a billboard location in downtown San Francisco.

21  The written lease, as amended by letter agreements between the parties' predecessors, provided

22  for a new five year term to commence on February 28, 2007, unless written notice from either

23  party to the other terminating the lease was served sixty (60) days prior thereto.  On December

24  22, 2007, Lessor timely served such written notice by overnight delivery to Lessee terminating

25  the lease as of February 28, 2007.  Lessee has refused to turn over the premises, and Lessor has

26  brought this action in unlawful detainer.  Defendant Lessee has raised two grounds for demurrer

27  as follows:

28         (a)    failure to state facts sufficient to state a cause of action (Code Civ. Proc.,

                                            1

1  §430.10(e)) for failing to allege "proper service" of the termination notice; and

2      (b)    uncertainty (Code Civ. Proc., §430.10(f)) in that the date of notice alleged in the

3  complaint varies from the date of the notice attached as an exhibit to the complaint.

4  Both of these grounds are incorrect.

5      As to the first, Lessee confuses the service of a notice of election to terminate a lease as

6  provided for under a written lease agreement with a statutory notice required by Civil Code of

7  Procedure sections 1161 and 1162 in some (but not this) unlawful detainer actions. No CCP

8  §1161 notice (which requires personal service) was required herein because Lessee is a tenant

9  holding over the express term of the written lease agreement. (CCP §1161(1)) The terms of the

10 written lease provide that termination of the lease will occur "...upon written notice of the Lessor

11 or Lessee served sixty (60) days before the end of such term...." Lessor's allegation herein that

12 such notice was served in compliance with the terms of the written commercial lease is sufficient

13 to withstand demurrer.

14     As to the second grounds (uncertainty), there is no contradiction in the dates alleged.

15 Lessee has simply misread the allegations of the complaint.

16 **II.    ALLEGATIONS OF THE COMPLAINT**

17     Lessor's complaint alleges the following facts for a cause of action in unlawful detainer:

18     1.  Plaintiff is the Lessor of the billboard location. (¶ 1 and 2.)

19     2.  Defendant Clear Channel Outdoor, Inc. remains in possession of the billboard

20         location and was the Lessee (as the successor Lessee of the billboard location under a

21         written lease executed in 1984 which was extended various times).

22     3.  The written lease provides that it will expire "...upon written notice by the Lessor or

23         Lessee served sixty (60) days before the end of such term...." (Exhibit 1 to complaint,

24         referenced at ¶ 6(e) of complaint.)

25     4.  The sixty (60) days notice as required by the written terms of the lease was timely

26         served on the Lessee in the manner specified in the lease. (Complaint, ¶ 8.a(5).)

27     5.  The lease termination date was February 28, 2007. (Complaint, ¶ 6.d.)

28     6.  The lease has expired and Lessor demands possession. (Complaint, ¶ 9.)

AIKEN, KRAMER & CUMMINGS
INCORPORATED

2

1  These allegations (pleaded pursuant to a form complaint approved by the Judicial Council) meet

2  the pleading requirements of CCP §1166 for an action in unlawful detainer.

3  **III.    LEGAL ARGUMENT**

4      **A.    Plaintiff's demurrer for failure to state facts sufficient to constitute a cause of**

5          **action is legally incorrect.**

6          **1.  No statutory notice was required in this unlawful detainer.**

7      Defendant Lessee argues that the complaint fails to allege that the "notice" was

8  personally served pursuant to CCP §1162.  This is an incorrect statement of law as no CCP

9  §1162 notice was required in this situation.  CCP §1162 requires personal service of "[T]he

10  notices required by §§1161 and 1161a...."  Sections 1161(2) - 1161(5), which require statutory

11  notice to the tenant, pertain to specific default situations and are not applicable to our situation.

12  Section 1161a relates solely to the termination of commercial leases for failure to pay rent, and is

13  also inapplicable to our situation.  It is §1161(1) which specifically pertains to our situation.

