Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
Jonah D. Mitchell (SBN 203511)
Email: jmitchell@reedsmith.com
David S. Reidy (SBN 225904)
Email: dreidy@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   415.543.8700
Facsimile:   415.391.8269

Attorneys for Defendant
CLEAR CHANNEL OUTDOOR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TRAVERSO,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CLEAR CHANNEL OUTDOOR, INC., and DOES 1 – 10,<br><br>                    Defendants. | Case No.: C07-3629 MJJ<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNLAWFUL DETAINER COMPLAINT OF PLAINTIFF RICHARD TRAVERSO**<br><br>Date:          October 2, 2007<br>Time:         9:30 a.m.<br>Courtroom: 11 (19th Floor)<br><br>**HON. MARTIN J. JENKINS** |

### REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Clear Channel Outdoor, Inc. ("Clear Channel") submits this reply memorandum of points and authorities in support of its motion to dismiss.

///

### A. Notice of Termination of the Lease Must be Served Personally

In California, unlawful detainer statutes must be strictly interpreted and applied. *WDT-Winchester v. Nillson*, 27 Cal. App. 4th 516, 520 (1994). Here, Plaintiff elected to sue for unlawful detainer as opposed to an ordinary breach of the Lease claim. As a result, Plaintiff is held to a higher standard with respect to his pleading and service requirements, a standard which Plaintiff failed to meet.

Plaintiff alleges that he served the Notice "in the manner specified in [the Lease]."[1] Complaint, ¶8.a(5). Ordinarily, parties to a commercial lease may agree upon notice requirements other than those set forth by the statutes, but any waiver of such statutory rights must be *expressly* agreed to by the parties. *See Folberg v. Clara G. R. Kinney Company, Inc.*, 104 Cal. App. 3d 136, 139-140 (1980). Here, however, the Lease does not specify a particular manner of service, and Clear Channel therefore did not waive its statutory rights. *See* Complaint, Ex. 1 at ¶7.

In the absence of an agreement to the contrary, Section 1162[2] mandates *personal service* of the Notice. The statutory requirement must be strictly applied *and* pleaded with specificity. *Folberg*, 104 Cal. App. 3d at 140; *Nillson*, 27 Cal. App. 4th at 520; §1166(a). Plaintiff argues in his Opposition that, pursuant to Section 1161(1), no notice was required because Clear Channel continued in possession after expiration of the term of the Lease. *See* Opp. at II.A. By its own terms, however, the Lease does not expire automatically. Rather, the parties agreed to automatic term extensions unless the Lease was properly terminated. *See* Lease, Complaint, Ex. 1 at ¶7. Plaintiff's attempt to rely on Section 1161(1) assumes that the Lease term had *already expired* and, on that basis, that no notice was required. But this is a circular argument since proper service of the Notice is a *condition* of termination under the express terms of the Lease; if no notice is served, the Lease automatically renews for a further five year term.

---

[1] Plaintiff's argument that he properly alleged the manner of service of the notice of termination is also misguided. Plaintiff contends that he met his pleading obligation by checking the box under Judicial Council Form 8.a.(5) for service "in the manner specified in a written commercial lease between the parties." The Lease, however, does not set forth a manner for service and therefore this allegation is inconsistent with the Lease attached to the Complaint, and, in turn, does not meet the requisite level of specificity.

[2] All statutory references are to the California Code of Civil Procedure, unless otherwise specified.

Accordingly, Plaintiff cannot avail himself of the benefits of Section 1161(1), and is instead bound by the notice requirements of Section 1162. While Plaintiff suggests that personal service is not *necessarily* required under that provision, the alternative methods of service by mail and delivery [Section 1162.2], or affixing the notice at the property [Section 1162.3], may only be used if the tenant is not present at the location, or if the tenant's place of business cannot be located. *See* §1162. Plaintiff makes no such allegations here, and the personal service requirements of Section 1162.1 clearly apply.

Where a Complaint fails to allege the fact of service of the required notice to terminate, the Complaint fails to state a cause of action for unlawful detainer. *Zucco v. Farullo*, 37 Cal. App. 562 (1918). Here, Plaintiff failed to allege personal service of the Notice, and his cause of action for unlawful detainer is therefore fatally deficient.

### B.   Plaintiff's Request for Rule 11 Sanctions Is Improper

Plaintiff seeks an order to show cause why sanctions should not be issued under Rule 11, on the spurious grounds that Clear Channel allegedly "misrepresented the law," made frivolous arguments related to the factual inconsistencies in the Complaint, and should have instead filed a motion for a more definite statement under Rule 12(e). Plaintiff also complains that these proceedings have not moved as fast as he would like, though this clearly does not form the basis of a Rule 11 sanctions request and, in any event, could have been avoided if this action had been filed in federal court, or if Plaintiff had properly alleged his unlawful detainer claim in the first place. Clear Channel submits that Plaintiff's request is borderline frivolous, and should be denied.

