1  Matthew F. Graham, State Bar No. 95194
   Richard A. Sipos, State Bar No. 126982
2  Garret D. Murai, State Bar No. 215667
   **AIKEN, KRAMER & CUMMINGS, INC.**
3  1111 Broadway, Suite 1500
   Oakland, California 94607
4  Telephone: (510) 834-6800
   Facsimile: (510) 834-9017
5  E-mail: gmurai@akclawfirm.com

6  Attorneys for Plaintiff
   RICHARD TRAVERSO

7

8                **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

RICHARD TRAVERSO,                          | Case No. C07-3629 MJJ

11              Plaintiff,                  | **MEMORANDUM OF POINTS AND**
                                            | **AUTHORITIES IN SUPPORT OF**
12        vs.                               | **MOTION FOR RELIEF FROM CASE**
                                            | **MANAGEMENT SCHEDULE**
13  CLEAR CHANNEL OUTDOOR, INC.; and

14  DOES 1 through 10, inclusive,           | **Date:**           October 30, 2007
                                            | **Time:**           9:30 a.m.
15              Defendants.                 | **Courtroom:**      11 (19th Floor)
                                            | **Judge:**          Martin J. Jenkins

16

17                                          | Action Removed:   July 13, 2007
                                            | Trial Date:       None
18
                                            | **Accompanying Documents.**  Notice of Motion
19                                          | and Motion; Declaration of Garret D. Murai;
                                            | [Proposed] Order re. Revised Case
20                                          | Management Schedule

21       Plaintiff RICHARD TRAVERSO respectfully submits the following Memorandum of

22  Points and Authorities:

23                     **I.     INTRODUCTION**

24       Plaintiff RICHARD TRAVERSO is a lessor (through assignment) and Defendant

25  CLEAR CHANNEL OUTDOOR, INC. is a lessee (also through assignment) under a commercial

26  lease agreement effective May 1, 1984 ("Lease"). Murai Decl., Ex. A. The Lease is for use of

27  billboard space located between 650-660 Bryant Street in San Francisco, California. The Lease,

28  which was originally for a term of five years, was subsequently extended by letter agreements to

MEMORANDUM OF POINTS AND AUTHORITIES
L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Points.doc

1  February 28, 2007. Murai Decl., Ex. B. Prior to the end of the most recent lease term, Plaintiff

2  served Defendant with a notice of termination of the Lease pursuant to the Lease. By its own

3  terms, the Lease expired on February 28, 2007. Nevertheless, Defendant has refused to

4  relinquish possession of the property.

5  Plaintiff filed his unlawful detainer complaint in the San Francisco Superior Court on

6  June 4, 2007. On June 25, 2007, Defendant filed a demurrer to which Plaintiff timely responded

7  on July 12, 2007. On July 13, 2007, while its demurrer was pending, Defendant removed the

8  action to this Court. That same day, this Court issued an Order Setting Initial Case Management

9  Conference and ADR Deadlines. On July 1, 2007, Defendant filed a Declination to Proceed

10  Before a Magistrate Judge and Request for Reassignment to a United States District Judge. The

11  case was reassigned to the Honorable Martin J. Jenkins on July 30, 2007. On August 9, 2007,

12  this Court issued a Clerk's Notice (Setting Case Management Conference in Reassigned Case)

13  ("Notice"). The Notice sets a Case Management Conference on November 6, 2007 and provides

14  that Case Management Statements are due by October 30, 2007. On August 23, 2007, Plaintiff

15  sent a meet and confer letter to Defendant pursuant to Local Rule 16-2(d) requesting that

16  Defendant stipulate that California state procedural requirements governing unlawful detainer

17  actions apply to this action.     Murai Decl., Ex. C. To date, Defendant has not agreed to

18  Plaintiff's proposed stipulation. Murai Decl., Ex. D.

19  Pursuant to Federal Rules 16 and 26, Case Management Statements require certain

20  disclosures, which in turn reference other Federal Rules concerning discovery and other matters.

