Matthew F. Graham, State Bar No. 95194
Richard A. Sipos, State Bar No. 126982
Garret D. Murai, State Bar No. 215667
**AIKEN, KRAMER & CUMMINGS, INC.**
1111 Broadway, Suite 1500
Oakland, California 94607
Telephone: (510) 834-6800
Facsimile: (510) 834-9017
E-mail: gmurai@akclawfirm.com

Attorneys for Plaintiff
RICHARD TRAVERSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TRAVERSO,<br><br>Plaintiff,<br><br>vs.<br><br>CLEAR CHANNEL OUTDOOR, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C07-3629 MJJ<br><br>**DECLARATION OF GARRET D. MURAI IN SUPPORT OF MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>**Date:** October 30, 2007<br>**Time:** 9:30 a.m.<br>**Courtroom:** 11 (19th Floor)<br>**Judge:** Martin J. Jenkins<br><br>Action Removed: July 13, 2007<br>Trial Date: None<br><br>**Accompanying Documents**. Notice of Motion and Motion; Memorandum of Points and Authorities; [Proposed] Order re. Revised Case Management Schedule |

I, Garret D. Murai, declare:

1.   I am an attorney licensed to practice law in the State of California and am admitted to practice before the U.S. District Court for the Northern District of California. I am an associate with Aiken, Kramer & Cummings, Inc., attorneys of record for Plaintiff RICHARD TRAVERSO.

2.   This declaration is made in support of Plaintiff's Motion for Relief from Case Management Schedule. I have personal knowledge of the matters stated herein and if called upon to testify could and would competently do so.

1

DECLARATION OF GARRET D. MURAI
L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Murai Decl..doc

3. Attached as Exhibit A is a true and correct copy of the lease between Plaintiff and Defendant CLEAR CHANNEL OUTDOOR, INC. ("Lease") which was attached as part of Exhibit 1 to Plaintiff's complaint.

4. Attached as Exhibit B is a true and correct copy of the letter agreements extending the term of the Lease which were attached as part of Exhibit 1 to Plaintiff's complaint.

5. Attached as Exhibit C is a true and correct copy of letter I sent to Plaintiff's counsel requesting that Plaintiff stipulate that California state procedural requirements governing unlawful detainer actions apply to this action.

6. Attached as Exhibit D is a true and correct copy of a letter I received from Plaintiff's counsel in response to my letter. To date, Defendant has not agreed to Plaintiff's proposed stipulation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __10__ day of September in Oakland, California.

_____
Garret D. Murai

**Exhibit A**

**Foster & Kleiser**
A METROMEDIA COMPANY

#07-15735

Date_____

LCF-1 (5-77)

1. The undersigned, as Lessor, hereby leases and grants exclusively to Foster and Kleiser, Division of Metromedia, Inc., as Lessee, the property (with free access to and upon same) located in the City of __San Francisco__ County of __San Francisco__, State of __California__, described as:

__650-60 Bryant St. (NL 275' E/o 5th St.) (159.82' x 110.58' irreg.)__

__Assessor's Block 3761, Lot 7__

as per map thereof recorded in the Office of the County Recorder of __San Francisco__ County, State of __California__, for a term of fifteen (15) five (5) years from __May 1__, 19__84__, for the purpose of erecting and maintaining advertising signs thereon, including necessary supporting structures, devices, illumination facilities and connections, service ladders, and other appurtenances thereon.

2. Lessee shall pay to the Lessor rental in the amount of __Three thousand six hundred and no/100__ ------ ($__3,600.00__) Dollars per year, payable on a monthly basis. Prior to construction and for the entire period during which no advertising copy is being displayed on the property by Lessee, the rental shall be Ten ($10.00) Dollars.

3. Lessee shall save the Lessor harmless from all damage to persons or property by reason of accidents resulting from the negligent acts of its agents, employees or others employed in the construction, maintenance, repair or removal of its signs on the property.

