LAW OFFICES OF

## AIKEN, KRAMER & CUMMINGS

INCORPORATED

TELEPHONE (510) 834-6800

IIII BROADWAY, SUITE I500
OAKLAND, CALIFORNIA 94607

FAX (510) 834-9017

September 24, 2007

**VIA ELECTRONIC FILING**

The Honorable Martin J. Jenkins
Courtroom 11
**U.S. DISTRICT COURT FOR THE**
**NOTHERN DISTRICT OF CALIFORNIA**
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:  **Traverso v. Clear Channel Outdoor, Inc., et al.**
> Case No. C07-03629 MJJ
> Our File No. TRAVE-7

Dear Judge Jenkins:

This letter brief is submitted by Plaintiff Richard Traverso pursuant to the Court's Order to Show Cause and Submit Supplemental Briefing dated September 20, 2007.

### A.    This Court Has Subject Matter Jurisdiction Over This Matter

Plaintiff believes that this Court has subject matter jurisdiction over this matter based on diversity. 28 U.SC. 1332, 1441; *See also Snow v. Ford Motor Co.* (9th Cir. 1977) 561 F.2d 787, 789. Defendant Clear Channel Outdoor, Inc., the only named defendant in this matter, is a Delaware corporation. A true and correct copy of a print-out from the California Secretary of State's office which indicates that Defendant is a Delaware corporation is attached hereto as Exhibit 1. Plaintiff, an individual, is a California resident. As such, complete diversity exists between the parties.

Moreover, Plaintiff's unlawful detainer complaint seeks damages in excess of $75,000. Plaintiff's complaint seeks damages in the amount of $986.30 per day beginning March 1, 2007. *See* Complaint – Unlawful Detainer filed June 14, 2007. Defendant removed this action on July 13, 2007. *See* Defendant Clear Channel Outdoor, Inc.'s Notice of Removal filed July 13, 2007. Thus, at the time Defendant removed this case, Plaintiff was seeking $132,164.20 (03/01/07 – 07/13/07 = 134 days x $986.30 per day = $132,164.20). *See Meritcare, Inc. v. St. Paul Mercury Ins. Co.* (3rd Cir. 1999) 166 F.3d 214, 217-218 (amount in controversy is tested at the time of removal); *See also Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 860 (sum claimed by plaintiff controls unless "it appears to a *legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal").

The Honorable Martin J. Jenkins
**U.S. DISTRICT COURT FOR THE**
**NOTHERN DISTRICT OF CALIFORNIA**
September 24, 2007
Page 2

> **B.    The California Code of Civil Procedure Applies to This Matter**

The California Code of Civil Procedure provides special, expedited procedural rules governing unlawful detainer actions. These rules differ substantially from the Federal Rules of Civil Procedure, which do not contain any procedural rules specific to unlawful detainer actions, and are intended to carry out the intent of the state legislature in providing for the summary adjudication of parties' rights to possession of real property and a quick and ready determination of parties' rights to the forfeiture of leases. Plaintiff would be significantly prejudiced should this Court not apply California's procedural rules governing unlawful detainer cases to this action.

Concurrent with the issuance of this Court's Order, Plaintiff filed a Motion for Relief from Case Management Schedule in which Plaintiff has requested that the Court find that California state statutes and rules (as well as Judicial Council Forms) governing unlawful detainer actions apply to and should be used in this matter. *See* Motion for Relief from Case Management Schedule filed September 20, 2007. Because Plaintiff's motion addresses the issue posed in the Court's Order regarding whether the California Code of Civil Procedure applies to this action, and because the motion was filed on the same day as the Court issued its Order, Plaintiff incorporates his motion by reference. A true and correct copy of the motion is attached as Exhibit 2.

As discussed in Plaintiff's motion, California's unlawful detainer statutes are intended to summarily adjudicate the issue of right to possession of real property. *Hutcherson v. Lehtin* (N.D. Cal. 1970) 313 F. Supp. 1324, 1328-1329. These statutes require a ". . . quick and ready determination of the forfeiture of the lease . . . ." *Id.* (quoting California Supreme Court in *Telegraph Avenue Corp. v. Raentsch* (1928) 205 Cal. 93, 98). The U.S. District Court for the Northern District of California has applied these state procedural rules to unlawful detainer actions pending before this Court. *See e.g., United States of America v. Hilliard* (N.D. Cal. 1995) 1995 U.S. Dist LEXIS 4637; *United States of America v. Duque* (N.D. Cal. 1993) 1993 U.S. Dist. LEXIS 2998; *Gallman v. Pierce, Jr.* (N.D. Cal. 1986) 634 F. Supp. 472.

Because of the expedited nature of unlawful detainer proceedings, the California Code of Civil Procedure provides special procedural rules applicable only to unlawful detainer actions and in which there is no counterpart in the Federal Rules of Civil Procedure. Among other procedural rules applicable to unlawful detainer cases only, the California Code of Civil Procedure provides specific requirements governing the form and content of unlawful detainer complaints, shortened timeframes for responding to such complaints, expedited deadlines for responding to written discovery, different rules for filing and opposing summary judgment motions, and preference in trial setting. The California Code of Civil Procedure also provides

The Honorable Martin J. Jenkins
**U.S. DISTRICT COURT FOR THE**
**NOTHERN DISTRICT OF CALIFORNIA**
September 24, 2007
Page 3

for the use of specially-created unlawful detainer forms (some of which are mandatory) issued by the California Judicial Council.

Plaintiff respectfully requests that this Court find that it has subject matter jurisdiction over this matter and that the California Code of Civil Procedure and other state procedural rules governing unlawful detainer cases apply to this action.

