# ReedSmith

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
+1 415 543 8700
Fax +1 415 391 8269

**David S. Reidy**
Direct Phone: +1 415 659 5933
Email: dreidy@reedsmith.com

September 24, 2007

Hon. Martin J. Jenkins, Courtroom 11
United States District Court
Northern District of California
450 Golden Gate Avenue
16th Floor, #1111
San Francisco, CA 94102

Re:   *Traverso v. Clear Channel Outdoor, Inc.*, USDC No. C07-03629 MJJ
      **Letter Response to September 20, 2007 Order to Show Cause re Jurisdiction**

Dear Judge Jenkins:

Defendant Clear Channel Outdoor, Inc. ("Clear Channel") respectfully submits its response to this Court's September 20, 2007 order to show cause why the Court has subject matter jurisdiction over the above-referenced action ("Action"). Pursuant to 28 U.S.C. section 1332, this Court has original subject matter jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C §1332(a)(1). This Action meets the requirements for diversity jurisdiction, as set forth below.

For diversity purposes, an individual's citizenship is determined by domicile [*see Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir.1983)]; a corporation is deemed to be a citizen both of the state of incorporation and the state in which it maintains its principal place of business [28 U.S.C. §1332(c)(1)]. Citizenship for diversity purposes is determined as of the date the action was filed. *See LeBlanc v. Cleveland*, 248 F. 3d 95, 100 (2d Cir.2001). To determine the amount in controversy, courts generally look to the damages sought. *See Hunt v. Wash. State Apple Advertising Assoc.*, 432 U.S. 333, 347 (1977).

This Action satisfies the requirements for diversity jurisdiction, as follows:

1.     Clear Channel is informed and believes that Plaintiff was, at the time of the filing of the Action, and still is, domiciled in California, and is therefore a citizen of California. Plaintiff admits in his Complaint that Clear Channel is a Delaware Corporation. Clear Channel also maintains its principal place of business in Arizona, and is therefore a citizen of Delaware and Arizona for diversity purposes. Thus, there is complete diversity of citizenship between the parties.

2.     This Action for unlawful detainer seeks possession of real property located at 650 Bryant Street in San Francisco, California ("Premises"). Plaintiff alleges that he is entitled to possession of the Premises from Clear Channel "because of expiration of a fixed-term lease" on February 28, 2007. Complaint, ¶¶6(d), 9. In addition to possession, Plaintiff seeks damages of the alleged fair rental value

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

DOCSSFO-12484895.2

**ReedSmith**

September 24, 2007
Page 2

of the Premises in an amount of $986.30 per day, as of March 1, 2007. Complaint, ¶11. The Action was filed on June 14, 2007. Thus, the amount in controversy as of the filing of the Action is the alleged fair rental value of the Premises from March 1, 2007 to June 14, 2007 – a period of 106 days – or, **$104,547.80** ($986.30 x 106 days). This exceeds the statutory minimum for diversity jurisdiction.

This Action was timely and properly removed to this Court. If the Court requires any additional information, please let us know.

Very truly yours,

David S. Reidy

DSR:vf

DOCSSFO-12484895.2