# ReedSmith

**David S. Reidy**
Direct Phone: +1 415 659 5933
Email: dreidy@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
+1 415 543 8700
Fax +1 415 391 8269

September 26, 2007

Hon. Martin J. Jenkins, Courtroom 11
United States District Court
Northern District of California
450 Golden Gate Avenue
16th Floor, #1111
San Francisco, CA 94102

Re:   *Traverso v. Clear Channel Outdoor, Inc.*, USDC No. C07-03629 MJJ
      **Response to September 20, 2007 Order to Show Cause re Applicable Procedure**

Dear Judge Jenkins:

Pursuant to this Court's September 20, 2007 order, Defendant Clear Channel Outdoor, Inc. ("Clear Channel") respectfully submits this letter addressing whether this Court should apply the California Code of Civil Procedure ("CCP") in this matter.

It is undisputed that this Court has subject matter jurisdiction over this action based on diversity. 28 U.S.C. §1332(a)(1); *see* Plaintiff's Response to OSC, Doc. 16. As a result, under the *Erie* doctrine, this Court should apply federal procedural law in this case. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 (1980). Indeed, courts in this district have previously applied federal procedural law to unlawful detainer cases removed from the California Superior Court.

In *Swords to Plowshares v. Kemp*, your honor held that removal of a state unlawful detainer action to this Court was proper, and applied federal procedural law in entering judgment for the defendant. 423 F.Supp.2d 1031, 1037 (N.D.Cal.,2005); Docket No. 44 (12/09/2005). In *Silberblatt v. U.S. Postal Service*, as in this case, the defendant in the underlying unlawful detainer action removed the case from California state court to this District Court for the Northern District of California. The Ninth Circuit upheld the district court's decision to apply the federal rules of procedure, rather than the summary procedure of California's unlawful detainer statute, even though the court applied California substantive unlawful detainer law to the merits of the parties' cross-motions for summary judgment. 2000 WL 61295, *3 (9th Cir.2000) (unpublished); *see also U.S. v. Wilson*, 881 F.2d 596, 600-601 (9th Cir.1989) (Eastern District Court's entry of summary judgment in an unlawful detainer case upheld where the district court applied federal procedural law and California substantive law to a California unlawful detainer claim).

The fact that the substantive requirements of California's unlawful detainer statute are contained in the CCP [*e.g.*, CCP §1161] does not by itself make them procedural in nature. As stated above, federal district courts in California have tested the merits of unlawful detainer claims against the

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

DOCSSFO-12491597.1-DSREIDY

Hon. Martin J. Jenkins, Courtroom 11
United States District Court
Northern District of California
September 26, 2007
Page 2

**ReedSmith**

requirements of the CCP, while still applying federal procedural law. Moreover, the cases cited in Plaintiff's September 25, 2007 letter brief to this Court (and in his pending motion seeking an order to have California procedural law applied in this case), do not demonstrate that the Northern District has applied California's procedural rules to unlawful detainer actions pending before this Court.

In *Gallman v. Pierce*,[1] the district court applied California procedural law on the basis that federal law expressly required the landlord to terminate the tenant's Section 8 lease in accordance with state procedures. 639 F.Supp. 472, 482-483 (N.D.Cal.,1986). In the *Hilliard*[2] and *Duque*[3] cases, the courts applied only those provisions of the CCP that set forth the *elements* of a cause of action for unlawful detainer. It is not clear from either opinion that the court applied the summary procedures set forth in the CCP, or otherwise abandoned the federal rules of procedure.

Accordingly, it is not necessary for the Court to apply California's procedural rules. Instead, the Court may proceed under the Federal Rules of Civil Procedure and its own rules for the pre-trial and discovery phase, as well as the trial. Finally, Clear Channel notes that this issue is also the subject of Plaintiff's pending motion, and therefore requests that the Court treat this letter brief as Clear Channel's opposition to the motion. If the Court requires additional pleading, however, Clear Channel will provide any such briefing that the Court requests.

Respectfully Submitted,

David S. Reidy

DSR:vf

DOCSSFO-12491597.1-DSREIDY

---

[1] Clear Channel notes that Plaintiff's cite for this case is incorrect. The correct cite for *Gallman v. Pierce*, is 639 F. Supp. 472 (N.D. Cal. 1986).
[2] 1995 U.S. Dist. LEXIS 4637 (N.D. Cal.1995).
[3] 1993 U.S. Dist. LEXIS 2998 (N.D. Cal.1993).