United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD TRAVERSO,

        Plaintiff,

  v.

CLEAR CHANNEL OUTDOOR INC,

        Defendant.

No. C07-03629 MJJ

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS UNLAWFUL
DETAINER COMPLAINT**

## INTRODUCTION

Before the Court is Defendant Clear Channel Outdoor, Inc.'s ("Defendant") Motion to Dismiss Unlawful Detainer Complaint.[1]  Plaintiff Richard Traverso ("Plaintiff") opposes the Motion. For the following reasons, the Court **DENIES** the Motion.

## FACTUAL BACKGROUND

The issue in this unlawful detainer action is whether Defendant has rental rights to a billboard space it rented from Plaintiff.  Plaintiff's material allegations are as follows.

The lease between the parties, first entered into in 1984, includes an automatic five-year term extension provision, provided that neither party gave notice of termination 60 days prior to the end of the lease. (Plaintiff's Complaint, "Complaint" at 2.)  The lease, if not automatically extended, would have ended on February 28, 2007. (Complaint at 2.)  Plaintiff alleges that he sent Defendant timely notice to terminate the lease on February 28, 2007. (Complaint at 2, Def.'s Mem. of P&A, Exh. 1 at

---

[1] Docket No. 7.

United States District Court

For the Northern District of California

1    2.)  Plaintiff further contends that Defendant did not vacate the premises on February 28, 2007.

2    (Complaint at 2.)

3         Plaintiff filed an unlawful detainer action in state court on June 14, 2007 as an unlimited civil

4    case (exceeding $25,000).  (Complaint at 1.)  Plaintiff, inter alia, demanded possession from

5    Defendant after the expiration of a fixed-term lease.  (*Id.* at 3.)  Defendant removed the action to

6    federal court on July 13, 2007 on the basis of diversity jurisdiction.  (Def.'s Notice of Removal at 1.)

7    Plaintiff is domiciled in California and Defendant is a Delaware corporation with its principal place

8    of business in Phoenix, Arizona.  (Def.'s 9/24 Ltr. Brf. at 1.)  The amount in controversy exceeds

9    $75,000.  (Def.'s Mem. of P&A, Exh. 1 at 3.)

10        Defendant now seeks to dismiss Plaintiff's complaint on two grounds: (1) Plaintiff's

11   complaint does not allege proper service of a notice of termination, and (2) Plaintiff's complaint is

12   vague and ambiguous because it contains contradictory allegations related to the date and manner of

13   service of the notice to terminate.

14                              **LEGAL STANDARD**

15        A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

16   sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a

17   Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the

18   Court ordinarily limits its review to the face of the complaint.  *See Van Buskirk v. Cable News*

19   *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  In considering a Rule 12(b)(6) motion, the Court

20   accepts the plaintiff's material allegations in the complaint as true and construes them in the light

21   most favorable to the plaintiff.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

22   Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or

23   failed to allege sufficient facts under a cognizable legal theory.  *See SmileCare Dental Group v.*

24   *Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*,

25   901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

26   Cir. 1984).  In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is

27   more than merely conceivable, but plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 127

28   S.Ct. 1955, 1974 (2007).

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANALYSIS**

**1.    Plaintiff's Unlawful Detainer Complaint is Not Deficient**

Pursuant to California Code of Civil Procedure ("CCP") § 1161(1), an unlawful detainer action brought after the lawful termination of a lease "does not require notification of either the tenant . . . or those under its control . . . before bringing an unlawful detainer suit." *U.S. v. Wilson*, 881 F.2d 596, 600 (9th Cir. 1989). The other types of unlawful detainer actions defined in CCP § 1161 require notice of the unlawful detainer action and are, therefore, subject to the notice requirements in CCP § 1162. *See* CAL. CIV. PROC. § 1161(2)-(5), 1162.[2] Furthermore, pursuant to CCP § 1165(a)(5), an unlawful detainer complaint shall "state specifically the method used to serve the defendant with the notice or notices of termination upon which the complaint is based." This requirement, however, may be satisfied by completing the appropriate Judicial Council form complaint. CAL. CIV. PROC. 1165(a)(5).

Defendant contends that Plaintiff's Complaint was deficient for failing to meet the notice requirements of CCP § 1162 and failing to state the method used to serve Defendant with the notice of termination as required by CCP § 1165. Defendant's arguments are unavailing. First, Plaintiff's action, commenced pursuant to CCP § 1161(1), does not require Plaintiff to notify Defendant before bringing an unlawful detainer suit. *See Wilson*, 881 F.2d at 600. The provisions in CCP § 1162 govern the three-day unlawful detainer notice required by some sections of CCP § 1161. Because CCP § 1161(1) does not require this type of notice, § 1162 is inapplicable. Furthermore, the "notice" referred to in the Complaint concerns Plaintiff's notice to Defendant of the termination of the lease and *not* Plaintiff's notice of a pending unlawful detainer action. (Complaint at 2.) Next, Plaintiff

---

[2]CCP § 1162 states:

The notices required by Sections 1161 and 1161a may be served, either:
1. By delivering a copy to the tenant personally; or,
2. If he or she is absent from his or her place of residence, and from his or her usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his or her place of residence; or,
3. If such place of residence and business can not be ascertained, or a person of suitable age or discretion there can not be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated. Service upon a subtenant may be made in the same manner.

3

United States District Court

For the Northern District of California

1   filed a Complaint on Judicial Council Form Complaint UD-100. (*See* Complaint at 1.)  Plaintiff

2   completed the form and thus met the requirements of § 1165(a)(5). *See* CAL. CIV. PROC. 1165(a)(5).

3   The Court is therefore not persuaded by Defendants contentions.

4   **2.      Plaintiff's Unlawful Detainer Complaint is not Contradictory, Vague or Ambiguous**

5           Defendant contends that Plaintiff's complaint is vague and ambiguous because it contains

6   contradictory allegations as to the date and manner of service of the notice to terminate. (Def.'s

7   Mem. of P. & A. at 5.)  Specifically, Defendant maintains that Plaintiff, in his Complaint, alleged

8   that he sent Defendant a notice of termination on February 28, 2007. (*Id.*)  This, Defendant

9   contends, contradicts the December 22, 2007 date on the copy of the notice of termination which

10  Plaintiff attached to the Complaint as an exhibit. (*Id.*)  Defendant, however, mis-reads the

11  Complaint.  The "February 28, 2007" date on page two refers to the date the Defendants failed to

12  comply with the requirements of the notice of termination and *not* the date the notice itself was sent.

13  (*See* Complaint at 2.).  Defendant's argument is, therefore, unavailing.

**CONCLUSION**

15          For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.[3]

18  **IT IS SO ORDERED.**

21  Dated: October 12, 2007

22                                                          MARTIN J. JENKINS
                                                            UNITED STATES DISTRICT JUDGE

---

28  [3]Plaintiff, in his Opposition to this Motion, seeks Rule 11 sanctions. (Plf.'s Opp. at 4-6.) Upon review of the record, the Court declines to exercise its discretion to initiate an order to show cause under Rule 11(c)(1)(B).

4
