Richard A. Sipos, State Bar No. 126982
Garret D. Murai, State Bar No. 215667
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Post Office Box 2047
Oakland, CA 94607-4036
Telephone: 510.834.6600
Facsimile: 510.834.1928
E-mail: rsipos@wendel.com

Attorneys for Plaintiff
RICHARD TRAVERSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD TRAVERSO, | Case No. C07-3629 MJJ |
| Plaintiff, | **REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE** |
| vs. | |
| CLEAR CHANNEL OUTDOOR, INC.; and DOES 1 through 10, inclusive, | Date: October 30, 2007<br>Time: 9:30 a.m.<br>Courtroom: 11 (19th Floor)<br>Judge: Martin J. Jenkins |
| Defendants. | |
| | Action Removed: July 13, 2007<br>Trial Date: None |

Plaintiff RICHARD TRAVERSO respectfully submits the following reply brief:

## I.   INTRODUCTION

This Court should, as it has consistently done in the past and in this case, apply California state procedural rules to this unlawful detainer action. As discussed below, the cases cited in Defendant CLEAR CHANNEL OUTDOOR, INC.'s opposition brief are either inapplicable or support a finding by this Court that state procedural rules rather than the Federal Rules of Civil Procedure apply to unlawful detainer actions in federal court.

///

///

## II. DISCUSSION

### A. None of the Cases Cited by Defendant Holds that the Federal Rules of Civil Procedure Apply to Unlawful Detainer Actions in Federal Court

Contrary to its assertions in its opposition brief, the cases cited by Defendant do not hold that the Federal Rules of Civil Procedure apply to unlawful detainer actions in federal court.

In *Swords to Plowshares v. Kemp*, 423 F.Supp.2d 1031 (N.D. Cal. 2005), the Court held that "unlawful detainers are subject to removal" and "decline[d] to find that unlawful detainers, as a matter of law, are not removable to federal court." *Id.* at 1037. *Swords to Plowshares* did not address whether the Federal Rules of Civil Procedure apply to unlawful detainer actions in federal court, let alone hold, as Defendant contends, that the Federal Rules of Civil Procedure apply to such actions.

The next case cited by Defendant is *Silberblatt, Inc. v. U.S. Postal Service*, 2000 WL 61295 (9th Cir. 2000). *Silberblatt* is an unpublished decision and, as such, is not citable under the local rules of this Court.[1] Civil L.R. 3-4(e) provides that "[a]ny order or opinion that is designated: 'NOT FOR CITATION,' pursuant to Civil L.R. 7-14 or pursuant to a similar rule of any other issuing court, may not be cited to this Court, either in written submissions or oral argument, except when relevant under the doctrines of law of the case, *res judicata* or collateral estoppel."

Finally, in *United States v. Wilson*, 881 F.2d 596 (9th Cir. 1989), the federal government brought an action for forcible entry and unlawful detainer against a lessee. The Ninth Circuit did not, contrary to Defendant's contention, hold that the Federal Rules of Civil Procedure apply to unlawful detainer actions in federal court. Indeed, the Court found, applying California procedural law, specifically California Code of Civil Procedure section 1161, which addresses the procedural requirements of giving notice to tenants, that a lessor need not give notice of

---

[1] Moreover, *Silberblatt* is, in any event, inapplicable to this case. *Silberblatt* involved an unlawful detainer action brought against the U.S. Postal Service, which raised the question of whether federal common law should apply, since there is an interest in having uniform federal laws apply where there is a dispute between the federal government and its lessors. The court did not address whether California procedural law should apply to unlawful detainer actions between private parties in federal court.

termination to a holdover tenant. *Id.* at 600.

### B. This District Has Consistently Applied California State Procedural Rules to Unlawful Detainer Actions in Federal Court

As discussed in Plaintiff's moving papers, this district has consistently applied state procedural rules to unlawful detainer actions. In *Gallman v. Pierce*, 639 F.Supp. 472 (N.D. Cal. 1986), the Court held that California state procedural rules governing unlawful detainer actions apply even when a tenant is being evicted from rental housing which participates in the federal Section 8 program. *Id.* at 477. The Court further held that the expedited trial setting provisions under the California Code of Civil Procedure apply to unlawful detainer actions in federal court. *Id.* at 477-78. Finally, the Court specifically found that the notice provisions under California Code of Civil Procedure section 1161(2), the manner in which unlawful detainer actions are to be instituted under California Code of Civil Procedure sections 1161 and 1166, and the use of special unlawful detainer forms created by the Judicial Council of California also apply to unlawful detainer actions in federal court. *Id.*

