Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
Jonah D. Mitchell (SBN 203511)
Email: jmitchell@reedsmith.com
David S. Reidy (SBN 225904)
Email: dreidy@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    415.543.8700
Facsimile:    415.391.8269

Attorneys for Defendant
CLEAR CHANNEL OUTDOOR, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TRAVERSO,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CLEAR CHANNEL OUTDOOR, INC., and<br>DOES 1 – 10,<br><br>                    Defendants. | Case No.: C07-3629 MJJ<br><br>**CLEAR CHANNEL OUTDOOR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## <u>ANSWER</u>

Defendant Clear Channel Outdoor, Inc. ("Clear Channel") hereby answers the allegations of the Complaint filed in this action by plaintiff Richard Traverso ("Plaintiff"). Unless expressly admitted herein, Clear Channel lacks sufficient information to admit or deny the allegations of the Complaint and, on that basis, denies the allegations.

1.      Answering Paragraph 1 of the Complaint, Clear Channel admits that Plaintiff purports to assert a cause of action for unlawful detainer against Clear Channel in this action. Except as

expressly admitted herein, Clear Channel lacks sufficient information to admit or deny the allegations of Paragraph 1 and, on that basis, denies the allegations contained therein.

2.    Answering Paragraph 2 of the Complaint, Clear Channel admits the allegations contained therein.

3.    Answering Paragraph 3 of the Complaint, Clear Channel admits the allegations contained therein.

4.    Answering Paragraph 4 of the Complaint, Clear Channel lacks sufficient information to admit or deny the allegations of Paragraph 4 and, on that basis, denies the allegations contained therein.

5.    Answering Paragraph 5 of the Complaint, Clear Channel lacks sufficient information to admit or deny the allegations of Paragraph 5 and, on that basis, denies the allegations contained therein.

6.    Answering Paragraph 6 of the Complaint, Clear Channel denies the allegations to the extent they imply or state that the initial term of the lease at issue ("Lease") was a single five (5) year term.  Clear Channel further denies that the termination date of the Lease, as amended, was February 28, 2007.  To the extent any of the allegations in Paragraph 6 are inconsistent with those terms and conditions of the Lease and its amendments, Clear Channel denies those allegations, and each of them.  As to Plaintiff's allegation that other amendments may exist to the Lease, but are not in Plaintiff's possession, Clear Channel lacks sufficient information to admit or deny these allegations and, on that basis, denies the allegations.  Except as expressly denied herein, Clear Channel admits the allegations of Paragraph 6.

7.    Answering Paragraph 7 of the Complaint, Clear Channel admits that a copy of a purported termination notice is attached to the Complaint as Exhibit 2.  Except as expressly admitted herein, Clear Channel denies the remaining allegations in Paragraph 7.

8.    Answering Paragraph 8 of the Complaint, Clear Channel denies the allegations contained therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

9.      Answering Paragraph 9 of the Complaint, Clear Channel admits that Plaintiff seeks possession of the premises by this action.  Except as expressly admitted herein, Clear Channel denies the remaining allegations in Paragraph 9.

10.     n/a

11.     Answering Paragraph 11 of the Complaint, Clear Channel denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (No Damages)

2.      Clear Channel alleges as an affirmative defense that Plaintiff has suffered no damages arising from the acts or omissions alleged by Plaintiff in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

### (Speculative Damage)

3.      Clear Channel alleges as an affirmative defense that the damages claimed by Plaintiff in the Complaint are speculative and/or contradicted by the terms of the Lease.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.      Clear Channel alleges as an affirmative defense that Plaintiff has failed, refused and/or neglected to take reasonable steps to mitigate his alleged damages, if any, including without limitation by refusing to accept rent payments tendered by Clear Channel.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.      Clear Channel alleges as an affirmative defense that Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

### (Performance)

6.      Clear Channel alleges as an affirmative defense that its obligations, if any, to Plaintiff under the Lease have been fully performed.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

7.      Clear Channel alleges as an affirmative defense that Plaintiff would be unjustly enriched if allowed to recover both possession and the damages sought by him in his Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8.      Clear Channel alleges as an affirmative defense that Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.


**WHEREFORE**, Clear Channel prays for judgment as follows:

1.      That Plaintiff take nothing by reason of his Complaint;

2.      For its costs of suit herein, including reasonable attorneys' fees; and

3.      For such other and further relief as this Court may deem just and proper.


DATED:  October 25, 2007           REED SMITH LLP


                                   By _____
                                      David S. Reidy
                                      Attorneys for Defendant
                                      CLEAR CHANNEL OUTDOOR, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## DEMAND FOR JURY TRIAL

2

3    Defendant Clear Channel Outdoor, Inc. hereby demands a jury trial as to all triable issues in

4  this action.

5

6    DATED:  October 25, 2007         REED SMITH LLP

7

8                                     By

9                                        David S. Reidy
                                         Attorneys for Defendant
10                                       CLEAR CHANNEL OUTDOOR, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware