IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TRAVERSO,<br><br>    Plaintiff,<br><br>  v.<br><br>CLEAR CHANNEL OUTDOOR INC,<br><br>    Defendant. | No. C07-03629 MJJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE** |

## INTRODUCTION

Before the Court is Plaintiff Richard Traverso's ("Plaintiff") Motion for Relief from Case Management Schedule. (Docket No. 11.) Defendant Clear Channel Outdoor Inc. ("Defendant") opposes this Motion. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## FACTUAL BACKGROUND

The issue in this unlawful detainer action is whether Defendant has rental rights to a billboard space it rented from Plaintiff. Plaintiff's material allegations are as follows.

The lease between the parties, first entered into in 1984, includes an automatic five-year term extension provision, provided that neither party gave notice of termination 60 days prior to the end of the lease. (Plaintiff's Complaint, "Complaint" at 2.) The lease, if not automatically extended, would have ended on February 28, 2007. (Complaint at 2.) Plaintiff alleges that he sent Defendant timely notice to terminate the lease on February 28, 2007. (Complaint at 2.) Plaintiff further contends that Defendant did not vacate the premises on February 28, 2007. (Complaint at 2.)

Plaintiff filed an unlawful detainer action in state court on June 14, 2007 as an unlimited civil case. (Complaint at 1.) Plaintiff, inter alia, demanded possession from Defendant after the expiration of a fixed-term lease. (*Id.* at 3.) Defendant removed the action to federal court on July 13, 2007 on the basis of diversity jurisdiction. (Def.'s Notice of Removal at 1.)

On October 12, 2007, the Court denied Defendant's Motion to Dismiss. Plaintiff now moves the Court to apply California procedural law governing unlawful detainer actions under Civil Local Rule 16-2(d).

## LEGAL STANDARD

A federal court sitting in diversity jurisdiction applies the Federal Rules of Civil Procedure when the scope of the rule is "sufficiently broad to cover the situation" so long as the rule is constitutional and a valid exercise of the Supreme Court's rule-making power under the federal Rules Enabling Act. *See Hanna v. Plummer*, 380 U.S. 460, 471 (1965). *See also Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (1980). The lower courts have the authority to adopt consistent local rules governing procedure. *See* 28 U.S.C. § 2071.

In the Northern District of California, Civil Local Rule 16-2(d) provides that a party may, by motion, seek relief from an obligation imposed by the Federal Rules of Civil Procedure 16 or 26 or the Order Setting Initial Case Management Conference. The motion must: (1) describe the circumstances which support the request, (2) confirm that counsel has met and conferred in an effort to reach agreement on the matter, (3) be accompanied by a proposed revised case management schedule, and (4) if applicable, indicate any changes required in the ADR process or schedule in the case. *See* Civ. L. R. 16-2(d).

## ANALYSIS

Plaintiff contends that the Court should apply California procedural law for unlawful detainer actions rather than the Federal Rules of Civil Procedure and the Court's Civil Local Rules. (*See* Plf.'s Proposed Order, Docket No. 14.) Specifically, Plaintiff argues that the Court should adopt the unlawful detainer provisions that provide for filing an answer within five days of service of an unlawful detainer complaint, shortened discovery deadlines, shortened briefing and hearing timelines for summary judgment motions, and giving trial preference for unlawful detainer actions

2

over nearly all other categories of civil actions. (*See* Plf.'s Mem. of P. & A. at 4-5.) Defendant opposes this Motion, asserting that the Court should apply federal procedural law in this case. (Def.'s Opp., Exh. A.)

Plaintiff concedes that the unlawful detainer rules he requests this Court to apply are in conflict with the Federal Rules of Civil Procedure. (Plf.'s Mem. of P. & A. at 2.) Plaintiff asserts, however, that the California unlawful detainer statutes provide for expedited adjudication of unlawful detainer actions and do not have a counterpart in the Federal Rules. (*Id.*) Plaintiff also contends that federal courts have, in the past, applied California procedural law to unlawful detainer actions. (*Id.*)

The Court finds Plaintiffs arguments unavailing. While the Federal Rules of Civil Procedure and the Civil Local Rules do not provide for expedited unlawful detainer procedures, they establish, inter alia, the procedure and timelines for the filing of complaints and answers, discovery, summary judgment, and trial. *See, e.g.,* CIV. L. R. 3, 7, 16, 26, 30, 33, 34, 36, 37, 40, 56; FED. R. CIV. P. 3, 5, 6, 7, 16, 26, 30, 33, 34, 36, 37, 40, 56. The federal rules are therefore in direct conflict with the unlawful detainer procedures that Plaintiff requests this Court to apply.

In addition, the cases cited by Plaintiff do not support the proposition that federal courts have applied the California unlawful detainer procedures at issue in this Motion. Instead, the case law illustrates that courts have applied the substantive elements of the unlawful detainer action contained in California Code of Civil Procedure § 1161. *See, e.g., Silberblatt, Inc. v. United States Postal Service*, No. 98-16570, 98-16572, 2000 WL 61295, at *3 (9th Cir. Jan. 21, 2000) (approving, in an unlawful detainer action involving the Postal Service, the district court's application of federal law to the procedure and California law to the merits); *United States v. Hilliard*, No. C94-3067, 1995 WL 225669, at *1 (N.D.Cal. Mar. 8, 1995) (finding, inter alia, that the plaintiff established every essential element of its unlawful detainer claim under Cal. Code of Civ. Pro. § 1161). Federal courts have also applied the notice requirements contained in California unlawful detainer statutes. *See United States v. Wilson*, 881 F.2d 596, 600 (9th Cir. 1989) (approving the district court's application of the elements of an unlawful detainer claim, including the notice requirements, pursuant to Cal. Code of Civ. Pro. § 1161); *Gallman v. Pierce*, 639 F.Supp. 472, 478 (N.D.Cal. 1986) (finding that

3

the termination proceedings under Section 8's existing housing program are left by Congress and HUD to state law and thus applying the California unlawful detainer provisions, including the notice requirements). The cases do not, however, support Plaintiff's contention that this Court should apply California's unlawful detainer procedures for, inter alia, pleadings, discovery, summary judgment and trial. Instead, the reasoning set forth in these cases affirmatively supports a finding that this Court should, in the present case, apply federal procedural law and California substantive law. Accordingly, having reviewed the record and the relevant case law, the Court denies Plaintiff's request.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Relief from Case Management Schedule and **VACATES** the October 30, 2007 hearing in this matter.

**IT IS SO ORDERED.**

Dated: October 24, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

4