Richard A. Sipos (Bar No. 126982)
Garret D. Murai (Bar No. 215667)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Post Office Box 2047
Oakland, CA  94607-4036
Telephone:  (510) 834-6600
Facsimile:  (510) 834-1928
E-mail: rsipos@wendel.com

Joseph P. McMonigle (Bar No. 66811)
**LONG & LEVIT LLP**
465 California Street, 5th Floor
San Francisco, CA  94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392
Email: jmcmonigle@longlevit.com

Attorneys for Plaintiff
RICHARD TRAVERSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD TRAVERSO,<br><br>    Plaintiff,<br><br>vs.<br><br>CLEAR CHANNEL OUTDOOR, INC.; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. C07-3629 MJJ<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION**<br><br>**Date:** **February 27, 2008**<br>**Time:** **2:00 p.m.**<br>**Courtroom:** **11 (19th Floor)**<br>**Judge:** **Hon. Martin J. Jenkins**<br><br>Action Removed: July 13, 2007<br>Trial Date: April 7, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2008 at 2:00 p.m. in Courtroom 11 (19th Floor) of the Court located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff RICHARD TRAVERSO will move the Court by special setting for summary adjudication on the issue of whether Defendant CLEAR CHANNEL OUTDOOR, INC. is guilty of unlawful detainer pursuant to California Code of Civil Procedure section 1161(1) by holding over after the

expiration of the lease term of the lease between Plaintiff and Defendant on February 28, 2007, thereby entitling Plaintiff to damages to be determined at trial.

Plaintiff's motion is made on the following grounds:

1. Plaintiff and Defendant are assignees of a commercial lease, whereby Plaintiff is lessor and Defendant is lessee, of billboard space located between 650-660 Bryant Street in San Francisco, California.

2. Plaintiff filed an unlawful detainer action against Defendant in the San Francisco Superior Court after Defendant failed to cease its use of the billboard after expiration of the lease term of the lease on February 28, 2007. Defendant, which is a Delaware corporation, removed the case to federal court.

4. Defendant claims that Plaintiff was required to provide it with notice of termination of the lease and that such notice of termination was not properly served.

5. Code of Civil Procedure section 1161(1) does not require that any notice be served where a tenant continues in possession after the expiration of the lease term. Moreover, Plaintiff served a notice of termination by overnight mail.

6. Defendant has wrongfully continued in possession of the billboard as a hold-over tenant and Plaintiff has and continues to incur damages since February 28, 2007.

Dated: February 1, 2008     **WENDEL, ROSEN, BLACK & DEAN LLP**


By:     /s/ Richard A. Sipos
         Richard A. Sipos
         Attorneys for Plaintiff
         RICHARD TRAVERSO