Richard A. Sipos (Bar No. 126982)
Garret D. Murai (Bar No. 215667)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Post Office Box 2047
Oakland, CA  94607-4036
Telephone:  (510) 834-6600
Facsimile:  (510) 834-1928
E-mail: rsipos@wendel.com

Joseph P. McMonigle (Bar No. 66811)
**LONG & LEVIT LLP**
465 California Street, 5th Floor
San Francisco, CA  94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392
Email: jmcmonigle@longlevit.com

Attorneys for Plaintiff
RICHARD TRAVERSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD TRAVERSO,<br><br>    Plaintiff,<br><br>    vs.<br><br>CLEAR CHANNEL OUTDOOR, INC.; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. C07-3629 MJJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION**<br><br>**Date:        February 27, 2008**<br>**Time:        2:00 p.m.**<br>**Courtroom:   11 (19th Floor)**<br>**Judge:       Hon. Martin J. Jenkins**<br><br>Action Removed: July 13, 2007<br>Trial Date:     April 7, 2008 |

Plaintiff RICHARD TRAVERSO respectfully submits the following Memorandum of Points and Authorities:

/ / /

/ / /

*MEMORANDUM OF POINTS AND AUTHORITES– Case No. C07-3629 MJJ*

014965.0004\837793v1

## I. INTRODUCTION

This is an unlawful detainer action against a holdover tenant under a commercial lease. Plaintiff RICHARD TRAVERSO ("Traverso") was the lessor and Defendant CLEAR CHANNEL OUTDOOR, INC. ("Clear Channel") was the lessee under a commercial lease agreement effective May 1, 1984 ("Lease"). Traverso Decl., Ex. A. The Lease allowed Clear Channel to operate a billboard located at 650-660 Bryant Street in San Francisco, California.

Pursuant to various Lease extension letters detailed below, the Lease was extended until February 28, 2007. *Id*. at Exs. B, C, and D. On December 22, 2006, Traverso, who had accepted an assignment as lessor of the Lease on February 6, 2006 (*Id.* at Ex. E), sent written notice to Clear Channel that the Lease would terminate on February 28, 2007, the end of the Lease term. *Id.* at Ex. F. Clear Channel refused to cease operating the billboard after the end of the Lease term, and Traverso filed an unlawful detainer complaint in the San Francisco County Superior Court.

Clear Channel, which is a Delaware corporation, removed the case to federal court on July 13, 2007. Thereafter, Clear Channel filed a motion to dismiss contending, among other things, that Traverso failed to properly serve a notice of termination on Defendant. The Court denied Clear Channel's motion. Thereafter, the Court specially set this motion for hearing on February 27, 2008.

As discussed below, the Lease terminated according to its terms. As a result, Traverso seeks adjudication that Clear Channel is guilty of unlawful detainer pursuant to Code of Civil Procedure section 1161(1) based upon termination of the Lease on February 28, 2007 and Clear Channel's wrongful holdover thereafter. This will leave as the only remaining issue for trial the amount of damages owing from Clear Channel to Traverso.

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

### A. Standard of Review

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim and a motion may be filed at any time after twenty (20) days have passed from commencement of the action or the opposing party serves a motion for summary judgment. Fed. Rules of Civ. Proc. 56(a).

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. Rules of Civ. Proc. 56(c). If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts – including items of damages or other relief – are not genuinely at issue. The facts so specified must be treated as established in the action. Fed. Rules of Civ. Proc. 56(d)(1). An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages. Fed. Rules of Civ. Proc. §56(d)(2).

A moving party may carry its burden of production on summary judgment by either negating an essential element of the opposing party's claim or defense; or showing that the opposing party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial. *Id*.

As discussed below, there is no genuine issue of material fact that Clear Channel is guilty of unlawful detainer under Code of Civil Procedure section 1161(1). Moreover, there is no genuine issue of material fact as to Clear Channel's affirmative defenses. As such, Traverso is entitled to judgment as a matter of law on all issues other than damages.

