1  Richard A. Sipos (Bar No. 126982)
   Garret D. Murai (Bar No. 215667)
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
3  Post Office Box 2047
   Oakland, CA  94607-4036
4  Telephone:  (510) 834-6600
   Facsimile:  (510) 834-1928
5  E-mail: rsipos@wendel.com

6  Joseph P. McMonigle (Bar No. 66811)
   **LONG & LEVIT LLP**
7  465 California Street, 5th Floor
   San Francisco, CA  94104
8  Telephone: (415) 397-2222
   Facsimile: (415) 397-6392
9  Email: jmcmonigle@longlevit.com

10 Attorneys for Plaintiff
   RICHARD TRAVERSO

11

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15

| | |
|---|---|
| 16  RICHARD TRAVERSO, | Case No. C07-3629 MJJ |
| 17           Plaintiff, | **[DISCOVERY MATTER]** |
| 18      vs. | **DECLARATION OF GARRET D. MURAI IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND TO COMPEL THE DEPOSITIONS OF WILLIAM HOOPER AND PATRICK POWERS** |
| 19  CLEAR CHANNEL OUTDOOR, INC.; and DOES 1 through 10, inclusive, | |
| 20           Defendants. | |
| 21 | **Date:** March 18, 2007<br>**Time:** 9:30 a.m.<br>**Courtroom:** 11 (19th Floor)<br>**Judge:** Hon. Martin J. Jenkins |
| 22 | |
| 23 | |
| 24 | Action Removed: July 13, 2007<br>Trial Date: April 7, 2008 |
| 25 | |

26

27

28

014965.0004\838846.1

*DECLARATION OF GARRET MURAI – Case No. C07-3629 MJJ*

I, Garret D. Murai, declare:

1. I am an attorney licensed to practice law in the State of California and am licensed to practice before the United States District Court for the Northern District of California. I am an associated with Wendel, Rosen, Black & Dean, LLP, attorneys of record for Plaintiff RICHARD TRAVERSO.

2. This declaration is made in support of Plaintiff's Motion to Compel Further Responses to Written Discovery and to Compel the Depositions of William Hooper and Patrick Powers. I have personal knowledge of the matters stated herein and if called upon to testify could and would competently do so.

3. On December 18, 2007, Plaintiff served his requests for production of documents on Defendant CLEAR CHANNEL OUTDOOR, INC. ("Clear Channel"). A true and correct copy of Plaintiff's request for production of documents is attached hereto as Exhibit A.

4. That same day, Plaintiff served his special interrogatories on Clear Channel. A true and correct copy of Plaintiff's special interrogatories are attached hereto as Exhibit B.

5. On January 24, 2008, Plaintiff received Clear Channel's response to Plaintiff's request for production of documents. A true and correct copy of Clear Channel's response is attached hereto as Exhibit C.

6. That same day, Plaintiff received Clear Channel's response to Plaintiff's special interrogatories. A true and correct copy of Clear Channel's response is attached hereto as Exhibit D.

7. On January 29, 2008, three business days after receiving Clear Channel's discovery responses, Plaintiff personally served deposition notices for William Hooper and Patrick Powers who were identified as Clear Channel's persons most knowledgeable regarding leases and/or licenses for billboards along the Skyway in San Francisco. The depositions were set within the deadline to complete non-expert discovery. A true and correct copy of the deposition notices are attached hereto as Exhibit E.

///

8. On January 30, 2008, I received a letter from Clear Channel's counsel objecting to the deposition notices of Messrs. Hooper and Powers. Counsel objected to the depositions on the ground that reasonable notice was not provided although the depositions were set within the deadline to complete non-expert discovery and Plaintiff agreed to accommodate their schedules after the discovery deadline just as Plaintiff agreed to do in response to Clear Channel's notice of deposition of Plaintiff. A true and correct copy of the letter from Clear Channel's counsel is attached hereto as Exhibit F.

9. That same day, I responded to Clear Channel's counsel and explained that the notices were set in accordance with Local Rule 30-1 and Rule 30(b)(1) of the Federal Rules of Civil Procedure and again offered to accommodate Messrs. Hooper and Powers' schedules after the discovery deadline just as Plaintiff had agreed to do in response to Clear Channel's notice of deposition of Plaintiff. Finally, I explained that the deposition notices were sent three business days after receiving Clear Channel's responses to special interrogatories in which they identified Messrs. Hooper and Powers for the first time as Clear Channel's persons most knowledgeable regarding leases and/or licenses of billboards along the Skyway in San Francisco, that Plaintiff's deposition was unilaterally set just seven business days before his deposition by Clear Channel, and that because of the action's expedited schedule deposition notices would necessarily be sent on shortened notice. A true and correct copy of my letter is attached as Exhibit G.

10. Later that same day, Clear Channel's counsel sent me an email contending that Clear Channel had never agreed to permit Plaintiff to take the depositions of Messrs. Hooper and Powers. A true and correct copy of the email from Clear Channel's counsel is attached hereto as Exhibit H.

11. On February 1, 2008, I sent a letter to Clear Channel's counsel explaining that neither Local Rule 30-1 or Rule 30(b)(1) of the Federal Rules of Civil Procedure require that a party receive permission from another party to take their deposition. A true and correct copy of my letter to Clear Channel's counsel is attached hereto as Exhibit I.

///

*MEMORANDUM OF POINTS AND AUTHORITIES – Case No. C07-3629 MJJ*   - 3 -

12.     On February 5, 2008, counsel for Plaintiff and Clear Channel met and conferred over the telephone. Clear Channel's counsel agreed to produce documents in response to RFD Nos. 2, 4, 5, and 9. Clear Channel's counsel further agreed to serve supplemental responses to SPROG Nos. 3, 4, 5, 8, and 9. A true and correct copy of an email chain confirming this agreement is attached hereto as Exhibit J.

13.     On February 7, 2008, Clear Channel served its supplemental responses to SPROG. A true and correct copy of Clear Channel's supplemental responses are attached hereto as Exhibit K.

14.     Clear Channel did not produce the documents they had agreed to produce. Clear Channel has not produced its Skyway advertising rates and contracts or complete copies of all its Skyway land leases. Moreover, Clear Channel still has not provided an adequate supplemental responses to SPROG No. 9. During the meet and confer process, Clear Channel's counsel stated that Clear Channel was conceding that the Lease terminated on February 28, 2007. Instead, Clear Channel's supplemental response states: "Clear Channel does not contend that the LEASE did not terminate on February 28, 2007." This is a double-negative, and Traverso is left to guess what is meant by Clear Channel's response.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of February 2008 in Oakland, California

        /s/ Garret D. Murai
Garret D. Murai

*MEMORANDUM OF POINTS AND AUTHORITIES –*
*Case No. C07-3629 MJJ*         - 4 -