14  Under this section a lessee continuing in possession "...after the expiration of a term for which it

15  is let to him or her, provided the expiration is of a non default nature however brought about

16  without the permission of his or her landlord..." is not entitled to any statutory notification for an

17  unlawful detainer to exist.  *Ryland v. Applbaum* (1924) 70 Cal.App. 268, 270.  In the Ryland

18  case the court states:

19          "It is well established that it is the duty of the tenant as

20          soon as his tenancy expires by its own limitations, to
        surrender the possession of the premises and that no notice

21          of termination is necessary, the lease itself terminating the
        tenancy; and if he continues possession beyond that period

22          without the permission of the landlord, he is guilty of
        unlawful detainer, and an action may be commenced

23          against him at once, under the provisions of subdivision 1

24          of section 1161 of the Code of Civil Procedure, without the
        service upon him of any notice."

25

26      CEB's, *California Landlord-Tenant Practice* citing CCP §1161(1) confirms this:

27

28

AIKEN, KRAMER & CUMMINGS
INCORPORATED

"In jurisdictions without rent control[1], the lessor may file an unlawful detainer action <u>without serving any notice whatsoever</u>, when the lease provides for a fixed term tenancy, the term has expired, and the tenant holds over without permission." (at § 8.82, vol. 1, p. 805, emphasis added.)

Defendant Lessee seems to have confused the requirement of personal service of a CCP §1161 notice with the sixty (60) day termination notice provided for under the terms of the written lease. Defendant states in argument, "Section 1162 requires service of a termination notice to be made by personal delivery .... The Lease does not provide for service of a termination notice by any particular means, and therefore the manner of service is therefore still governed by statute."[2] (Memorandum of Points and Authorities, p. 4:6-10.) Defendant ignores the very language of §1162 cited above, that its requirement of personal service only applies to notices "required" by §1161. The two cases cited by Defendant further illustrate this point. In _Folberg v. Clara G.R. Kinney Company_ (1980) 104 Cal. App.3d 136 the court was dealing specifically with a 3 day notice required pursuant to §1161(2) due to a Lessee's default (failure to pay rent/assessments).[3] _Folberg_, at page 139. Similarly in _Zucco v. Farullo_ (1918) 37 Cal. App. 562 the court dealt with the issue of the statutorily required (then CCP §1167) 3 day notice based on the tenant's default under the lease. Both of these cases cited by Defendant concern the statutorily required notice defined in §1161 necessary to create an unlawful detainer in a default situation. Neither case concerns a situation like ours, where a tenant simply holds over past his expired term, which pursuant to §1161(1) does not require any statutory notice.

Service of the termination notice provided for in the body of the lease is not governed by statute. The lease provides that the termination notice is "to be <u>served</u> sixty (60) days before the expiration of the term...." (emphasis added.) The lease does not require personal delivery of the

---

[1] San Francisco's rent control ordinance is not applicable to commercial leases.

[2] It is interesting that defendant has substituted the term "personal <u>delivery</u>" for "personal service". As discussed later in this brief, personal delivery is not the only means of accomplishing personal service pursuant to CCP §1162; it is well established that a mailing or express delivery that is acknowledged received constitutes "personal service" under CCP §1162.

[3] This appellate court actually overturned the trial court's finding of inadequate notice.

4

**OPPOSITION TO DEMURRER OF DEFENDANT CLEAR CHANNEL OUTDOOR, INC.**

1  notice. The word "serve" is defined by Webster 20th Century Dictionary, as follows: "15. To

2  deliver (a legal instrument)." Delivery by Federal Express is a fully acceptable means of service

3  under California Law. CCP §1013(c). Defendant's position that the complaint must allege that

4  the notice was delivered personally is incorrect.