Initially, Plaintiff's request is procedurally improper. Rule 11 sanctions must be sought by motion, and the party against whom sanctions are sought is entitled to a "safe harbor" period, which prevents the moving party from filing a Rule 11 motion until 21 days *after* it is served. FRCP 11(c)(1)(A). Likewise, Civil Local Rule 7-8 mandates that a motion for sanctions be separately noticed and filed. Plaintiff ignored these procedural requirements and its request should be denied on this basis alone.

Plaintiff fares no better on the merits of its sanctions request. "Because of the detrimental impact sanctions have on an attorney's career, Rule 11 sanctions are reserved '*for the rare and*

*exceptional case where the action is clearly frivolous*, legally unreasonable or without legal foundation ... .'" *Burnette v. Godshall*, 828 F. Supp. 1439, 1447 (N.D. Cal. 1993) (citing *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) (emphasis added)). "Thus, when a court considers a request for sanctions, it must resolve all doubts in favor of the signer of the pleading or paper." *Id*. Moreover, Rule 11 was not intended to "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories" and consequently sanctions are reserved for only "*the most egregious situations*, lest lawyers be deterred from vigorous representation of their clients. *Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1182 (9th Cir. 1986); *United National Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001).

Plaintiff asserts that Clear Channel misstated the law by failing to quote Section 1166(a)(5) in its entirety and by arguing that the Notice had to be personally served. But Clear Channel cited Section 1166 for the proposition that a party asserting a claim for unlawful detainer is required to "*State specifically the method used to serve the defendant with the notice or notices of termination upon which the complaint is based*." Plaintiff does not, and cannot dispute that the specificity requirement applies. Rather, Plaintiff argues that the Complaint satisfied the pleading requirements. Clear Channel disagrees, for the reasons set forth above.

The parties' disagreement on whether the pleading requirements of Section 1166 were satisfied, is par for the course in litigation. Recognizing this fact, federal courts have repeatedly warned against use of Rule 11 where the parties disagree on the correct application of the law. *See Morristown Daily Record, Inc. v. Graphic Communications Union, Local 8N*, 832 F.2d 31, 32 (3d Cir. 1987) ("We caution litigants that Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation.")

Plaintiff's assertion that Clear Channel misrepresented the law on personal service is also plainly improper, because it amounts only to an argument against application of the law in the manner advocated by Clear Channel. Moreover, Plaintiff's arguments on the issue of personal service are circular and intellectually flawed for the reasons set forth above. Similarly, Plaintiff's claim that Clear Channel's attack on the inconsistencies of the Complaint was frivolous, is belied by the inconsistencies themselves, which are self-evident. Finally, Plaintiff's attempt to use Rule 11 to

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

1  bully Clear Channel into filing a Rule 12(e) motion instead, which presumably would have been
2  more palatable to Plaintiff, is totally inappropriate, as Rule 11 was not intended to "chill an
3  attorney's enthusiasm or creativity." *Brown*, 796 F.2d at 1182.
4      California unlawful detainer law is technical, and its statutes must be strictly interpreted and
5  applied. *See Nillson*, 27 Cal. App. 4th at 520. As set forth above, having availed itself of the
6  unlawful detainer statutes, Plaintiff must comply with their pleading and service requirements.
7  Plaintiff cannot now complain because he failed to do so. Plaintiff's request for sanctions here is
8  supported only by his assertion that Clear Channel is wrong about the law. As such, the request is an
9  abuse of Rule 11, and should be rejected.

10      C.    **Conclusion**
11      Clear Channel respectfully requests that its motion be granted and that Plaintiff's request for
12  sanctions be denied.
13      DATED: September 18, 2007

REED SMITH LLP

By: /s/ David S. Reidy
David S. Reidy
Attorneys for Defendant
CLEAR CHANNEL OUTDOOR, INC.

# PROOF OF SERVICE

Re: *Richard Traverso v. Clear Channel Outdoor, Inc.*
SFSC No. CUD-07-622321; usdc c07-3629

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On **September 18, 2007**, I served the following document(s) by the method indicated below:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNLAWFUL DETAINER COMPLAINT OF PLAINTIFF RICHARD TRAVERSO**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Richard A. Sipos, Esq.
Aiken, Kramer & Cummings, Inc.
1111 Broadway
Oakland, CA 94607
Tel: 510/834.6800; Fax: 510.834.9017
(Attorney for Plaintiff Richard Traverso)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **September 18, 2007**, at San Francisco, California.

_____
Victoria Fedoroff

DOCSSFO-12482737.79/18/07 2:34 PM