21  The Federal Rules provide different procedural rules than do California state rules governing

22  unlawful detainer actions. California state law provides for the expedited adjudication of

23  unlawful detainer actions. These expedited procedural rules do not have a counterpart in the

24  Federal Rules. As such, by this motion, Plaintiff seeks an order from the Court that California

25  state law governing unlawful detainer actions shall apply to this action.[1]

26  ///

27

28

---

[1] Plaintiff brings this motion by regular notice rather than ex parte because, at the time of filing the motion, the earliest hearing date available from the Court was October 30, 2007.

MEMORANDUM OF POINTS AND AUTHORITIES
L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Points.doc

AIKEN, KRAMER & CUMMINGS
INCORPORATED

## II.    DISCUSSION

### A.    Local Rule 16-2(d) Permits Parties to Move for Relief from a Case Management Schedule

Local Rule 16-2(d) provides that "[b]y serving and filing motion with the assigned judge pursuant to Civil L.R. 7, a party, including a party added later in the case, may seek relief from an obligation imposed by FRCivP 16 or 6 or the Order Setting Initial Case Management Conference." A motion brought pursuant to Local Rule 16-2(d) must:

(1)    Describe the circumstances which support the request;

(2)    Affirm that counsel for the moving party has conferred with all other counsel in an effort to reach agreement about the matter and, for each other party, report whether that party supports or opposes the request for relief;

(3)    Be accompanied by a proposed revised case management schedule; and

(4)    If applicable, indicate any changes required in the ADR process or schedule in the case.

As discussed below, good cause exists for this Court to grant Plaintiff's motion pursuant to Local Rule 16-2(d).

### B.    Good Cause Exists for This Court to Grant Plaintiff's Motion Pursuant to Local Rule 16-2(d)

California's unlawful detainer statutes are intended to summarily adjudicate the issue of right to possession of real property. *Hutcherson v. Lehtin* (1970 N.D. Cal.) 313 F. Supp. 1324, 1328-1329. These statutes require a ". . . quick and ready determination of the forfeiture of the lease . . . ." *Id.* (quoting California Supreme Court in *Telegraph Avenue Corp. v. Raentsch* (1928) 205 Cal. 93, 98). This Court has applied these state procedural rules to unlawful detainer actions pending before this Court. *See e.g., United States of America v. Hilliard* (1995 N.D. Cal.) 1995 U.S. Dist LEXIS 4637; *United States of America v. Duque* (1993 N.D. Cal.) 1993 U.S. Dist. LEXIS 2998; *Gallman v. Pierce, Jr.* (1986 N.D. Cal.) 634 F. Supp. 472.

///

///

///

AIKEN, KRAMER & CUMMINGS
INCORPORATED

MEMORANDUM OF POINTS AND AUTHORITIES
L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Points.doc

Among other requirements, California's unlawful detainer statutes provide as follows:

1.     **Complaints and Answers**.     California's unlawful detainer statutes provide specific requirements governing the form and content of unlawful detainer complaints. Code of Civ. Proc. §1166.   A defendant is required to answer (or demurrer to) an unlawful detainer complaint within 5 days of service. [2]  Code of Civ. Proc. §1167.3.

2.     **Discovery**.[3]   Shortened discovery deadlines apply in unlawful detainer actions. Depositions may be taken with five days notice and must be taken no later than five days before trial.  Code of Civ. Proc. §2025.270.  Responses to interrogatories are due within five days of service.  Code of Civ. Proc. §2030.260(a).  Responses to requests for production of documents (including inspection of the property) are due within five days of service.  Code of Civ. Proc. §2031.260.  And responses to request for admissions are due within five days of service.  Code of Civil Proc. §2033.250.

3.     **Summary Judgment**.  Summary judgment motions may be filed at any time after an answer is filed and may be heard with five days notice.  Code of Civ. Proc. §1170.7. California's unlawful detainer statutes do not provide for the timing of filing opposition and reply briefs to a motion for summary judgment.   However, most courts have local rules governing summary judgment motions in unlawful detainer actions.  Local Rule 8.7A.2. of the San Francisco Superior Court, where this action was originally venued, provides as follows:

> If a summary judgment/adjudication motion in an unlawful detainer action is personally served, it must be filed with the Court and served at least five (5) days prior to the hearing.  If the motion is served by mail, it must be served at least ten (10) days prior to the hearing and filed with the Court five (5) days prior to the hearing.  If the summary judgment/adjudication motion is personally served, the opposition is due by 12 p.m. (Noon) on the Court day prior to the hearing.  If the summary judgment/adjudication motion is served by mail, opposition is due two (2) Court days prior to the hearing.  Reply is due by 8:15 a.m. on the morning of the hearing.