4. Lessor agrees that he, his tenants, agents, employees, or other persons acting in his or their behalf shall not place or maintain any object on the property or on any neighboring property which would in any way obstruct or impair the view of Lessee's sign structures. If such an obstruction or impairment occurs, the Lessee, without limiting such other remedies as may be available, has the option of requiring the Lessor to remove said obstruction or impairment, or the Lessee may itself remove the obstruction or impairment charging the cost of said removal to the Lessor, or the Lessee may reduce the rental herein paid to the sum of Five ($5.00) Dollars per year so long as such obstruction or impairment continues.

5. If the view of Lessee's signs is obstructed or impaired in any way, or if the value of such signs is diminished by reason of diversion or reduction of vehicular traffic, or if the use of any such signs is prevented or restricted by law, or if for any reason a building permit for erection or modification of any such signs is refused, the Lessee may immediately, at its option, adjust the rental in direct proportion to the decreased value of the leased premises for advertising purposes resulting from any of the foregoing circumstances, or may terminate the lease and receive adjustment for all rent paid for the unexpired term.

6. If Lessee is prevented by law, or government or military order, or other causes beyond Lessee's control from illuminating its signs, the Lessee may reduce the rental provided by paragraph 2 by one-half (½), with such reduced rental to remain in effect so long as such condition continues to exist.

7. This Lease shall continue in full force and effect for its term and thereafter for subsequent successive like terms unless terminated at the end of such term or any successive like term upon written notice by the Lessor or Lessee served sixty (60) days before the end of such term or subsequent like term, provided that Lessee shall have the right to terminate the Lease at the end of any sixty day period upon written notice to Lessor served not less than sixty (60) days prior to the end of such sixty day period. Lessor shall have the right to terminate the Lease at any time during the period of this Lease if the Lessor is to improve the unimproved property by erecting thereon a permanent private commercial or residential building. Lessee shall remove its signs within sixty (60) days after receipt of a copy of the applicable building permit. The Lessor will, upon giving such notice of building, return to the Lessee all rent paid for the unexpired term plus the total cost of the construction and the removal of Lessee's signs, less 1/180th of such cost for each full month of this Lease prior to the notice of termination. If Lessor fails to commence the erection of the private commercial or residential building within sixty (60) days after Lessee removes its signs, Lessee shall again have the right to occupy the premises and maintain advertising signs subject to the provisions of this Lease. If any portions of the property are not to be utilized for such building, the Lessee has the option to use the remaining portion on the same terms, except that the rent shall be proportionately reduced.

8. It is agreed between the parties that Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease, or after the expiration of this Lease.

9. This lease shall constitute the sole agreement of the parties relating to the lease of the above described premises. Neither party will be bound by any statements, warranties, or promises, oral or written, unless such statements, warranties or promises are set forth specifically in this Lease.

10. The word "Lessor" as used herein shall include Lessors. This lease is binding upon and inures to the benefit of the heirs, executors, successors, and assigns of Lessee and Lessor.

11. Lessor represents that he is the owner(s) ☒ tenant(s) ☐ other(s) ☐ _____ of the property covered by this Lease and has the authority to execute this Lease. All rents to be paid pursuant to this Lease, and all notices are to be forwarded to the undersigned Lessor at the address noted below the Lessor's signature.

EXECUTED by the Lessor in the presence of _____ who is hereby requested to sign as witness.

ID Number 94-1690361

WITNESS: _____

LESSOR(S) X __Nancy T. Jackman__
Nancy T. Jackman

ACCEPTED: FOSTER AND KLEISER
Division of Metromedia, Inc.

By: _____

Address: __c/o Hogland Bogart & Bertero__
__ATTN Tom Gille__

**Exhibit B**

**Patrick**

PATRICK MEDIA GROUP, INC.

1601 MARITIME STREET
OAKLAND, CA 94607
(510) 832-5900

February 26, 1993

Mr. Tim Muller
Harrigan-Weidenmuller
300 Montgomery Street, Suite 110
San Francisco, CA 94104

RE: Lease #15-15735, San Francisco
#650-660 Bryant Street (NL 275' E/o 5th Street)
San Francisco

Dear Mr. Muller:

This letter is in reference to our latest conversation regarding the extension of our lease for the sign structure at the subject location.