Very truly yours,

**AIKEN, KRAMER & CUMMINGS, INC.**

By _____
Richard A. Sipos

MFG/kmk
cc:    Richard Traverso

**Exhibit 1**

# California Business Portal

## Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of SEP 21, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| CLEAR CHANNEL OUTDOOR, INC. | | |
| **Number:** C1961497 | **Date Filed:** 2/23/1996 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 200 E BASSE RD | | |
| SAN ANTONIO, TX 78209-8328 | | |
| **Agent for Service of Process** | | |
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

**Exhibit 2**

1  Matthew F. Graham, State Bar No. 95194
   Richard A. Sipos, State Bar No. 126982
2  Garret D. Murai, State Bar No. 215667
   **AIKEN, KRAMER & CUMMINGS, INC.**
3  1111 Broadway, Suite 1500
   Oakland, California 94607
4  Telephone: (510) 834-6800
   Facsimile: (510) 834-9017
5  E-mail: gmurai@akclawfirm.com

6  Attorneys for Plaintiff
   RICHARD TRAVERSO

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11  RICHARD TRAVERSO,                    | Case No. C07-3629 MJJ

12              Plaintiff,               | **NOTICE OF MOTION AND MOTION
                                         | FOR RELIEF FROM CASE
            vs.                          | MANAGEMENT SCHEDULE**

13

14  CLEAR CHANNEL OUTDOOR, INC.;  and    | **Date:** October 30, 2007
    DOES 1 through 10, inclusive,        | **Time:** 9:30 a.m.
                                         | **Courtroom:** 11 (19th Floor)
15              Defendants.              | **Judge:** Martin J. Jenkins

16                                       | Action Removed: July 13, 2007
                                         | Trial Date: None
17

18                                       | **Accompanying Documents.** Memorandum of
                                         | Points and Authorities; Declaration of Garret
                                         | D. Murai; [Proposed] Order re. Revised Case
19                                       | Management Schedule

20

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that on October 30, 2007 at 9:30 a.m. in Courtroom 11 of this

23  Court located at 450 Golden Gate Avenue, San Francisco, California, or as soon thereafter as this

24  matter may be heard, Plaintiff RICHARD TRAVERSO will move this Court for relief from the

25  Case Management Schedule in this action pursuant to Local Rule 16-2(d).

26  ///

27  ///

28  ///

AIKEN, KRAMER & CUMMINGS
INCORPORATED

1    Plaintiff's motion is made on the following grounds:

2    1.    This is an unlawful detainer action.    California state law provides for the

3    expedited adjudication of unlawful detainer actions.    These expedited procedural rules do not

4    have a counterpart in the Federal Rules.

5    2.    This Court has issued a Clerks Notice (Setting Case Management Conference in

6    Reassigned Case) setting a Case Management Conference on November 6, 2007 ("Notice").  The

7    Notice requires that Plaintiff file a Case Management Statement pursuant to Federal Rules 16

8    and 26.  The Federal Rules provide different procedural rules than do California state rules

9    governing unlawful detainer actions.

10    3.    Plaintiff respectfully request that this Court enter an order that California state

11    rules governing unlawful detainer actions apply to this action.

12    Plaintiff's motion is based on this Notice of Motion and Motion for Relief of Case

13    Management Schedule; the accompanying Memorandum of Points and Authorities and

14    Declaration of Garret D. Murai; and any other pleadings, documents, records, files and other

15    evidence as may be presented.

16    Dated: September _10_, 2007          AIKEN, KRAMER & CUMMINGS, INC.

17

18    By _____

19          Garret D. Murai
            Attorneys for Plaintiff
20          RICHARD TRAVERSO

21

22

23

24

25

26

27

28

AIKEN, KRAMER & CUMMINGS
INCORPORATED

2
NOTICE OF MOTION AND MOTION

## PROOF OF SERVICE

**Re:**    ***Traverso v. Clear Channel Outdoor, Inc., et al.***
          **Case No.: C07-3629 MJJ**

    I, the undersigned, state that I am a citizen of the United States and employed in the City of Oakland, County of Alameda, State of California, in the office of a member of the bar of this court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 1111 Broadway, Suite 1500, Oakland, California 94607.

    On the date set forth below, I served the following document described as:
**NOTICE OF MOTION AND MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**
as follows to the address(es) set forth below:

Scott D. Baker
Jonah D. Mitchell
David S. Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Tel: 415/543-8700
Fax: 415/391-8269

⊠    **BY E-FILING:** via the court-mandated e-filing service.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 20, 2007                    _____

                                            Karen Kornfeld

L:\TRAVE\7\Pleadings\POS_RR_e-filing.doc

1  Matthew F. Graham, State Bar No. 95194
   Richard A. Sipos, State Bar No. 126982
2  Garret D. Murai, State Bar No. 215667
   **AIKEN, KRAMER & CUMMINGS, INC.**
3  1111 Broadway, Suite 1500
   Oakland, California 94607
4  Telephone: (510) 834-6800
   Facsimile: (510) 834-9017
5  E-mail: gmurai@akclawfirm.com

6  Attorneys for Plaintiff
   RICHARD TRAVERSO

7

8                 **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  RICHARD TRAVERSO, | Case No. C07-3629 MJJ |
| 12      Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE** |
| 13   vs. | |
| 14  CLEAR CHANNEL OUTDOOR, INC.; and DOES 1 through 10, inclusive, | Date:        October 30, 2007 |
| 15      Defendants. | Time:        9:30 a.m. |
| | Courtroom:   11 (19th Floor) |
| | Judge:       Martin J. Jenkins |
| 16 | |
| 17 | Action Removed:  July 13, 2007 |
| | Trial Date:      None |
| 18 | **Accompanying Documents**. Notice of Motion |
| 19 | and Motion; Declaration of Garret D. Murai; [Proposed] Order re. Revised Case Management Schedule |
| 20 | |

21      Plaintiff RICHARD TRAVERSO respectfully submits the following Memorandum of

22  Points and Authorities:

23                          **I.     INTRODUCTION**

24      Plaintiff RICHARD TRAVERSO is a lessor (through assignment) and Defendant

25  CLEAR CHANNEL OUTDOOR, INC. is a lessee (also through assignment) under a commercial

26  lease agreement effective May 1, 1984 ("Lease"). Murai Decl., Ex. A. The Lease is for use of

27  billboard space located between 650-660 Bryant Street in San Francisco, California. The Lease,

28  which was originally for a term of five years, was subsequently extended by letter agreements to

---

                                    1

AIKEN, KRAMER & CUMMINGS
INCORPORATED

AIKEN, KRAMER & CUMMINGS
INCORPORATED

1   February 28, 2007. Murai Decl., Ex. B. Prior to the end of the most recent lease term, Plaintiff

2   served Defendant with a notice of termination of the Lease pursuant to the Lease. By its own

3   terms, the Lease expired on February 28, 2007. Nevertheless, Defendant has refused to

4   relinquish possession of the property.