Two other cases found that California's procedural rules for unlawful detainer actions apply in federal court. In *United States of America v. Hilliard*, 1995 U.S. Dist. LEXIS 4637 (N.D. Cal. 1995), the federal government brought an action for ejectment and unlawful detainer against a lessee. The Court granted summary judgment in favor of the government finding that it had "established, beyond controversy, every essential element of its unlawful detainer claim under section 1161a of the California Code of Civil Procedure." *Id.* at 1. The Court further awarded the government damages in accordance with California Code of Civil Procedure section 1174(b). *Id.* at 2.

Finally, in *United States of America v. Duque*, 1993 U.S. Dist. LEXIS 2998 (N.D. Cal. 1993), another case in which the federal government brought an unlawful detainer action against a lessee, the Court found that "[t]he United States may recover possession of the 31 Fairfield Way property by instituting an action in the United States District Court for unlawful detainer under Cal. Civ. Proc. Code §§1159 et. seq." and concluded that "[t]his is the method to recover possession of improperly retained real property in California." *Id.* at 1. Again, the Court applied

California's procedural rules governing unlawful detainer actions.

### C. This Court Has Already Found that California Procedural Rules Apply to Unlawful Detainer Actions in Federal Court

In its recent order denying Defendant's motion to dismiss, the order cites with approval the case of *Wilson*. As discussed above, in *Wilson* the Ninth Circuit specifically applied California procedural rules to the unlawful detainer action brought by the federal government, finding that California Code of Civil Procedure section 1161 did not require the federal government to give notice of termination to a holdover tenant. This court's decisions in *Gallman*, *Hilliard*, and *Duque* are each consistent with *Wilson's* application of state procedural rules to unlawful detainer actions in federal court.

### D. Public Policy Supports The Application of State Procedural Rules to Unlawful Detainer Actions in Federal Court

California's unlawful detainer statutes are intended to summarily adjudicate the issue of right to possession of real property. *Hutcherson v. Lehtin*, 313 F.Supp. 1324, 1328-29 (N.D. Cal. 1970). These statutes require a ". . . quick and ready determination of the forfeiture of the lease . . . ." *Id.* (quoting the California Supreme Court in *Telegraph Avenue Corp. v. Raentsch* 205 Cal. 93, 98 (Cal. 1928).

Among other things, these statutes provide specific requirements governing the form and content of unlawful detainer complaints, accelerated timeframes for responding to unlawful detainer complaints, expedited deadlines for responding to written discovery, shortened periods for filing and opposing summary judgment motions, and preference in setting unlawful detainer actions for trial. Code of Civ. Proc. §§ 1159 et seq.

These state procedural rules differ substantially from the Federal Rules of Civil Procedure which do not contain any rules which address the special nature of unlawful detainer actions. As a result, Plaintiff would be significantly prejudiced should this Court find the Federal Rules of Civil Procedure, rather than California state procedural rules governing unlawful detainer actions, apply to this action. Defendant is currently offering to pay rent of $3,000 per month. The fair rental market value of the property is $30,000 per month. Plaintiff is therefore not receiving

$27,000 each month this action is delayed due to Defendant's various attempts to stall this litigation. Defendant currently owes Plaintiff $240,000 in back rent.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Relief from Case Management Schedule and enter an order in accordance with the proposed revised case management schedule filed with his moving papers.

Dated: October 16, 2007

**WENDEL, ROSEN, BLACK & DEAN LLP**

By: *[signature]*
Richard A. Sipos
Attorneys for Plaintiff
RICHARD TRAVERSO

## PROOF OF SERVICE

I, Liset L. Alvarado, declare:

I am a citizen of the United States and am employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California 94607-4036. On October 16, 2007, I served a copy of the within document(s):

**REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**

☒ By E-Filing: Via the court-mandated e-filing service

Scott D. Baker
Jonah D. Mitchell
David S. Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Phone: (415) 543-8700
Fax:    (415) 391-8269

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 16, 2007, at Oakland, California.

_/s/ Liset L. Alvarado_
Liset L. Alvarado

014965.0001\827582.1

PROOF OF SERVICE