///

///

///

**B.     The Lease Terminated on February 28, 2007**

The Lease was originally between Foster & Kleiser, as lessee, and Nancy T. Jackman, as lessor, and was apparently on Foster & Kleiser's preprinted form. Traverso Decl., ¶2. Paragraph 1 of the Lease sets forth the Lease's fixed term of five years (reducing by interlineation the preprinted term of fifteen (15) years), to begin on May 1, 1984.  Paragraph 7 of the Lease provides as follows:

> This Lease shall continue in full force and effect for its term and thereafter for subsequent successive like terms unless terminated at the end of such term or any successive like term upon written notice by the Lessor or Lessee served sixty (60) days before the end of such term or  subsequent like term ….
> Traverso Decl., Ex. A.

Beginning in 1993, the original lessor, Nancy Jackman, and then lessee, Patrick Media Group, Inc. entered into the first of a series of letter agreements expressly extending the Lease term.  Specifically, by letter agreement dated February 26, 1993 (the "1993 Amendment") said parties agreed to "extend the current lease for four years effective March 1, 1993." Traverso Decl., Ex. B.  The 1993 Amendment extended the Lease term until February 28, 1997, and set forth a new rent schedule. *Id*.

Next, on January 23, 1998, original lessor Nancy Jackman, and then lessee, Eller Media Company, entered into a letter agreement to extend the Lease for five (5) years, with an effective date retroactive to March 1, 1997 (the "1997 Amendment").  Consistent with the 1993 Amendment, the 1997 Amendment set forth a new rent schedule for the extended term.  Traverso Decl., Ex. C.  The 1997 Amendment's new five-year term extended the Lease until February 28, 2002.

Near the end of the term set forth in the 1997 Amendment,  current lessee Clear Channel by letter agreement dated March 22, 2002,  entered into a five-year Lease extension  with original lessor Nancy Jackman (the "2002 Amendment"). Traverso Decl., Ex. D.  The 2002 Amendment provided in pertinent part as follows:

> Clear Channel Outdoor is agreeable to increasing the annual rental to $29,700.00, payable monthly, effective March 1, 2002.  Effective March 1, 2003, and for each year thereafter, the annual rental shall increase by four percent (4%).  **The term**

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

**of this agreement shall be five (5) years**. All other terms and conditions of the existing Lease Agreement dated May 1, 1984 shall remain the same. *Id*. (Emphasis added.)

Pursuant to the 2002 Amendment, which would be the parties' last, the term of the Lease was extended from March 1, 2002, for a period of five (5) years through February 28, 2007. On December 22, 2006, Traverso, elected not allow the Lease term to rollover beyond this February 28, 2007, termination date and gave Clear Channel timely notice of Lease termination by letter of same date (the "December Notice"). Traverso Decl., Ex. F. Traverso deposited his letter with Federal Express on December 22, 2006, and Clear Channel signed a Federal Express acknowledgement of receipt on December 26, 2006. *Id*. Even using the date of Clear Channel's receipt, the delivery of the December Notice was accomplished sixty-four (64) days prior to the February 28, 2007 Lease termination date.

Pursuant to the timely December Notice, the rollover provision contained in Paragraph 7 of the Lease did not apply, and the Lease terminated at the end of its agreed upon term.

Traverso's December Notice was timely sent in a commercially reasonable manner and was actually received by Clear Channel prior to the Lease's sixty (60) day deadline. It also complied with the Lease's one requirement relating to notice: that it be in writing.

**C.    Traverso Has Met All Requirements for a Judgment of Unlawful Detainer**

Notwithstanding the termination of the Lease, Clear Channel has refused to cease operating the billboard and has wrongfully continued in possession as a holdover tenant under Code of Civil Procedure section 1161(1). As a result, Traverso has and continues to incur damages since March 1, 2007. Traverso Decl., ¶8.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III.  CONCLUSION

For the foregoing reasons, Traverso respectfully requests that the Court grant his Motion for Summary Adjudication, specifically finding that Clear Channel is guilty of unlawful detainer pursuant to Code of Civil Procedure section 1161(1) thereby entitling Traverso to damages to be determined at trial.

Dated: February 1, 2008                                          **WENDEL, ROSEN, BLACK & DEAN LLP**


By:     /s/ Richard A. Sipos
            Richard A. Sipos
            Attorneys for Traverso
            RICHARD TRAVERSO

*MEMORANDUM OF POINTS AND AUTHORITIES –*          - 6 -
*Case No. C07-3629 MJJ*

014965.0004\837466.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036