5       **2. Even if statutory notice was required, Plaintiff's pleading is sufficient**

6           **to withstand demurrer.**

7       For purposes of demurrer, Plaintiff's allegation that service was accomplished "...in the

8  manner specified in the written commercial lease between the parties" (Complaint, ¶ 8.a(5))

9  alleges the ultimate fact of service which is sufficient to withstand demurrer.  *Cowell v. A. W.*

10  *Linforth* (1909) 10 Cal.App. 3, 4. Overruling a Lessee's demurrer based on inadequate

11  allegation of service of notice, the court states,

12          "The sole point made by appellant is that the special demurrer to
          the plaintiff's complaint should have been sustained, for the
13          alleged reason that the complaint does not show the manner in
          which the service of the notice was made...[¶] The allegation in the
14          complaint is, "that on the fifteenth day of January, 1908, a notice
15          in writing requiring the payment of the rent due under said lease,
          stating the amount then due thereunder, to wit, $2,700.00, or
16          possession of the property hereinbefore, described, was served
          upon the defendants A. W. Linforth, Monarch Investment
17          Company, a corporation...." It is further alleged that a copy of the
18          notice served is annexed to the complaint, marked "Exhibit A,"
          and made a part thereof... It was only necessary for the plaintiff to
19          allege that she served notice in writing upon defendant, or that
20          notice in writing was served upon defendant, ...the plaintiff was
          only required to allege the ultimate fact, to wit, that she did serve
21          notice. The evidence of course, in such case would have to show
22          that notice had been served, but it was not necessary to inform the
          defendant minutely as to every detail of the manner in which the
23          notice was served." (emphasis added.)

24       Thus, even if a statutory notice was required, there is no requirement that the actual

25  manner of service must be pled. Indeed, in the absence of "personal service", actual service is

26  sufficient to comply with the personal service requirement of §1162. *Wilcox v. Anderson* (1978)

27  84 Cal. App. 3d 593, 596. In *University of So. Cal. v. Weiss* (1962) 208 Cal. App. 2d 759, the

28  court, regarding what constitutes personal service under §1162, states:

AIKEN, KRAMER & CUMMINGS
INCORPORATED

5

OPPOSITION TO DEMURRER OF DEFENDANT CLEAR CHANNEL OUTDOOR, INC.

> "One method of serving such notice, as provided in said section 1162, is by delivering a copy (of the notice) to the tenant personally. (Two other methods are provided therein, but those methods are not applicable herein.) In the present case the copy of the notice was not delivered to Isacsohn personally by plaintiff's attorney, but it was mailed to him and he admitted that he received it. <u>This method of serving the notice was a sufficient compliance with the provision in said section 1162 as to personal service.</u>" (emphasis added.)

This court further quotes the California Supreme Court's holding in *Colyear v. Tobriner* (1936) 7 Cal.2d 735, 743, that "...personal service may be made through the instrumentality of the mails. The Post Office Department <u>as well as any other type of messenger</u>, may be used to effect service." (emphasis added.) Since service by mail or messenger would satisfy §1162, it would not make sense to require a plaintiff to plead that the notice was personally delivered to the Lessee.

**B.    Defendant Lessee's demurrer for uncertainty is based on their incorrect reading of the complaint and must fail.**

Defendant's demurrer for uncertainty is based on its incorrect reading of the complaint, to wit, "Plaintiff alleges that he served the notice on February 28, 2007. Complaint, paragraph 7(b)." (Defendant's Memorandum of Points of Authorities, p. 4:20.) Paragraph 7(b) of the complaint actually reads, "On 2/28/07  the period stated in the notice expired at the end of the day." Contrary to Defendant's assertion, this paragraph does not allege that the termination notice was served on February 28, but rather alleges that pursuant to the notice, the lease expired on the 28th. The actual notice is attached as Exhibit 2 to the complaint, and bears a date of December 22, 2006. Again, Plaintiff has sufficiently alleged the ultimate fact that the termination notice was served in accordance with the terms of the written lease (Complaint, ¶ 8.a(5)) which is sufficient to withstand demurrer. *Cowell v. A. W. Linforth*, *ibid*.