///

///

---

[2] The deadline to answer is relevant to Defendant's motion to dismiss set for hearing on October 2, 2007.  Should this Court deny Defendant's motion, Defendant should be required to file an answer within 5 days of entry of the order.

[3] Plaintiff has to date withheld serving any discovery.  Plaintiff believes that the discovery procedures applicable to unlawful detainer actions under state law apply, but without the Court's clarification, Defendant will likely object to any discovery propounded by Plaintiff in accordance with such state law.

4

AIKEN, KRAMER & CUMMINGS
INCORPORATED

AIKEN, KRAMER & CUMMINGS
INCORPORATED

1        **4.**    **Trial Setting**.    Courts are required to give unlawful detainer actions trial

2    preference over nearly all other categories of civil actions. Code of Civ. Proc. §1179a. Unlawful

3    detainer actions are required to be set for trial no later than the 20th day following the date that a

4    request for trial setting is made, even if a jury is demanded. Code of Civ. Proc. §1170.5. If the

5    trial is not held within the time specified, the court, upon finding at a hearing that there is a

6    reasonable probability that the plaintiff will prevail, shall determine the amount of damages, if

7    any, to be suffered by the plaintiff by reason of the extension and issue an order requiring the

8    defendant to pay that amount into court. *Id.* If the defendant fails to make the payment ordered

9    by the court, trial of the action shall be held within 15 days of the date payment was due. *Id.*

10        **5.**    **Judicial Council Forms**.    The California Judicial Council has promulgated

11    several forms, both optional and mandatory, for use in unlawful detainer actions. For example,

12    the Judicial Council has a mandatory form for use when setting an unlawful detainer action for

13    trial.

14        California state law provides different procedural rules governing unlawful detainer

15    actions than do the Federal Rules (which do not address unlawful detainer actions). This Court

16    has applied California state law to unlawful detainer actions before this Court. As such, good

17    cause exists for this Court to enter an order that California state law (including the use of Judicial

18    Council forms and the local rules of the San Francisco Superior Court governing the timing and

19    filing of opposition and reply briefs to summary judgment motions) shall apply to this action.

20                **III.    CONCLUSION**

21        For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's

22    Motion for Relief from Case Management Schedule and enter an order in accordance with the

23    proposed revised case management schedule filed concurrently herewith.

24    Dated: September _10_, 2007    **AIKEN, KRAMER & CUMMINGS, INC.**

25

26        By _____

27            Garret D. Murai
        Attorneys for Plaintiff
28            RICHARD TRAVERSO

MEMORANDUM OF POINTS AND AUTHORITIES
L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Points.doc

**PROOF OF SERVICE**

1

Re:     *Traverso v. Clear Channel Outdoor, Inc., et al.*
2       **Case No.: C07-3629 MJJ**

3          I, the undersigned, state that I am a citizen of the United States and employed in the City of
Oakland, County of Alameda, State of California, in the office of a member of the bar of this court,
4    at whose direction the service was made; that I am over the age of eighteen years and not a party to
the within action; that my business address is 1111 Broadway, Suite 1500, Oakland, California
5    94607.

6          On the date set forth below, I served the following document described as:
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
7    RELIEF FROM CASE MANAGEMENT SCHEDULE**
as follows to the address(es) set forth below:
8

Scott D. Baker
9    Jonah D. Mitchell
David S. Reidy, Esq.
10   REED SMITH LLP
Two Embarcadero Center, Suite 2000
11   San Francisco, CA 94111-3922
Tel: 415/543-8700
12   Fax: 415/391-8269

13

☒       **BY E-FILING:** via the court-mandated e-filing service.
14

I declare under penalty of perjury under the laws of the State of California that the foregoing
15
is true and correct.
16

17
Date: September 20, 2007                        *Karen Kornfeld*
18                                             _____
19                                              Karen Kornfeld

20   L:\TRAVE\7\Pleadings\POS_RR_e-filing.doc

21

22

23

24

25

26

27

28