The purpose of this letter is to extend the current lease for four years effective March 1, 1993. The rental will be increased, as discussed, under the following four year schedule:

| | | | |
|---|---|---|---|
| 1. | March 1, 1993 | $1,600.00/month | $19,200.00/year |
| 2. | March 1, 1994 | $1,650.00/month | $19,800.00/year |
| 3. | March 1, 1995 | $1,700.00/month | $20,400.00/year |
| 4. | March 1, 1996 to 1997 | $1,750.00/month | $21,000.00/year |

All other terms and conditions of the existing lease agreement shall remain the same.

If this meets with your approval, please have Ms. Jackman sign where indicated and return the original of this letter to this office for prompt processing. The copies are for your file and Ms. Jackman's records.

Should you have any questions concerning this matter please contact me. Thank you again for all your patience and cooperation in this matter.

Yours truly,

ACCEPTED AND APPROVED:

*Nancy T. Jackman*
Nancy T. Jackman

James Hughes
Real Estate Department

David McWalters
Manager
Real Estate Department

JGH/sb



**ELLER**
MEDIA COMPANY

January 23, 1998

Mr. Brian D. Muller
Harrigan, Weidenmuller Co.
300 Montgomery Street
Suite 660
San Francisco, CA 94104

RE: Lease #15-15735, San Francisco
    650-660 Bryant St. (NL 275' E/O 5th St.)

Dear Mr. Muller:

This letter is in reference to the advertising structure located on the above described property.

Eller Media Company is agreeable to maintaining the monthly rental at $1,750.00, payable monthly, effective March 1, 1997. Effective October 1, 1997, the monthly rental shall increase to $1,900.00, payable monthly. Effective March 1, 1998, the annual rental shall increase to $23,712.00, payable monthly. Effective March 1, 1999, and for each year thereafter, the annual rental shall increase by four percent (4%). The term of this agreement shall be five (5) years. All other terms and conditions of the existing Lease Agreement dated May 1, 1984, shall remain the same.

If this agreement meets with your clients approval, please have the original of this letter signed and returned to this office for processing. The copy is to be for your records.

Please contact me at (510) 835-5900 with any other questions. Thank you for your consideration in this matter.

Sincerely,

David C. Sweeney
Real Estate Manager
Northern California Division

**ACCEPTED AND APPROVED:**

Brian D. Muller
Nancy T. Jackman's *Agent*

---

NORTHERN CALIFORNIA DIVISION
1601 MARITIME STREET, OAKLAND, CALIFORNIA 94607
(510) 835-5900    FAX (510) 835-1024

03/22/02 13:59 FAX 1510. J410    Eller Media Co                    ☒001



March 22, 2002

SENT VIA FACSIMILE
TRANSMISSION
(415) 434-3603

Mr. Brian D. Muller
Harrigan, Weidenmuller Co.
300 Montgomery St.
Suite 660
San Francisco, CA 94104

RE: Lease #15-15735, San Francisco
    650-660 Bryant St. (NL 275' E/O 5th St.)

Dear Mr. Muller:

This letter is in reference to the advertising structure located on the property described above.

Clear Channel Outdoor is agreeable to increasing the annual rental to $29,700.00, payable monthly, effective March 1, 2002. Effective March 1, 2003, and for each year thereafter, the annual rental shall increase by four percent (4%). The term of this agreement shall be five (5) years. All other terms and conditions of the existing Lease Agreement dated May 1, 1984 shall remain the same.

Should this agreement meet with your client approval, please sign both letters and return one copy to my office for further processing. The copy is to be retained for your records.

Please contact me at (510) 835-5900 should you have any questions. Thank you for your consideration in this matter.