5          Plaintiff filed his unlawful detainer complaint in the San Francisco Superior Court on

6   June 4, 2007. On June 25, 2007, Defendant filed a demurrer to which Plaintiff timely responded

7   on July 12, 2007. On July 13, 2007, while its demurrer was pending, Defendant removed the

8   action to this Court. That same day, this Court issued an Order Setting Initial Case Management

9   Conference and ADR Deadlines. On July 1, 2007, Defendant filed a Declination to Proceed

10  Before a Magistrate Judge and Request for Reassignment to a United States District Judge. The

11  case was reassigned to the Honorable Martin J. Jenkins on July 30, 2007. On August 9, 2007,

12  this Court issued a Clerk's Notice (Setting Case Management Conference in Reassigned Case)

13  ("Notice"). The Notice sets a Case Management Conference on November 6, 2007 and provides

14  that Case Management Statements are due by October 30, 2007. On August 23, 2007, Plaintiff

15  sent a meet and confer letter to Defendant pursuant to Local Rule 16-2(d) requesting that

16  Defendant stipulate that California state procedural requirements governing unlawful detainer

17  actions apply to this action.     Murai Decl., Ex. C.    To date, Defendant has not agreed to

18  Plaintiff's proposed stipulation. Murai Decl., Ex. D.

19         Pursuant to Federal Rules 16 and 26, Case Management Statements require certain

20  disclosures, which in turn reference other Federal Rules concerning discovery and other matters.

21  The Federal Rules provide different procedural rules than do California state rules governing

22  unlawful detainer actions.    California state law provides for the expedited adjudication of

23  unlawful detainer actions.   These expedited procedural rules do not have a counterpart in the

24  Federal Rules. As such, by this motion, Plaintiff seeks an order from the Court that California

25  state law governing unlawful detainer actions shall apply to this action.[1]

26  ///

27

28  _____

[1] Plaintiff brings this motion by regular notice rather than ex parte because, at the time of filing the motion, the earliest hearing date available from the Court was October 30, 2007.

MEMORANDUM OF POINTS AND AUTHORITIES
L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Points.doc

1

## II.    DISCUSSION

2

**A.    Local Rule 16-2(d) Permits Parties to Move for Relief from a Case Management Schedule**

3

4    Local Rule 16-2(d) provides that "[b]y serving and filing motion with the assigned judge

5    pursuant to Civil L.R. 7, a party, including a party added later in the case, may seek relief from

6    an obligation imposed by FRCivP 16 or 6 or the Order Setting Initial Case Management

7    Conference." A motion brought pursuant to Local Rule 16-2(d) must:

8    (1)    Describe the circumstances which support the request;

9    (2)    Affirm that counsel for the moving party has conferred with all other
counsel in an effort to reach agreement about the matter and, for each
10    other party, report whether that party supports or opposes the request for
relief;

11

12    (3)    Be accompanied by a proposed revised case management schedule; and

13    (4)    If applicable, indicate any changes required in the ADR process or
schedule in the case.

14    As discussed below, good cause exists for this Court to grant Plaintiff's motion pursuant

15    to Local Rule 16-2(d).

16    **B.    Good Cause Exists for This Court to Grant Plaintiff's Motion Pursuant to
Local Rule 16-2(d)**

17

18    California's unlawful detainer statutes are intended to summarily adjudicate the issue of

19    right to possession of real property. *Hutcherson v. Lehtin* (1970 N.D. Cal.) 313 F. Supp. 1324,

20    1328-1329. These statutes require a ". . . quick and ready determination of the forfeiture of the

21    lease . . . ." *Id.* (quoting California Supreme Court in *Telegraph Avenue Corp. v. Raentsch*

22    (1928) 205 Cal. 93, 98). This Court has applied these state procedural rules to unlawful detainer

23    actions pending before this Court. *See e.g., United States of America v. Hilliard* (1995 N.D.

24    Cal.) 1995 U.S. Dist LEXIS 4637; *United States of America v. Duque* (1993 N.D. Cal.) 1993

25    U.S. Dist. LEXIS 2998; *Gallman v. Pierce, Jr.* (1986 N.D. Cal.) 634 F. Supp. 472.

26    ///

27    ///

28    ///

AIKEN, KRAMER & CUMMINGS
INCORPORATED

3

MEMORANDUM OF POINTS AND AUTHORITIES
L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Points.doc

1   Among other requirements, California's unlawful detainer statutes provide as follows:

2       1.   **Complaints and Answers**.   California's unlawful detainer statutes provide

3   specific requirements governing the form and content of unlawful detainer complaints. Code of

4   Civ. Proc. §1166.   A defendant is required to answer (or demurrer to) an unlawful detainer

5   complaint within 5 days of service.[2]  Code of Civ. Proc. §1167.3.

6       2.   **Discovery**.[3]  Shortened discovery deadlines apply in unlawful detainer actions.

7   Depositions may be taken with five days notice and must be taken no later than five days before

8   trial.  Code of Civ. Proc. §2025.270.   Responses to interrogatories are due within five days of

9   service.  Code of Civ. Proc. §2030.260(a).   Responses to requests for production of documents

10  (including inspection of the property) are due within five days of service.  Code of Civ. Proc.

11  §2031.260.  And responses to request for admissions are due within five days of service.  Code

12  of Civil Proc. §2033.250.

13      3.   **Summary Judgment**.  Summary judgment motions may be filed at any time after

14  an answer is filed and may be heard with five days notice.   Code of Civ. Proc. §1170.7.

15  California's unlawful detainer statutes do not provide for the timing of filing opposition and

16  reply briefs to a motion for summary judgment.   However, most courts have local rules

17  governing summary judgment motions in unlawful detainer actions.  Local Rule 8.7A.2. of the

18  San Francisco Superior Court, where this action was originally venued, provides as follows:

19      If a summary judgment/adjudication motion in an unlawful detainer action is
        personally served, it must be filed with the Court and served at least five (5) days
20      prior to the hearing.  If the motion is served by mail, it must be served at least ten
        (10) days prior to the hearing and filed with the Court five (5) days prior to the
21      hearing.  If the summary judgment/adjudication motion is personally served, the
        opposition is due by 12 p.m. (Noon) on the Court day prior to the hearing.  If the
22      summary judgment/adjudication motion is served by mail, opposition is due two
        (2) Court days prior to the hearing.  Reply is due by 8:15 a.m. on the morning of
23      the hearing.