**IV.    CONCLUSION**

Plaintiff has sufficiently stated a cause of action for unlawful detainer. A termination notice pursuant to the written lease was timely served on Defendant as provided for by the terms of the lease. No §1162 personal service of a §1161 notice was required. Defendant's demurrer should be overruled.

6

---

**OPPOSITION TO DEMURRER OF DEFENDANT CLEAR CHANNEL OUTDOOR, INC.**

1

2   Dated: July 12, 2007                    **AIKEN, KRAMER & CUMMINGS, INC.**

3

4

5                                     By _____

6                                       Matthew F. Graham
                                       Attorneys for Defendant

7                                       **RICHARD TRAVERSO**

8   L:\TRAVE\7\Opp to Demurrer.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO DEMURRER OF DEFENDANT CLEAR CHANNEL OUTDOOR, INC.

1                                      **PROOF OF SERVICE**

2    STATE OF CALIFORNIA        }
                                 }  ss.
3    COUNTY OF ALAMEDA          }

4          I, the undersigned, state that I am a citizen of the United States and employed in the City of
     Oakland, County of Alameda, State of California, in the office of a member of the bar of this court, at
5    whose direction the service was made; that I am over the age of eighteen years and not a party to the
     within action; that my business address is 1111 Broadway, Suite 1500, Oakland, California 94607.
6    On the date set forth below, I served the following document described as: **OPPOSITION TO
     DEMURRER OF DEFENDANT CLEAR CHANNEL OUTDOOR, INC. TO THE
7    UNLAWFUL DETAINER COMPLAINT OF PLAINTIFF RICHARD TRAVERSO**

8    as follows to the address(es) set forth below

9     X     I am familiar with my business' practice for collection and processing of correspondence for
            mailing with the United States Postal Service.  I placed a copy of the document described in a
10          sealed envelope and caused such envelope with First Class postage thereon fully prepaid to be
            deposited in the United States mail at Oakland, Alameda County, California.
11

12    ____   I placed a copy of the document described in a sealed envelope personally delivered the
             document.

13    ____   I placed a copy of the document described in a sealed envelope and caused document to be
             hand delivered by arranging for a commercial messenger delivery this date during Code of
14           Civil Procedure defined business hours.

15    ____   I personally faxed or caused the faxing of the document to the facsimile number set forth
             below along with the address relevant thereto.
16

17    ____   I placed a copy of the document described in a sealed "Federal Express" envelope with a
             "Federal Express Airbill" attached with the address relevant thereto.

18   Scott D. Baker
     Jonah D. Mitchell
19   REED SMITH LLP
     Two Embarcadero Center, Suite 2000
20   San Francisco, CA 94111-3922
     Tel: 415/543-8700
21   Fax: 415/391-8269

22          I declare under penalty of perjury under the laws of the State of California that the foregoing

23   is true and correct.

24
     Date: July 12, 2007                        _____
25                                                          Karen Kornfeld
     L:\ACU\Pleadings\POS.doc
26

27

28

**PROOF OF SERVICE**

Re:  *Traverso v. Clear Channel Outdoor, Inc., et al.*
     Case No.: C07-3629 MJJ

    I, the undersigned, state that I am a citizen of the United States and employed in the City of Oakland, County of Alameda, State of California, in the office of a member of the bar of this court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 1111 Broadway, Suite 1500, Oakland, California 94607.

    On the date set forth below, I served the following document described as:

**OPPOSITION TO MOTION TO DISMISS UNLAWFUL DETAINER COMPLAINT OF PLAINTIFF RICHARD TRAVERSO; REQUEST FOR ORDER TO SHOW TO CAUSE WHY DEFENDANT AND ITS ATTORNEYS SHOULD NOT BE SANCTIONED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 11**

as follows to the address(es) set forth below:

Scott D. Baker
Jonah D. Mitchell
David S. Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Tel: 415/543-8700
Fax: 415/391-8269

☒    **BY E-FILING:** via the court-mandated e-filing service.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 11, 2007

                                     Renee A. Ricasata

L:\TRAVE\7\Pleadings\POS_RR_e-filing.doc