Sincerely,

David C. Sweeney
Vice President/Real Estate
Northern California Division

ACCEPTED AND AGREED:

Brian D. Muller
───────────────────
Nancy T Jackman

as agent for Nancy
T. Jackman

CONFORMED COPY
RECORDED AT REQUEST OF
COMMONWEALTH LAND
TITLE COMPANY

AT _____ M.
ON __2/10__ 20 _06_
SERIES NO. 2006-I124794
IN San Francisco COUNTY

WHEN RECORDED RETURN TO:

Steven J. Cramer, Esq.
Aiken, Kramer & Cummings, Inc.
1111 Broadway, Suite 1500
Oakland, California 94607-4036

---

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

### Assignment of Lessor's Interest in Lease

This Assignment of Lessor's Interest in Lease ("Assignment") is made effective as of the 6th day of February, 2006 by Robert Dreyer and Estol T. Carte, Co-Trustees of the Nancy Tilden Jackman Trust established by Trust Agreement dated November 23, 2004 (collectively, "Assignor") and Richard Traverso ("Assignee").

Recitals:

Whereas, Assignor is the owner of that certain real estate commonly known as 650 - 660 Bryant Street, in the City and County of San Francisco, legally described on "Exhibit A" attached hereto and made a part hereof (the "Real Estate").

Whereas, Assignor has granted to Assignee an easement in gross across a portion of the Real Estate for purposes of posting, painting, constructing and maintaining signs on the Real Estate, and related purposes (the "Sign Easement").

Whereas, the Real Estate is currently subject to a lease (for purposes of erecting and maintaining signs) dated May 1, 1984 by and between Assignor's predecessor, Nancy T. Jackman, as lessor, and Foster and Kleiser, as lessee, and addenda thereto (collectively, the "Sign Lease"). Clear Channel Outdoor is the current lessee under the Sign Lease. Nancy T. Jackman's interest as lessor under the Sign Lease was previously assigned to Assignor.

Whereas, in connection with the grant of the Sign Easement, Assignor desires to assign to Assignee, and Assignee desires to accept the assignment of, Assignor's interest as lessor in the Sign Lease. The parties acknowledge that Assignee does not hold fee title to the Real Estate.

Assignment:

For value received, and the agreement of Assignee as set forth below, Assignor hereby assigns and transfers to Assignee all of Assignor's right, title and interest in and to the Sign Lease, and Assignee agrees to and does hereby accept said assignment. Assignee expressly assumes all of Assignor's obligations under the Sign Lease arising after the date of this Assignment.

assumes all of Assignor's obligations under the Sign Lease arising after the date of this Assignment.

WHEREAS, this Assignment has been executed to be effective on the date first written above.

Assignee:

*/s/ Richard Traverso/*

RICHARD TRAVERSO

Assignor:

ROBERT DREYER and ESTOL T. CARTE, CO-TRUSTEES OF THE NANCY TILDEN JACKMAN TRUST ESTABLISHED BY TRUST AGREEMENT DATED NOVEMBER 23, 2004

_____
ROBERT DREYER, CO-TRUSTEE

_____
ESTOL T. CARTE, CO- TRUSTEE

WHEREAS, this Assignment has been executed to be effective on the date first written above.

**Assignee:**

_____
RICHARD TRAVERSO

**Assignor:**

ROBERT DREYER and ESTOL T.
CARTE, CO-TRUSTEES OF THE
NANCY TILDEN JACKMAN TRUST
ESTABLISHED BY TRUST
AGREEMENT DATED NOVEMBER 23,
2004

*[signature]* Co-Trustee
ROBERT DREYER, CO-TRUSTEE

*[signature]* TTE
ESTOL T. CARTE, CO- TRUSTEE

**Exhibit C**

LAW OFFICES OF
## AIKEN, KRAMER & CUMMINGS
INCORPORATED

TELEPHONE (510) 834-6800        1111 BROADWAY, SUITE 1500        FAX (510) 834-9017
OAKLAND, CALIFORNIA 94607

August 23, 2007

**VIA FACSIMILE AND FIRST CLASS**
**MAIL/(415) 391-8269**

Scott D. Baker, Esq.
Jonah D. Mitchell, Esq.
David S. Reidy, Esq.
**REED SMITH LLP**
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111

Re:   Traverso v. Clear Channel Outdoor, Inc., et al.
      Our File No. TRAVE-7

Dear Counsel:

The purpose of this letter is to meet and confer pursuant to Rule 16-2(d) of the local rules of the U.S. District Court for the Northern District of California regarding relief from the current scheduling order so that the action can proceed in accordance with the expedited procedures provided under California law.