24  ///

25  ///

---

26  [2] The deadline to answer is relevant to Defendant's motion to dismiss set for hearing on October 2, 2007. Should
27  this Court deny Defendant's motion, Defendant should be required to file an answer within 5 days of entry of the
    order.
28  [3] Plaintiff has to date withheld serving any discovery. Plaintiff believes that the discovery procedures applicable to
    unlawful detainer actions under state law apply, but without the Court's clarification, Defendant will likely object to
    any discovery propounded by Plaintiff in accordance with such state law.

4

AIKEN, KRAMER & CUMMINGS
INCORPORATED

1    4.    **Trial Setting**.    Courts are required to give unlawful detainer actions trial
2  preference over nearly all other categories of civil actions. Code of Civ. Proc. §1179a. Unlawful
3  detainer actions are required to be set for trial no later than the 20th day following the date that a
4  request for trial setting is made, even if a jury is demanded. Code of Civ. Proc. §1170.5. If the
5  trial is not held within the time specified, the court, upon finding at a hearing that there is a
6  reasonable probability that the plaintiff will prevail, shall determine the amount of damages, if
7  any, to be suffered by the plaintiff by reason of the extension and issue an order requiring the
8  defendant to pay that amount into court. *Id.* If the defendant fails to make the payment ordered
9  by the court, trial of the action shall be held within 15 days of the date payment was due. *Id.*

10    5.    **Judicial Council Forms**.    The California Judicial Council has promulgated
11  several forms, both optional and mandatory, for use in unlawful detainer actions. For example,
12  the Judicial Council has a mandatory form for use when setting an unlawful detainer action for
13  trial.

14    California state law provides different procedural rules governing unlawful detainer
15  actions than do the Federal Rules (which do not address unlawful detainer actions). This Court
16  has applied California state law to unlawful detainer actions before this Court. As such, good
17  cause exists for this Court to enter an order that California state law (including the use of Judicial
18  Council forms and the local rules of the San Francisco Superior Court governing the timing and
19  filing of opposition and reply briefs to summary judgment motions) shall apply to this action.

### III.    CONCLUSION

21    For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's
22  Motion for Relief from Case Management Schedule and enter an order in accordance with the
23  proposed revised case management schedule filed concurrently herewith.

24  Dated: September 10, 2007        **AIKEN, KRAMER & CUMMINGS, INC.**

26        By _____
27        Garret D. Murai
      Attorneys for Plaintiff
28        RICHARD TRAVERSO

**AIKEN, KRAMER & CUMMINGS**
INCORPORATED

5
MEMORANDUM OF POINTS AND AUTHORITIES
L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Points.doc

## PROOF OF SERVICE

**Re:**    *Traverso v. Clear Channel Outdoor, Inc., et al.*
           **Case No.: C07-3629 MJJ**

        I, the undersigned, state that I am a citizen of the United States and employed in the City of Oakland, County of Alameda, State of California, in the office of a member of the bar of this court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 1111 Broadway, Suite 1500, Oakland, California 94607.

        On the date set forth below, I served the following document described as:
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**
as follows to the address(es) set forth below:

Scott D. Baker
Jonah D. Mitchell
David S. Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Tel: 415/543-8700
Fax: 415/391-8269

☒      **BY E-FILING:** via the court-mandated e-filing service.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date: September 20, 2007                    _Karen Kornfeld_

                                           Karen Kornfeld


L:\TRAVE\7\Pleadings\POS_RR_e-filing.doc

1  Matthew F. Graham, State Bar No. 95194
   Richard A. Sipos, State Bar No. 126982
2  Garret D. Murai, State Bar No. 215667
   **AIKEN, KRAMER & CUMMINGS, INC.**
3  1111 Broadway, Suite 1500
   Oakland, California 94607
4  Telephone: (510) 834-6800
   Facsimile: (510) 834-9017
5  E-mail: gmurai@akclawfirm.com

6  Attorneys for Plaintiff
   RICHARD TRAVERSO

7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

   RICHARD TRAVERSO,                     Case No. C07-3629 MJJ
11
            Plaintiff,                    **DECLARATION OF GARRET D. MURAI**
12                                        **IN SUPPORT OF MOTION FOR RELIEF**
       vs.                               **FROM CASE MANAGEMENT**
13                                        **SCHEDULE**
   CLEAR CHANNEL OUTDOOR, INC.; and
14 DOES 1 through 10, inclusive,          Date:        October 30, 2007
                                          Time:        9:30 a.m.
15          Defendants.                   Courtroom:   11 (19th Floor)
                                          Judge:       Martin J. Jenkins
16
                                          Action Removed:  July 13, 2007
17                                        Trial Date:      None

18                                        **Accompanying Documents**. Notice of Motion
                                          and Motion; Memorandum of Points and
19                                        Authorities; [Proposed] Order re. Revised Case
                                          Management Schedule
20

21         I, Garret D. Murai, declare:

22         1.      I am an attorney licensed to practice law in the State of California and am

23  admitted to practice before the U.S. District Court for the Northern District of California. I am

24  an associate with Aiken, Kramer & Cummings, Inc., attorneys of record for Plaintiff RICHARD

25  TRAVERSO.

26         2.      This declaration is made in support of Plaintiff's Motion for Relief from Case

27  Management Schedule. I have personal knowledge of the matters stated herein and if called

28  upon to testify could and would competently do so.

                                          1

1       3.      Attached as Exhibit A is a true and correct copy of the lease between Plaintiff and

2   Defendant CLEAR CHANNEL OUTDOOR, INC. ("Lease") which was attached as part of

3   Exhibit 1 to Plaintiff's complaint.

4       4.      Attached as Exhibit B is a true and correct copy of the letter agreements extending

5   the term of the Lease which were attached as part of Exhibit 1 to Plaintiff's complaint.

6       5.      Attached as Exhibit C is a true and correct copy of letter I sent to Plaintiff's

7   counsel requesting that Plaintiff stipulate that California state procedural requirements governing

8   unlawful detainer actions apply to this action.

9       6.      Attached as Exhibit D is a true and correct copy of a letter I received from

10   Plaintiff's counsel in response to my letter.   To date, Defendant has not agreed to Plaintiff's

11   proposed stipulation.

12       I declare under penalty of perjury under the laws of the State of California that the

13   foregoing is true and correct.