As you know, this action is an unlawful detainer which, under California law, is subject to expedited proceedings. At present, we have the following dates calendared - your Motion to Dismiss is set for hearing on October 2, 2007 and a Case Management Conference is scheduled for November 6, 2007. Because of the expedited schedule provided for unlawful detainer actions, we ask that you stipulate to the following schedule:

| California Statutory Deadline | Statutory Reference |
|---|---|
| Deadline to hear motion to dismiss – 21 calendar days after service extended by 5 additional calendar days if moving papers served by mail or 2 calendar days if served by fax, express mail, or other overnight delivery method. | CCP §1005(b); CRC 325(b) |
| Deadline to file opposition briefs – 9 court days before hearing. | CCP §1005(c) |
| Deadline to file reply briefs – 5 court days before hearing. | CCP §1005(c) |

Scott D. Baker, Esq.
Jonah D. Mitchell, Esq.
David S. Reidy, Esq.
**REED SMITH LLP**
August 23, 2007
Page 2

    Deadline to file answer if motion denied – 5 calendar days after electronic delivery of notice of entry of order.   CCP §1167.3

    Deadline to file amended complaint and answer if motion granted with leave to amend – 5 calendar days to file amended complaint after electronic delivery of notice of entry of order; 5 calendar days to file answer after electronic service of amended complaint.   CCP §1167.3

    Deadline to take action to trial – Within 20 days of filing after filing of request for trial.   CCP §1170.5(b)

All other deadlines including, but not limited, to those related to defaults, discovery, motions for summary judgment/adjudication shall comply with the unlawful detainer statutes set forth under Code of Civil Procedure §1161 et seq. and related rules set forth under the California Rules of Court.

Please let me know as soon as possible if you are amenable to the foregoing schedule. If so, I will prepare a stipulation for your review. If not, we will proceed by noticed motion.

Very truly yours;

AIKEN, KRAMER & CUMMINGS, INC.

By _____
    Garret D. Murai

MFG/kmk
cc:    Richard Traverso

LAW OFFICES OF
## AIKEN, KRAMER & CUMMINGS
INCORPORATED

TELEPHONE (510) 834-6800

1111 BROADWAY, SUITE 1500
OAKLAND, CALIFORNIA 94607

FAX (510) 834-9017

## FACSIMILE TRANSMISSION

August 23, 2007



FAXED
AUG 23 2007
BY: JB

| To: | Firm | Phone | Fax |
|---|---|---|---|
| Scott D. Baker, Esq.<br>Jonah D. Mitchell, Esq.<br>David S. Reidy, Esq. | Reed Smith LLP | | (415) 391-8269 |

**From:** Garret D. Murai

**Re:** <u>Traverso v. Clear Channel Outdoor, Inc., et al.</u>
Our File No. TRAVE-7

**Pages:** 3 (including cover sheet)

**Message**

---

Please see attached.