14       Executed this ___10___ day of September in Oakland, California.

15

16

17                     Garret D. Murai

18

19

20

21

22

23

24

25

26

27

28

AIKEN, KRAMER & CUMMINGS
INCORPORATED

DECLARATION OF GARRET D. MURAI

L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Murai Decl..doc

**Exhibit A**

**Foster & Kleiser**
A METROMEDIA COMPANY

#07-15735

Date_____

LCF-1 (5-77)

1. The undersigned, as Lessor, hereby leases and grants exclusively to Foster and Kleiser, Division of Metromedia, Inc., as Lessee, the property (with free access to and upon same) located in the City of _____San Francisco_____ County of _____San Francisco_____, State of _____California_____, described as:

_____650-60 Bryant St. (NL 275' E/o 5th St.) (159.82' x 110.58' irreg.)_____

_____Assessor's Block 3761, Lot 7_____

as per map thereof recorded in the Office of the County Recorder of _____San Francisco_____ County, State of _____California_____, for a term of fifteen (15) years from _____May 1,_____, 19_84_, for the purpose of erecting and maintaining advertising signs thereon, including necessary supporting structures, devices, illumination facilities and connections, service ladders, and other appurtenances thereon.

2. Lessee shall pay to the Lessor rental in the amount of _____Three thousand six hundred and no/100_____ ———————————————— (\$ 3,600.00) Dollars per year, payable on a monthly basis. Prior to construction and for the entire period during which no advertising copy is being displayed on the property by Lessee, the rental shall be Ten (\$10.00) Dollars.

3. Lessee shall save the Lessor harmless from all damage to persons or property by reason of accidents resulting from the negligent acts of its agents, employees or others employed in the construction, maintenance, repair or removal of its signs on the property.

4. Lessor agrees that he, his tenants, agents, employees, or other persons acting in his or their behalf shall not place or maintain any object on the property or on any neighboring property which would in any way obstruct or impair the view of Lessee's sign structures. If such an obstruction or impairment occurs, the Lessee, without limiting such other remedies as may be available, has the option of requiring the Lessor to remove said obstruction or impairment, or the Lessee may itself remove the obstruction or impairment charging the cost of said removal to the Lessor, or the Lessee may reduce the rental herein paid to the sum of Five (\$5.00) Dollars per year so long as such obstruction or impairment continues.

5. If the view of Lessee's signs is obstructed or impaired in any way, or if the value of such signs is diminished by reason of diversion or reduction of vehicular traffic, or if the use of any such signs is prevented or restricted by law, or if for any reason a building permit for erection or modification of any such signs is refused, the Lessee may immediately, at its option, adjust the rental in direct proportion to the decreased value of the leased premises for advertising purposes resulting from any of the foregoing circumstances, or may terminate the lease and receive adjustment for all rent paid for the unexpired term.

6. If Lessee is prevented by law, or government or military order, or other causes beyond Lessee's control from illuminating its signs, the Lessee may reduce the rental provided by paragraph 2 by one-half (½), with such reduced rental to remain in effect so long as such condition continues to exist.

7. This Lease shall continue in full force and effect for its term and thereafter for subsequent successive like terms unless terminated at the end of such term or any successive like term upon written notice by the Lessor or Lessee served sixty (60) days before the end of such term or subsequent like term, provided that Lessee shall have the right to terminate the Lease at the end of any sixty day period upon written notice to Lessor served not less than sixty (60) days prior to the end of such sixty day period. Lessor shall have the right to terminate the Lease at any time during the period of this Lease if the Lessor is to improve the unimproved property by erecting thereon a permanent private commercial or residential building. Lessee shall remove its signs within sixty (60) days after receipt of a copy of the applicable building permit. The Lessor will, upon giving such notice of building, return to the Lessee all rent paid for the unexpired term plus the total cost of the construction and the removal of Lessee's signs, less 1/180th of such cost for each full month of this Lease prior to the notice of termination. If Lessor fails to commence the erection of the private commercial or residential building within sixty (60) days after Lessee removes its signs, Lessee shall again have the right to occupy the premises and maintain advertising signs subject to the provisions of this Lease. If any portions of the property are not to be utilized for such building, the Lessee has the option to use the remaining portion on the same terms, except that the rent shall be proportionately reduced.

8. It is agreed between the parties that Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease, or after the expiration of this Lease.

9. This lease shall constitute the sole agreement of the parties relating to the lease of the above described premises. Neither party will be bound by any statements, warranties, or promises, oral or written, unless such statements, warranties or promises are set forth specifically in this Lease.

10. The word "Lessor" as used herein shall include Lessors. This lease is binding upon and inures to the benefit of the heirs, executors, successors, and assigns of Lessee and Lessor.

11. Lessor represents that he is the owner(s) ☒ tenant(s) ☐ other(s) ☐ _____ of the property covered by this Lease and has the authority to execute this Lease. All rents to be paid pursuant to this Lease, and all notices are to be forwarded to the undersigned Lessor at the address noted below the Lessor's signature.

EXECUTED by the Lessor in the presence of _____
who is hereby requested to sign as witness.                    ID Number 94-1690361

WITNESS: _____

ACCEPTED: FOSTER AND KLEISER
Division of Metromedia, Inc.

By: _____

LESSOR(S)
X _____Nancy T. Jackman_____
Nancy T. Jackman
Address:  c/o Hogland Bogart & Bertero
          ATTN Tom Gille

**Exhibit B**

**patrick**

PATRICK MEDIA GROUP, INC.

1601 MARITIME STREET
OAKLAND, CA 94607
(510) 835-5900

February 26, 1993

Mr. Tim Muller
Harrigan-Weidenmuller
300 Montgomery Street, Suite 110
San Francisco, CA  94104

     RE:  Lease #15-15735, San Francisco
           #650-660 Bryant Street (NL 275' E/o 5th Street)
           San Francisco

Dear Mr. Muller:

     This letter is in reference to our latest conversation regarding the extension of our lease for the sign structure at the subject location.

     The purpose of this letter is to extend the current lease for four years effective March 1, 1993.  The rental will be increased, as discussed, under the following four year schedule:

|     |                          |                   |                  |
| --- | ------------------------ | ----------------- | ---------------- |
| 1.  | March 1, 1993            | $1,600.00/month   | $19,200.00/year  |
| 2.  | March 1, 1994            | $1,650.00/month   | $19,800.00/year  |
| 3.  | March 1, 1995            | $1,700.00/month   | $20,400.00/year  |
| 4.  | March 1, 1996 to 1997    | $1,750.00/month   | $21,000.00/year  |

All other terms and conditions of the existing lease agreement shall remain the same.