THIS FACSIMILE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE INDIVIDUAL(S) OR ENTITY(IES) TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT(S), YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS FACSIMILE AND ANY ATTACHMENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY THE SENDER AT (510) 834-6800. THANK YOU.
L:\TRAVE\7\Correspondence\Baker, Scott fax 08-23-07.doc

| TRANSMISSION VERIFICATION REPORT | |
|---|---|

```
                                        TIME    : 08/23/2007 14:07
                                        NAME    :
                                        FAX     :
                                        TEL     :
                                        SER.#   : BROD2J322582
```

```
DATE,TIME               08/23 14:06
FAX NO./NAME            14153918269
DURATION                00:00:52
PAGE(S)                 03
RESULT                  OK
MODE                    STANDARD
                        ECM
```

**Exhibit D**

# ReedSmith

David S. Reidy
Direct Phone: 415.659.5924
Email: dreidy@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
415.543.8700
Fax 415.391.8269

August 28, 2007

<u>**VIA FACSIMILE (510) 834-9017 & U.S. MAIL**</u>

Mr. Garret D. Murai
Aiken, Kramer & Cummings
1111 Broadway, Suite 1500
Oakland, CA 94607

Re: <u>Traverso v. Clear Channel Outdoor, Inc., et al,</u> U.S.D.C. C-07-3629 MJJ

Dear Mr. Murai:

We have reviewed your August 23 letter attempting to meet and confer regarding your client's proposed expedited schedule in this case. As a preliminary matter, we note that the proposed new deadlines are not calculated pursuant to current California law. For example, your proposed deadline for Clear Channel's motion to dismiss is 21 calendar days after service. However, section 1005(b) of the California Code of Civil Procedure, to which you cite, requires motions to be filed and served at least 16 *court* days before the hearing. In addition, California Rule of Court ("CRC") 325, which you also cite, has been superseded by CRC 3.1320.

Notwithstanding these issues, we are conferring with our client regarding your proposal and will get back to you.

Sincerely,

David S. Reidy

DSR

cc: Scott D. Baker, Esq.
Jonah Mitchell, Esq.

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE
reedsmith.com

DOCSSFO-12498952.1-DSREIDY

LEAVE - 7
COVERPGS

# ReedSmith

# FAX TRANSMITTAL

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
+1 415 543 8700
Fax +1 415 391 8269

**From:** David S. Reidy
Direct Phone: +1 415 659 5933
Email: dreidy@reedsmith.com
Date: August 28, 2007

Total Number Of Pages Including Cover Page __2__

## FAX TO

| Name | Company | Fax Number | Phone Number |
|------|---------|------------|--------------|
| Garret D. Murai | Aiken, Kramer & CUmmings | 510.834.9017 | |

Original will follow via: ☐ Regular Mail  ☐ Overnight Delivery  ☐ Messenger  ☒ None

**NOTES:**

If you do not receive all of the pages, please call Victoria E. Fedoroff at 213.457.8000.

Please Transmit Before  ☐9 ☐10 ☐11 a.m. ☐12 ☐1 ☐2 ☐3 ☐4 ☐5 ☐6 ☐7 ☐8 p.m.

Client Number: 260157  Matter Number: 60062  Attorney Number: 6883
Transmission Time: _____ a.m./p.m.  Finish Time: _____ a.m./p.m.
Operator: _____

PLEASE NOTE: The information contained in this facsimile message may be privileged and confidential, and is intended only for the use of the individual(s) or entity named above who has been specifically authorized to receive it. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return all pages to the address shown above. Thank you.

DOCSSFO-12488899.1 8/28/07 10:09 AM

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

# PROOF OF SERVICE

Re:  *Traverso v. Clear Channel Outdoor, Inc., et al.*
     Case No.: C07-3629 MJJ

I, the undersigned, state that I am a citizen of the United States and employed in the City of Oakland, County of Alameda, State of California, in the office of a member of the bar of this court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 1111 Broadway, Suite 1500, Oakland, California 94607.

On the date set forth below, I served the following document described as:
**DECLARATION OF GARRET D. MURAI IN SUPPORT OF MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**
as follows to the address(es) set forth below:

Scott D. Baker
Jonah D. Mitchell
David S. Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Tel: 415/543-8700
Fax: 415/391-8269

☒     **BY E-FILING:** via the court-mandated e-filing service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 20, 2007          _____/s/ Karen Kornfeld_____
                                            Karen Kornfeld

L:\TRAVE\7\Pleadings\POS_RR_e-filing.doc

---
1
PROOF OF SERVICE