     If this meets with your approval, please have Ms. Jackman sign where indicated and return the original of this letter to this office for prompt processing.  The copies are for your file and Ms. Jackman's records.

     Should you have any questions concerning this matter please contact me.  Thank you again for all your patience and cooperation in this matter.

                        Yours truly,

ACCEPTED AND APPROVED:

*Nancy T. Jackman*
Nancy T. Jackman

                    James Hughes
                    Real Estate Department

                    David McWalters
                    Manager
                    Real Estate Department

JGH/ab



**ELLER**
MEDIA COMPANY

January 23, 1998

Mr. Brian D. Muller
Harrigan, Weidenmuller Co.
300 Montgomery Street
Suite 660
San Francisco, CA 94104

RE: Lease #15-15735, San Francisco
    650-660 Bryant St. (NL 275' E/O 5th St.)

Dear Mr. Muller:

This letter is in reference to the advertising structure
located on the above described property.

Eller Media Company is agreeable to maintaining the monthly
rental at $1,750.00, payable monthly, effective March 1,
1997. Effective October 1, 1997, the monthly rental shall
increase to $1,900.00, payable monthly. Effective March 1,
1998, the annual rental shall increase to $23,712.00, payable
monthly. Effective March 1, 1999, and for each year
thereafter, the annual rental shall increase by four percent
(4%). The term of this agreement shall be five (5) years. All
other terms and conditions of the existing Lease Agreement
dated May 1, 1984, shall remain the same.

If this agreement meets with your clients approval, please
have the original of this letter signed and returned to this
office for processing. The copy is to be for your records.

Please contact me at (510) 835-5900 with any other questions.
Thank you for your consideration in this matter.

Sincerely,

David C. Sweeney
Real Estate Manager
Northern California Division

**ACCEPTED AND APPROVED:**

Nancy T. Jackman's *Agent*

NORTHERN CALIFORNIA DIVISION
1601 MARITIME STREET, OAKLAND, CALIFORNIA 94607
(510) 835-5900    FAX (510) 835-1024

03/22/02  13:59 FAX 1510  3410     Eller Media Co                    ☒001



March 22, 2002                              SENT VIA FACSIMILE
                                           TRANSMISSION
                                           (415) 434-3603


Mr. Brian D. Muller
Harrigan, Weidenmuller Co.
300 Montgomery St.
Suite 660
San Francisco, CA 94104

RE: Lease #15-15735, San Francisco
    650-660 Bryant St. (NL 275' E/O 5th St.)

Dear Mr. Muller:

This letter is in reference to the advertising structure
located on the property described above.

Clear Channel Outdoor is agreeable to increasing the annual
rental to $29,700.00, payable monthly, effective March 1,
2002. Effective March 1, 2003, and for each year
thereafter, the annual rental shall increase by four
percent (4%). The term of this agreement shall be five (5)
years. All other terms and conditions of the existing Lease
Agreement dated May 1, 1984 shall remain the same.

Should this agreement meet with your client approval,
please sign both letters and return one copy to my office
for further processing. The copy is to be retained for your
records.

Please contact me at (510) 835-5900 should you have any
questions. Thank you for your consideration in this matter.

Sincerely,                          ACCEPTED AND AGREED:


David C. Sweeney                    Brian D. Muller
Vice President/Real Estate          _____
Northern California Division        Nancy T Jackman

                                    as agent for Nancy
                                                 T. Jackman

ClearChannel Outdoor

CONFORMED COPY
RECORDED AT REQUEST OF
COMMONWEALTH LAND
TITLE COMPANY

AT
ON ___2/10___ 20_06_ M.
SERIES NO. 2006-I24-794
IN San Francisco COUNTY

WHEN RECORDED RETURN TO:

Steven J. Cramer, Esq.
Aiken, Kramer & Cummings, Inc.
1111 Broadway, Suite 1500
Oakland, California 94607-4036

---

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

### Assignment of Lessor's Interest in Lease

This Assignment of Lessor's Interest in Lease ("Assignment") is made effective as of the 4th day of February, 2006 by Robert Dreyer and Estol T. Carte, Co-Trustees of the Nancy Tilden Jackman Trust established by Trust Agreement dated November 23, 2004 (collectively, "Assignor") and Richard Traverso ("Assignee").

### Recitals:

Whereas, Assignor is the owner of that certain real estate commonly known as 650 - 660 Bryant Street, in the City and County of San Francisco, legally described on "Exhibit A" attached hereto and made a part hereof (the "Real Estate").

Whereas, Assignor has granted to Assignee an easement in gross across a portion of the Real Estate for purposes of posting, painting, constructing and maintaining signs on the Real Estate, and related purposes (the "Sign Easement").

Whereas, the Real Estate is currently subject to a lease (for purposes of erecting and maintaining signs) dated May 1, 1984 by and between Assignor's predecessor, Nancy T. Jackman, as lessor, and Foster and Kleiser, as lessee, and addenda thereto (collectively, the "Sign Lease"). Clear Channel Outdoor is the current lessee under the Sign Lease. Nancy T. Jackman's interest as lessor under the Sign Lease was previously assigned to Assignor.

Whereas, in connection with the grant of the Sign Easement, Assignor desires to assign to Assignee, and Assignee desires to accept the assignment of, Assignor's interest as lessor in the Sign Lease. The parties acknowledge that Assignee does not hold fee title to the Real Estate.

### Assignment:

For value received, and the agreement of Assignee as set forth below, Assignor hereby assigns and transfers to Assignee all of Assignor's right, title and interest in and to the Sign Lease, and Assignee agrees to and does hereby accept said assignment. Assignee expressly assumes all of Assignor's obligations under the Sign Lease arising after the date of this Assignment.

assumes all of Assignor's obligations under the Sign Lease arising after the date of this Assignment.

WHEREAS, this Assignment has been executed to be effective on the date first written above.

Assignee:

RICHARD TRAVERSO

**Assignor:**

ROBERT DREYER and ESTOL T.
CARTE, CO-TRUSTEES OF THE
NANCY TILDEN JACKMAN TRUST
ESTABLISHED BY TRUST
AGREEMENT DATED NOVEMBER 23,
2004

ROBERT DREYER, CO-TRUSTEE

ESTOL T. CARTE, CO- TRUSTEE

2

WHEREAS, this Assignment has been executed to be effective on the date first written above.

**Assignee:**

_____

RICHARD TRAVERSO

**Assignor:**

ROBERT DREYER and ESTOL T.
CARTE, CO-TRUSTEES OF THE
NANCY TILDEN JACKMAN TRUST
ESTABLISHED BY TRUST
AGREEMENT DATED NOVEMBER 23,
2004

_____
ROBERT DREYER, CO-TRUSTEE

_____
ESTOL T. CARTE, CO- TRUSTEE

**Exhibit C**

LAW OFFICES OF

# AIKEN, KRAMER & CUMMINGS

INCORPORATED

TELEPHONE (510) 834-6800              1111 BROADWAY, SUITE 1500              FAX (510) 834-9017

OAKLAND, CALIFORNIA 94607

August 23, 2007

## VIA FACSIMILE AND FIRST CLASS
## MAIL/(415) 391-8269

Scott D. Baker, Esq.
Jonah D. Mitchell, Esq.
David S. Reidy, Esq.
**REED SMITH LLP**
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111

       Re:    <u>**Traverso v. Clear Channel Outdoor, Inc., et al.**</u>
               Our File No. TRAVE-7

Dear Counsel:

      The purpose of this letter is to meet and confer pursuant to Rule 16-2(d) of the local rules of the U.S. District Court for the Northern District of California regarding relief from the current scheduling order so that the action can proceed in accordance with the expedited procedures provided under California law.

      As you know, this action is an unlawful detainer which, under California law, is subject to expedited proceedings. At present, we have the following dates calendared - your Motion to Dismiss is set for hearing on October 2, 2007 and a Case Management Conference is scheduled for November 6, 2007.   Because of the expedited schedule provided for unlawful detainer actions, we ask that you stipulate to the following schedule:

| <u>California Statutory Deadline</u> | <u>Statutory Reference</u> |
|---|---|
| Deadline to hear motion to dismiss – 21 calendar days after service extended by 5 additional calendar days if moving papers served by mail or 2 calendar days if served by fax, express mail, or other overnight delivery method. | CCP §1005(b); CRC 325(b) |
| Deadline to file opposition briefs – 9 court days before hearing. | CCP §1005(c) |
| Deadline to file reply briefs – 5 court days before hearing. | CCP §1005(c) |

Scott D. Baker, Esq.
Jonah D. Mitchell, Esq.
David S. Reidy, Esq.
**REED SMITH LLP**
August 23, 2007
Page 2

Deadline to file answer if motion denied – 5 calendar days   CCP §1167.3
after electronic delivery of notice of entry of order.

Deadline to file amended complaint and answer if motion   CCP §1167.3
granted with leave to amend – 5 calendar days to file
amended complaint after electronic delivery of notice of
entry of order; 5 calendar days to file answer after
electronic service of amended complaint.

Deadline to take action to trial – Within 20 days of filing   CCP §1170.5(b)
after filing of request for trial.

All other deadlines including, but not limited, to those related to defaults, discovery,
motions for summary judgment/adjudication shall comply with the unlawful detainer statutes set
forth under Code of Civil Procedure §1161 et seq. and related rules set forth under the California
Rules of Court.

Please let me know as soon as possible if you are amenable to the foregoing schedule. If
so, I will prepare a stipulation for your review. If not, we will proceed by noticed motion.

Very truly yours,

AIKEN, KRAMER & CUMMINGS, INC.

By _____
Garret D. Murai

MFG/kmk
cc:   Richard Traverso

LAW OFFICES OF

## AIKEN, KRAMER & CUMMINGS

INCORPORATED

TELEPHONE (510) 834-6800          IIII BROADWAY, SUITE I500          FAX (510) 834-9017

OAKLAND, CALIFORNIA 94607

### FACSIMILE TRANSMISSION

August 23, 2007



| To: | Firm | Phone | Fax |
|-----|------|-------|-----|
| Scott D. Baker, Esq.<br>Jonah D. Mitchell, Esq.<br>David S. Reidy, Esq. | Reed Smith LLP | | (415) 391-8269 |

**From:** Garret D. Murai

**Re:** __Traverso v. Clear Channel Outdoor, Inc., et al.__
Our File No. TRAVE-7

**Pages:** 3 (including cover sheet)

**Message**

Please see attached.

THIS FACSIMILE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE INDIVIDUAL(S) OR ENTITY(IES) TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT(S), YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS FACSIMILE AND ANY ATTACHMENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY THE SENDER AT (510) 834-6800. THANK YOU.
L:\TRAVE\7\Correspondence\Baker, Scott fax 08-23-07.doc

TRANSMISSION VERIFICATION REPORT

```
                                        TIME   : 08/23/2007 14:07
                                        NAME   :
                                        FAX    :
                                        TEL    :
                                        SER.#  : BROD2J322582
```

```
        DATE,TIME              08/23  14:06
        FAX NO./NAME           14153918269
        DURATION               00:00:52
        PAGE(S)                03
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

**Exhibit D**

# ReedSmith

David S. Reidy
Direct Phone: 415.659.5924
Email: dreidy@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
415.543.8700
Fax 415.391.8269

August 28, 2007

## _VIA FACSIMILE (510) 834-9017 & U.S. MAIL_

Mr. Garret D. Murai
Aiken, Kramer & Cummings
1111 Broadway, Suite 1500
Oakland, CA 94607

Re:    _Traverso v. Clear Channel Outdoor, Inc., et al._ U.S.D.C. C-07-3629 MJJ

Dear Mr. Murai:

We have reviewed your August 23 letter attempting to meet and confer regarding your client's proposed expedited schedule in this case. As a preliminary matter, we note that the proposed new deadlines are not calculated pursuant to current California law. For example, your proposed deadline for Clear Channel's motion to dismiss is 21 calendar days after service. However, section 1005(b) of the California Code of Civil Procedure, to which you cite, requires motions to be filed and served at least 16 _court_ days before the hearing. In addition, California Rule of Court ("CRC") 325, which you also cite, has been superseded by CRC 3.1320.

Notwithstanding these issues, we are conferring with our client regarding your proposal and will get back to you.

Sincerely,

David S. Reidy

DSR

cc:    Scott D. Baker, Esq.
       Jonah Mitchell, Esq.

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

DOCSSFO-12488992.1-DSREIDY

*LEAVE-1*
*CONTROLS*

# ReedSmith

## FAX TRANSMITTAL

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
+1 415 543 8700
Fax +1 415 391 8269

**From: David S. Reidy**
Direct Phone: +1 415 659 5933
Email: dreidy@reedsmith.com
Date:     August 28, 2007

## Total Number Of Pages Including Cover Page  2

## FAX TO

| Name | Company | Fax Number | Phone Number |
|------|---------|------------|--------------|
| Garret D. Murai | Aiken, Kramer & CUmmings | 510.834.9017 | |

**Original will follow via:**  ☐ Regular Mail   ☐ Overnight Delivery   ☐ Messenger   ☒ None

**NOTES:**

**If you do not receive all of the pages, please call Victoria E. Fedoroff at 213.457.8000.**

Please Transmit Before   ☐9  ☐10  ☐11 a.m.  ☐12  ☐1  ☐2  ☐3  ☐4  ☐5  ☐6  ☐7  ☐8 p.m.

| | | | |
|---|---|---|---|
| Client Number:   260157 | Matter Number:   60062 | Attorney Number:   6883 | |
| Transmission Time:                 a.m./p.m. | Finish Time:                  a.m./p.m. | | |
| Operator: | | | |

PLEASE NOTE: The information contained in this facsimile message may be privileged and confidential, and is intended only for the use of the individual(s) or entity named above who has been specifically authorized to receive it. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return all pages to the address shown above. Thank you.

DOCSSFO-12488699.1 8/28/07 10:09 AM

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

## PROOF OF SERVICE

**Re:**   *Traverso v. Clear Channel Outdoor, Inc., et al.*
         **Case No.: C07-3629 MJJ**

I, the undersigned, state that I am a citizen of the United States and employed in the City of Oakland, County of Alameda, State of California, in the office of a member of the bar of this court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 1111 Broadway, Suite 1500, Oakland, California 94607.

On the date set forth below, I served the following document described as:
**DECLARATION OF GARRET D. MURAI  IN SUPPORT OF MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**
as follows to the address(es) set forth below:

Scott D. Baker
Jonah D. Mitchell
David S. Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Tel: 415/543-8700
Fax: 415/391-8269

☒     **BY E-FILING:** via the court-mandated e-filing service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 20, 2007                    _K aren Kornfeld_

                                            Karen Kornfeld

L:\TRAVE\7\Pleadings\POS_RR_e-filing.doc

1  Matthew F. Graham, State Bar No. 95194
   Richard A. Sipos, State Bar No. 126982
2  Garret D. Murai, State Bar No. 215667
   **AIKEN, KRAMER & CUMMINGS, INC.**
3  1111 Broadway, Suite 1500
   Oakland, California 94607
4  Telephone: (510) 834-6800
   Facsimile: (510) 834-9017
5  E-mail: gmurai@akclawfirm.com

6  Attorneys for Plaintiff
   RICHARD TRAVERSO

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

   RICHARD TRAVERSO,                    Case No. C07-3629 MJJ
11
                Plaintiff,              **[PROPOSED] ORDER RE. REVISED
12                                      CASE MANAGEMENT SCHEDULE**

13      vs.                            **Date:**        October 30, 2007
                                       **Time:**        9:30 a.m.
14 CLEAR CHANNEL OUTDOOR, INC.; and    **Courtroom:**   11 (19th Floor)
   DOES 1 through 10, inclusive,       **Judge:**       Martin J. Jenkins
15
                Defendants.            Action Removed: July 13, 2007
16                                     Trial Date:     None

17

18     Plaintiff RICHARD TRAVERSO's Motion for Relief from Case Management Schedule

19 came on regularly for hearing on October 30, 2007 at 9:30 a.m. in Courtroom 11 of this Court

20 located at 450 Golden Gate Avenue, San Francisco, California. The Court having considered the

21 papers submitted, having heard oral argument as requested or ordered, rules as follows:

22     IT IS HEREBY ORDERED:

23     1.    Plaintiff's Motion for Relief from Case Management Schedule is GRANTED.

24     2.    The Clerk's Notice (Setting Case Management Conference in Reassigned Case)

25 filed August 9, 2007 is revised to add as follows:

26         (a)    The Federal Rules of Civil Procedure, Local Rules of the U.S. District

27 Court for the Northern District of California, and standing orders of the Honorable Martin J.

28

                                          1
              ORDER RE. REVISED CASE MANAGEMENT SCHEDULE
   L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Proposed Order.doc

1  Jenkins shall apply to this action, except as otherwise provided by California state law governing

2  unlawful detainer actions, and as otherwise ordered by the Court.

3          (b)    The parties are permitted to use California Judicial Council forms

4  applicable to unlawful detainer actions in this action.

5          (c)    Local Rule 8.7A.2. of the San Francisco Superior Court governing the

6  timing and filing of opposition and reply briefs to summary judgment motions shall apply to this

7  action.

8  Dated: _____

9

10

11                                    _____

                                      The Honorable Martin J. Jenkins

ORDER RE. REVISED CASE MANAGEMENT SCHEDULE
L:\TRAVE\7\Pleadings\Mtn. for Relief from Schedule Proposed Order.doc

AIKEN, KRAMER & CUMMINGS
INCORPORATED

# PROOF OF SERVICE

Re:  *Traverso v. Clear Channel Outdoor, Inc., et al.*
     **Case No.: C07-3629 MJJ**

   I, the undersigned, state that I am a citizen of the United States and employed in the City of Oakland, County of Alameda, State of California, in the office of a member of the bar of this court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 1111 Broadway, Suite 1500, Oakland, California 94607.

   On the date set forth below, I served the following document described as:
**[PROPOSED ORDER RE REVISED CASE MANAGEMENT SCHEDULE**
as follows to the address(es) set forth below:

Scott D. Baker
Jonah D. Mitchell
David S. Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Tel: 415/543-8700
Fax: 415/391-8269

☒    **BY E-FILING:** via the court-mandated e-filing service.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 20, 2007                    _____

                                            Karen Kornfeld

L:\TRAVE\7\Pleadings\POS_RR_e-filing.doc

1
PROOF OF SERVICE