**Exhibit A**

1  Richard A. Sipos (Bar No. 126982)
   Garret D. Murai (Bar No. 215667)
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
3  Post Office Box 2047
   Oakland, CA  94607-4036
4  Telephone:  (510) 834-6600
   Facsimile:  (510) 834-1928
5  E-mail: rsipos@wendel.com

6  Attorneys for Plaintiff
   RICHARD TRAVERSO
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  RICHARD TRAVERSO,                    Case No. C07-3629 MJJ

13              Plaintiff,               **SPECIAL INTERROGATORIES, SET
                                          ONE**
14        vs.

15  CLEAR CHANNEL OUTDOOR, INC.; and
    DOES 1 through 10, inclusive,
16                                        Action Removed:  July 13, 2007
                Defendants.               Trial Date:      April 7, 2008
17

18  DEMANDING PARTY:     **RICHARD TRAVERSO**

19  RESPONDING PARTY:    **CLEAR CHANNEL OUTDOOR, INC.**

20  SET NUMBER:          **ONE**

21        Pursuant to Federal Rules of Civil Procedure 33, Plaintiff RICHARD TRAVERSO

22  ("Demanding Party") hereby requests that Defendant CLEAR CHANNEL OUTDOOR, INC.

23  ("Responding Party") answer the following interrogatories in writing and under oath within 30

24  days after service of these interrogatories.

25                         **DEFINITIONS**

26        The following definitions apply to this Demand:

27        **A.**      As used herein, the term "DOCUMENTS" shall include the following:

28

014965.0004\833843.1

*SPECIAL INTERROGATORIES, SET ONE*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

1    Handwriting, typewriting, printing, photostating, photographing,
     photocopying, computer runs, electronic data, electronic mail or
2    facsimile transmissions, and every other means of recording upon
     any tangible thing, any form of communication or representation,
3    including letters, words, pictures, sounds, or symbols, or
     combinations thereof, and any record thereby created, regardless of
4    the manner in which the record has been stored.

5   Without limitation to the foregoing, the term "DOCUMENTS" shall also include any copy which

6   differs in any respect from the original or other versions of the document, such as copies

7   containing notations, insertions, corrections, marginal notes or other variations.  The term shall

8   also include any electronic copy of DOCUMENTS.

9        **B.**    As used herein, the singular shall include the plural and vice versa.

10       **C.**    As used herein, the word "ANY" includes the words "ALL" and vice versa.

11       **D.**    As used herein, "YOU" or "YOUR" shall mean Defendant CLEAR CHANNEL

12  OUTDOOR, INC., including, without limitation, its officers, directors, agents, employees,

13  representatives, accountants, advisors, consultants, experts, investigators, attorneys, independent

14  contractors, or other persons directly or indirectly employed by or connected with any of them or

15  any parent or subsidiary corporations, and any other corporation or business enterprise owned,

16  controlled by, or affiliated with such parent or subsidiary corporation.

17       **E.**    As used herein, "INCIDENT" shall mean the facts, circumstances and events

18  surrounding the allegations set forth in that certain complaint removed to and pending in the

19  United States District Court for the Northern District of California, Case No. 07-03629.

20       **F.**    As used herein, the words "RELATE(S) TO" shall mean referring to, commentary

21  on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting,

22  constituting, evidencing, pertaining to, alluding to, responding to, connected with, consisting of,

23  indicating, or in any way logically or factually connected with the matter discussed to which

24  reference is made.

25       **G.**    As used herein, "LEASE" shall mean that certain lease between YOU and

26  Demanding Party including assignments of the lease to YOUR and Demanding Party's

27  predecessors in interest, as amended or modified, for that certain property located at 650-660

28  Bryant Street, San Francisco, California, Assessor's Block 3761, Lot 7.

*Wendel, Rosen, Black & Dean LLP*
*1111 Broadway, 24th Floor*
*Oakland, CA 94607-4036*

014965.0004\833843.1

- 2 -

1    **H.**    As used herein, "PROPERTY" shall mean that certain billboard which is subject to

2    the LEASE located at 650-660 Bryant Street, San Francisco, California, Assessor's Block 3761,

3    Lot 7.

4                                **SPECIAL INTERROGATORIES**

5    **SPECIAL INTERROGATORY NO. 1:**

6        Identify by name, position, address, and telephone number the person(s) most

7    knowledgeable employed by YOU regarding the LEASE and its assignment to YOU.

8    **SPECIAL INTERROGATORY NO. 2:**

9        Identify by name, position, address, and telephone number the person(s) most

10    knowledgeable employed by YOU regarding YOUR lease and/or license of billboard signs

11    located along the Skyway (between The Embarcadero and 3rd Street along Interstate 80) in San

12    Francisco, California.

13    **SPECIAL INTERROGATORY NO. 3:**

14        Identify by name, position, address, and telephone number the person(s) most

15    knowledgeable employed by YOU regarding advertising contracts with YOU for billboard

16    advertising along the Skyway (between The Embarcadero and 3rd Street along Interstate 80) in

17    San Francisco, California.

18    **SPECIAL INTERROGATORY NO. 4:**

19        State all amounts YOU have paid or have charged under each lease and/or license of

20    billboard signs located along the Skyway (between The Embarcadero and 3rd Street along

21    Interstate 80) in San Francisco, California from 2000 through present.

22    **SPECIAL INTERROGATORY NO. 5:**

23        State all amounts YOU have charged for billboard advertising along the Skyway (between

24    The Embarcadero and 3rd Street along Interstate 80) in San Francisco, California from 2000

25    through present.

26    **SPECIAL INTERROGATORY NO. 6:**

27        Identify by name, address, and telephone number all third-parties with whom YOU have

28    had an advertising contract for use of the PROPERTY.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1   **SPECIAL INTERROGATORY NO. 7:**

2         Identify by beginning to ending date the time period(s) in which YOU have had

3   advertising contracts with third parties for use of the PROPERTY.

4   **SPECIAL INTERROGATORY NO. 8:**

5         State all amounts YOU have received from the third-parties under advertising contracts

6   with YOU for use of the PROPERTY.

7   **SPECIAL INTERROGATORY NO. 9:**

8         If you contend that the LEASE did not terminate on February 28, 2007, state all facts in

9   support of that contention.

10  Dated: December 18, 2007                    **WENDEL, ROSEN, BLACK & DEAN LLP**

11

12                                              By: _____

13                                              Richard A. Sipos
                                                Attorneys for Plaintiff
14                                              RICHARD TRAVERSO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

014965.0004\833843.1

- 4 -

*SPECIAL INTERROGATORIES, SET ONE*

**Wendel, Rosen, Black & Dean LLP**
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1

## PROOF OF SERVICE

2      I, Christine M. Estrada, declare:

3      I am a citizen of the United States and am employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California 94607-4036. On December 18, 2007, I served a copy of the within document(s):

4

5

6      **PLAINTIFF RICHARD TRAVERSO'S SPECIAL INTERROGATORIES, SET ONE**

7      ☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. The facsimile machine I used complied with California Rules of the Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of the Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this Proof of Service.

8

9

10

11      ☒  at my business address identified above by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, and by placing the envelope, addressed as set forth below, for deposit in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14

15

16      ☐  by placing the document(s) listed above in a sealed _____ envelope with overnight deliver fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address(es) set forth below, and causing the envelope to be delivered that same date to a _____ courier or driver authorized by the express service carrier to receive documents for delivery.

17

18

19

20      ☐  by personally delivering true and correct copies of the document(s) listed above in a sealed envelope, addressed to the person(s) at the address(es) set forth below, by leaving the envelope, which was clearly labeled to identify the attorney(es) being served, with the receptionist or other person apparently in charge at the address(es) set forth below.

21

22      ☒  See attached service list

23      ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

25      Executed on December 18, 2007, at Oakland, California.

26

27

Christine M. Estrada

28

014965.0004\833831.2

1

## Service List

2

3  Scott D. Baker, Esq.
   Jonah D. Mitchell, Esq.
4  David S. Reidy, Esq.
   REED SMITH LLP
5  Two Embarcadero Center, Suite 2000
   San Francisco, CA  94111
6  Phone: (415) 543-8700
   Fax: (415) 391-8269
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

PROOF OF SERVICE

**Exhibit B**

1    Richard A. Sipos (Bar No. 126982)
     Garret D. Murai (Bar No. 215667)
2    **WENDEL, ROSEN, BLACK & DEAN LLP**
     1111 Broadway, 24th Floor
3    Post Office Box 2047
     Oakland, CA 94607-4036
4    Telephone: (510) 834-6600
     Facsimile: (510) 834-1928
5    E-mail: rsipos@wendel.com

6    Attorneys for Plaintiff
     RICHARD TRAVERSO

7

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11

12    RICHARD TRAVERSO,           Case No. C07-3629 MJJ

13          Plaintiff,            **REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

14       vs.

15    CLEAR CHANNEL OUTDOOR, INC.; and
     DOES 1 through 10, inclusive,

16                    Action Removed:   July 13, 2007
          Defendants.         Trial Date:        April 7, 2008

17

18    DEMANDING PARTY:     **RICHARD TRAVERSO**

19    RESPONDING PARTY:     **CLEAR CHANNEL OUTDOOR, INC.**

20    SET NUMBER:        **ONE**

21        Pursuant to Federal Rules of Civil Procedure 34, Plaintiff RICHARD TRAVERSO

22    ("Demanding Party") hereby requests that Defendant CLEAR CHANNEL OUTDOOR, INC.

23    ("Responding Party") produce for inspection and copying the documents described herein.

24        Responding Party is required to serve a written response to this Demand under oath within

25    30 days after service of this Demand.

26        Demanding Party requests that the production of documents set forth in this Demand take

27    place on January 22, 2008 at 10:00 a.m. at the law offices of Wendel, Rosen, Black & Dean LLP,

28    1111 Broadway, 24th Floor, Oakland, California.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1

**DEFINITIONS**

2

The following definitions apply to this Demand:

3

**A.**    As used herein, the term "DOCUMENTS" shall include the following:

4
5
6
7

> Handwriting, typewriting, printing, photostating, photographing,
> photocopying, computer runs, electronic data, electronic mail or
> facsimile transmissions, and every other means of recording upon
> any tangible thing, any form of communication or representation,
> including letters, words, pictures, sounds, or symbols, or
> combinations thereof, and any record thereby created, regardless of
> the manner in which the record has been stored.

8   Without limitation to the foregoing, the term "DOCUMENTS" shall also include any copy which

9   differs in any respect from the original or other versions of the document, such as copies

10  containing notations, insertions, corrections, marginal notes or other variations.  The term shall

11  also include any electronic copy of DOCUMENTS.

12          **B.**    As used herein, the singular shall include the plural and vice versa.

13          **C.**    As used herein, the word "ANY" includes the words "ALL" and vice versa.

14          **D.**    As used herein, "YOU" or "YOUR" shall mean Defendant CLEAR CHANNEL

15  OUTDOOR, INC., including, without limitation, its officers, directors, agents, employees,

16  representatives, accountants, advisors, consultants, experts, investigators, attorneys, independent

17  contractors, or other persons directly or indirectly employed by or connected with any of them or

18  any parent or subsidiary corporations, and any other corporation or business enterprise owned,

19  controlled by, or affiliated with such parent or subsidiary corporation. PREDECESSOR'S IN

20  INTEREST

21          **E.**    As used herein, "INCIDENT" shall mean the facts, circumstances and events

22  surrounding the allegations set forth in that certain complaint removed to and pending in the

23  United States District Court for the Northern District of California, Case No. 07-03629.

24          **F.**    As used herein, the words "RELATE(S) TO" shall mean referring to, commentary

25  on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting,

26  constituting, evidencing, pertaining to, alluding to, responding to, connected with, consisting of,

27  indicating, or in any way logically or factually connected with the matter discussed to which

28  reference is made.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

014965.0004\833842.1

- 2 -

1    **G.**    As used herein, "LEASE" shall mean that certain lease between YOU and

2    Demanding Party (including assignments of the lease to YOUR and Demanding Party's

3    predecessors in interest), as amended or modified, for that certain property located at 650-660

4    Bryant Street, San Francisco, California, Assessor's Block 3761, Lot 7.

5    **H.**    As used herein, "PROPERTY" shall mean that certain billboard which is subject to

6    the LEASE located at 650-660 Bryant Street, San Francisco, California, Assessor's Block 3761,

7    Lot 7.

8                                **INSTRUCTIONS**

9    YOU must furnish all documents within YOUR possession, custody or control, as well as

10   those which are reasonably available to YOU, including documents and information in the

11   possession of YOUR attorneys, agents, employees, representatives and investigators.

12   If YOU cannot respond **in full**, you must respond as completely as possible. Incomplete

13   responses must be accompanied by (1) an affirmation that a diligent search and reasonable

14   inquiry has been made in an effort to comply with the demand; (2) a statement specifying whether

15   the inability to comply is because the particular document or category of documents has never

16   existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer

17   in YOUR possession, custody or control; and (3) a statement setting forth whatever documents,

18   knowledge, information or belief YOU do possess with respect to each demand.

19   If all the information furnished in a response to all or any part of a demand is not within

20   YOUR own knowledge, state the name of each person from whom all or any part of the

21   information may be obtained.

22   Documents should be categorized as responsive to specific demands and labeled

23   "Response to Demand No. __" or similar language. To the extent that any document is produced

24   in response to any numbered demand and so labeled, such document need not be produced in

25   response to subsequent demands, provided notification is provided in each subsequent responsive

26   category of the demand under which document has already been produced. Alternatively,

27   documents should be produced in the original files, folders, binders, or other containers in which

28   the documents are maintained in the ordinary course of business.

014965.0004\833842.1

- 3 -

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    **NONPRODUCTION**

2    If any document falling within any of the demands is excluded from production on the

3    grounds of an objection you shall: (1) identify the document to which an objection is being made;

4    and (2) set forth the extent of, and specific ground for the objection. If a document falling within

5    any of the demands is excluded from production on the grounds of privilege, YOU shall, in the

6    written response to this Demand, include a privilege log with a list of the documents withheld

7    from production, identifying each document by date, description of the document, author,

8    recipient(s), and the grounds on which YOU believe the document to be exempt from production.

9    If at any time YOU relinquished possession, custody or control of any document falling

10   within any demand, or destroyed any document falling within any demand, then YOU shall

11   identify each destroyed document in accordance with the above instructions, and as to existing

12   documents, YOU shall identify the persons who currently have custody, possession or control of

13   them.

14   **REQUEST FOR PRODUCTION OF DOCUMENTS**

15   **DEMAND FOR PRODUCTION OF DOCUMENTS NO. 1:**

16   All DOCUMENTS which RELATE TO the LEASE, its assignment, and each and every

17   amendment or modification thereto.

18   **DEMAND FOR PRODUCTION OF DOCUMENTS NO. 2:**

19   All DOCUMENTS which RELATE TO the PROPERTY including, but not limited to, all

20   DOCUMENTS which RELATE TO the construction, permitting, and ownership of the

21   PROPERTY.

22   **DEMAND FOR PRODUCTION OF DOCUMENTS NO. 3:**

23   All DOCUMENTS in YOUR lease file(s) for the LEASE.

24   **DEMAND FOR PRODUCTION OF DOCUMENTS NO. 4:**

25   All DOCUMENTS which RELATE TO YOUR lease and/or license of billboard signs

26   located along the Skyway (between The Embarcadero and 3rd Street along Interstate 80) in San

27   Francisco, California including, but not limited to, all DOCUMENTS which reflect amounts

28   YOU are paying and/or charging for such billboard signs from 2000 to present.

014965.0004\833842.1

- 4 -

1 **DEMAND FOR PRODUCTION OF DOCUMENTS NO. 5:**

2     All DOCUMENTS which RELATE TO advertising contracts with YOU for billboard

3 advertising along the Skyway (between The Embarcadero and 3rd Street along Interstate 80) in

4 San Francisco, California including, but not limited to, all DOCUMENTS which reflect amounts

5 YOU are charging for such billboard advertising from 2000 to present.

6 **DEMAND FOR PRODUCTION OF DOCUMENTS NO. 6:**

7     All DOCUMENTS which RELATE TO the assignment of the LEASE to YOU, including,

8 but not limited to, all DOCUMENTS which RELATE TO the assignment of the LEASE to

9 assignees who preceded the assignment of the LEASE to YOU.

10 **DEMAND FOR PRODUCTION OF DOCUMENTS NO. 7:**

11     All DOCUMENTS sent by YOU to Demanding Party which RELATE TO the LEASE

12 including, but not limited to, correspondence and agreements which RELATE TO YOUR lease of

13 the PROPERTY, evidence of payments made by YOU to Demanding Party, YOUR objections to

14 Demanding Party's notice of termination of the LEASE and/or YOUR refusal to vacate the

15 PROPERTY.

16 **DEMAND FOR PRODUCTION OF DOCUMENTS NO. 8:**

17     All DOCUMENTS received by YOU from Demanding Party which RELATE TO the

18 LEASE including, but not limited to, correspondence and agreements which RELATE TO YOUR

19 lease of the PROPERTY and Demanding Party's notice of termination of the LEASE.

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

014965.0004\833842.1

- 5 -

*REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE*

1    **DEMAND FOR PRODUCTION OF DOCUMENTS NO. 9:**

2       All DOCUMENTS which RELATE TO YOUR lease of advertising space on the

3    PROPERTY to or through advertisers, agencies, brokers, and or other third-parties including, but

4    not limited to, advertising contracts, proposals and responses to proposals, commuter runs and

5    print-outs, correspondence, and agreements which evidence amounts received by YOU from

6    advertisers, agencies, brokers, and/or other third-parties for the lease such advertising space on

7    the PROPERTY.

8    Dated: December 1⑤, 2007          **WENDEL, ROSEN, BLACK & DEAN LLP**

9

10                By: _____

11                   Richard A. Sipos
                     Attorneys for Plaintiff
12                    RICHARD TRAVERSO

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

014965.0004\833842.1

1

**PROOF OF SERVICE**

2

    I, Christine M. Estrada, declare:

3

    I am a citizen of the United States and am employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address

4

is 1111 Broadway, 24th Floor, Oakland, California 94607-4036. On December 18, 2007, I served a copy of the within document(s):

5

6

    **PLAINTIFF RICHARD TRAVERSO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

7

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. The facsimile machine I used complied with California

8

Rules of the Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of the Court, Rule 2006(d), I caused the machine to print a transmission

9

record of the transmission, a copy of which is attached to this Proof of Service.

10

☒  at my business address identified above by placing the document(s) listed above in a sealed

11

envelope with postage thereon fully prepaid, and by placing the envelope, addressed as set forth below, for deposit in the United States Postal Service that same day in the ordinary

12

course of business. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the

13

U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed

14

invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

☐  by placing the document(s) listed above in a sealed _____ envelope with overnight deliver fees paid or provided for, addressed to the person(s) on whom it is to be served, at

17

the address(es) set forth below, and causing the envelope to be delivered that same date to a _____ courier or driver authorized by the express service carrier to receive

18

documents for delivery.

19

☐  by personally delivering true and correct copies of the document(s) listed above in a sealed

20

envelope, addressed to the person(s) at the address(es) set forth below, by leaving the envelope, which was clearly labeled to identify the attorney(es) being served, with the

21

receptionist or other person apparently in charge at the address(es) set forth below.

22

☒  See attached service list

23

☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

25

    Executed on December 18, 2007, at Oakland, California.

26

27

                    _____

28

                           Christine M. Estrada

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1

## Service List

2

3  Scott D. Baker, Esq.
   Jonah D. Mitchell, Esq.
4  David S. Reidy, Esq.
   REED SMITH LLP
5  Two Embarcadero Center, Suite 2000
   San Francisco, CA  94111
6  Phone: (415) 543-8700
   Fax: (415) 391-8269
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

**Exhibit C**

1   Scott D. Baker (SBN 84923)
    Email: sbaker@reedsmith.com
2   Jonah D. Mitchell (SBN 203511)
    Email: jmitchell@reedsmith.com
3   David S. Reidy (SBN 225904)
    Email: dreidy@reedsmith.com
4   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
5   San Francisco, CA  94111-3922

6   **Mailing Address:**
    P.O. Box 7936
7   San Francisco, CA  94120-7936

8   Telephone:    +1 415 543 8700
    Facsimile:    +1 415 391 8269
9
    Attorneys for Clear Channel Outdoor, Inc.
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
    RICHARD TRAVERSO,                    No.: 07-cv-03629 MJJ
13
                    Plaintiff,           **CLEAR CHANNEL OUTDOOR, INC.'S**
14                                       **RESPONSES TO RICHARD TRAVERSO'S**
         vs.                             **REQUEST FOR PRODUCTION OF**
15                                       **DOCUMENTS, SET ONE**
    CLEAR CHANNEL OUTDOOR, INC., and
16  DOES 1-10,

17                  Defendants.          Honorable Martin J. Jenkins

18

19  DEMANDING PARTY:        RICHARD TRAVERSO

20  RESPONDING PARTY:       CLEAR CHANNEL OUTDOOR, INC.

21  SET NUMBER:             ONE

22

23          Defendant Clear Channel Outdoor, Inc. ("Clear Channel") objects and responds

24  Plaintiff Richard Traverso's Request for Production of Documents, Set One, as follows:

25                          **PRELIMINARY STATEMENT**

26

27          Clear Channel has not completed its investigation, has not completed discovery in

28  this action and has not completed its preparation for trial.  The responses herein are, therefore, based

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

            CLEAR CHANNEL OUTDOOR, INC.'S RESPONSES TO RICHARD TRAVERSO'S REQUEST FOR
                          PRODUCTION OF DOCUMENTS, SET ONE

1   only upon Clear Channel's knowledge as of the date of these responses and given without prejudice

2   to Clear Channel's right to produce additional or subsequently discovered documents.

3

4                                   **GENERAL OBJECTIONS**

5          The following general objections are expressly incorporated into each of the specific

6   responses set forth below:

7

8          1.    Clear Channel generally objects to each and every Request to the extent that it

9   may be construed as calling for information and documents which are subject to a claim of the

10  attorney-client privilege, the work product doctrine, the right to privacy, the joint defense privilege,

11  the business strategies privilege or any other lawful privilege or immunity afforded by the law.  Such

12  documents will not be provided in response hereto, and inadvertent disclosure of the same shall not

13  be deemed a waiver of any privilege or of protection for work product.

14

15         2.    Clear Channel generally objects to each and every Request to the extent that it

16  may be construed as calling for information and documents which constitutes trade secrets or other

17  confidential or proprietary information.

18

19         3.    Clear Channel generally objects to each and every Instruction, Definition and

20  Request as overly burdensome and oppressive to the extent it attempts to impose obligations upon

21  Clear Channel to provide documents which: (i) have already been provided or produced to Plaintiff

22  by any other party; and/or (ii) are equally available to Plaintiff.

23

24         4.    Clear Channel generally objects to the date and time set for the production of

25  documents and as being burdensome, oppressive and harassing.

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S RESPONSES TO RICHARD TRAVERSO'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

1         5.    Clear Channel generally objects to each and every Request to the extent it

2    seeks to impose obligations beyond those permitted under the Federal Rules of Civil Procedure or

3    this Court's Local Rules.

4

5         6.    Clear Channel generally objects to each and every Request to the extent it is

6    vague, ambiguous, overly broad, unduly burdensome and oppressive, and seeks information that is

7    neither relevant nor likely to lead to the discovery of admissible evidence.

8

9         7.    Clear Channel construes each and every Request to call for materials existing

10   before Plaintiff initiated this litigation on June 14, 2007.

11

12   **SPECIFIC RESPONSES**

13

14   **DEMAND FOR PRODUCTION NO. 1**:  All DOCUMENTS which RELATE TO

15   the LEASE, its assignment, and each and every amendment or modification thereto.

16

17   **RESPONSE TO DEMAND FOR PRODUCTION NO. 1**:  Clear Channel

18   incorporates its general objections.  Clear Channel further objects to this Request as vague,

19   ambiguous and overly broad.  Clear Channel specifically objects to the Request as vague, ambiguous

20   and overly broad as to the term "RELATE TO."  Clear Channel further objects to this Request on the

21   grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the

22   discovery of admissible evidence.  Clear Channel further objects to this Request on the grounds that

23   it calls for information that is protected from discovery by the attorney-client privilege, the work

24   product doctrine, the right to privacy, the joint defense privilege, the business strategies privilege or

25   any other lawful privilege or immunity afforded by the law.  Clear Channel further objects to this

26   Request on the grounds that it calls for trade secret, confidential or proprietary information.  Subject

27   to and without waiving the foregoing objections, Clear Channel responds as follows: Clear Channel

28

1    will produce the lease and any amendments or modifications to the lease at a mutually convenient

2    time, date and location.

3

4         **DEMAND FOR PRODUCTION NO. 2**:  All DOCUMENTS which RELATE TO

5    the PROPERTY including, but not limited to, all DOCUMENTS which RELATE TO the

6    construction, permitting, and ownership of the PROPERTY.

7         **RESPONSE TO DEMAND FOR PRODUCTION NO. 2**:  Clear Channel

8    incorporates its general objections.  Clear Channel further objects to this Request as vague,

9    ambiguous and overly broad.  Clear Channel specifically objects to the Request as vague, ambiguous

10   and overly broad as to the term "RELATE TO."  Clear Channel further objects to this Request on the

11   grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the

12   discovery of admissible evidence.  Clear Channel further objects to this Request on the grounds that

13   it calls for information that is protected from discovery by the attorney-client privilege, the work

14   product doctrine, the right to privacy, the joint defense privilege, the business strategies privilege or

15   any other lawful privilege or immunity afforded by the law.  Clear Channel further objects to this

16   Request on the grounds that it calls for trade secret, confidential or proprietary information.

17

18        **DEMAND FOR PRODUCTION NO. 3**:  All DOCUMENTS in YOUR lease file(s)

19   for the LEASE.

20        **RESPONSE TO DEMAND FOR PRODUCTION NO. 3**:  Clear Channel

21   incorporates its general objections.  Clear Channel further objects to this Request as vague,

22   ambiguous and overly broad.  Clear Channel specifically objects to the Request as vague, ambiguous

23   and overly broad as to the term "RELATE TO."  Clear Channel further objects to this Request on the

24   grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the

25   discovery of admissible evidence.  Clear Channel further objects to this Request on the grounds that

26   it calls for information that is protected from discovery by the attorney-client privilege, the work

27   product doctrine, the right to privacy, the joint defense privilege, the business strategies privilege or

28   any other lawful privilege or immunity afforded by the law.  Clear Channel further objects to this

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Request on the grounds that it calls for trade secret, confidential or proprietary information. Subject

2  to and without waiving the foregoing objections, Clear Channel responds as follows:  Clear Channel

3  will produce non-privileged, responsive documents at a mutually convenient time, date and location

4  after entry of an appropriate protective order.

5

6      **DEMAND FOR PRODUCTION NO. 4**:  All DOCUMENTS which RELATE TO

7  YOUR lease and/or license of billboard signs located along the Skyway (between The Embarcadero

8  and 3rd Street along Interstate 80) in San Francisco, California including, but not limited to, all

9  DOCUMENTS which reflect amounts YOU are paying and/or charging for such billboard signs

10  from 2000 to present.

11      **RESPONSE TO DEMAND FOR PRODUCTION NO. 4**:  Clear Channel

12  incorporates its general objections. Clear Channel further objects to this Request as vague,

13  ambiguous and overly broad. Clear Channel specifically objects to the Request as vague, ambiguous

14  and overly broad as to the term "RELATE TO."  Clear Channel further objects to this Request on the

15  grounds that it is overbroad as to time and subject matter.  Clear Channel further objects to this

16  Request on the grounds that it calls for information which is neither relevant nor reasonably

17  calculated to lead to the discovery of admissible evidence.  Clear Channel further objects to this

18  Request on the grounds that it calls for information that is protected from discovery by the attorney-

19  client privilege, the work product doctrine, the right to privacy, the joint defense privilege, the

20  business strategies privilege or any other lawful privilege or immunity afforded by the law.  Clear

21  Channel further objects to this Request on the grounds that it calls for trade secret, confidential or

22  proprietary information.

23

24      **DEMAND FOR PRODUCTION NO. 5**:  All DOCUMENTS which RELATE TO

25  advertising contracts with YOU for billboard advertising along the Skyway (between The

26  Embarcadero and 3rd Street along Interstate 80) in San Francisco, California including, but not

27  limited to, all DOCUMENTS which reflect amounts YOU are charging for such billboard

28  advertising from 2000 to present.

CLEAR CHANNEL OUTDOOR, INC.'S RESPONSES TO RICHARD TRAVERSO'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    **RESPONSE TO DEMAND FOR PRODUCTION NO. 5**: Clear Channel

2    incorporates its general objections. Clear Channel further objects to this Request as vague,

3    ambiguous and overly broad. Clear Channel specifically objects to the Request as vague, ambiguous

4    and overly broad as to the term "RELATE TO." Clear Channel further objects to this Request on the

5    grounds that it is overbroad as to time and subject matter. Clear Channel further objects to this

6    Request on the grounds that it calls for information which is neither relevant nor reasonably

7    calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this

8    Request on the grounds that it calls for information that is protected from discovery by the attorney-

9    client privilege, the work product doctrine, the right to privacy, the joint defense privilege, the

10   business strategies privilege or any other lawful privilege or immunity afforded by the law. Clear

11   Channel further objects to this Request on the grounds that it calls for trade secret, confidential or

12   proprietary information.

13

14   **DEMAND FOR PRODUCTION NO. 6**: All DOCUMENTS which RELATE TO

15   the assignment of the LEASE to YOU, including but not limited to, all DOCUMENTS which

16   RELATE TO the assignment of the LEASE to assignees who preceded the assignment of the

17   LEASE to YOU.

18   **RESPONSE TO DEMAND FOR PRODUCTION NO. 6**: Clear Channel

19   incorporates its general objections. Clear Channel further objects to this Request as vague,

20   ambiguous and overly broad. Clear Channel specifically objects to the Request as vague, ambiguous

21   and overly broad as to the term "RELATE TO." Clear Channel further objects to this Request on the

22   grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the

23   discovery of admissible evidence. Clear Channel further objects to this Request on the grounds that

24   it calls for information that is protected from discovery by the attorney-client privilege, the work

25   product doctrine, the right to privacy, the joint defense privilege, the business strategies privilege or

26   any other lawful privilege or immunity afforded by the law. Clear Channel further objects to this

27   Request on the grounds that it calls for trade secret, confidential or proprietary information.

28

CLEAR CHANNEL OUTDOOR, INC.'S RESPONSES TO RICHARD TRAVERSO'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

1  **DEMAND FOR PRODUCTION NO. 7**: All DOCUMENTS sent by YOU to

2  Demanding Party which RELATE TO the LEASE including, but not limited to, correspondence and

3  agreements which RELATE TO YOUR lease of the PROPERTY, evidence of payments made by

4  YOU to Demanding Party, YOUR objections to Demanding Party's notice of termination of the

5  LEASE and/or YOUR refusal to vacate the PROPERTY.

6  **RESPONSE TO DEMAND FOR PRODUCTION NO. 7**:  Clear Channel

7  incorporates its general objections.  Clear Channel further objects to this Request as vague,

8  ambiguous and overly broad.  Clear Channel specifically objects to the Request as vague, ambiguous

9  and overly broad as to the term "RELATE TO."  Clear Channel further specifically objects to the

10  phrase "YOUR lease of the PROPERTY" and "YOUR refusal to vacate the PROPERTY" as vague,

11  ambiguous, without foundation and unintelligible.  Clear Channel further objects to this Request on

12  the grounds that it calls for information which is neither relevant nor reasonably calculated to lead to

13  the discovery of admissible evidence.  Clear Channel further objects to this Request on the grounds

14  that it calls for trade secret, confidential or proprietary information.  Subject to and without waiving

15  the foregoing objections, Clear Channel responds as follows:  Clear Channel will produce non-

16  privileged, responsive documents regarding the lease which Clear Channel sent to Richard Traverso

17  at a mutually convenient time, date and location after entry of an appropriate protective order.

18

19  **DEMAND FOR PRODUCTION NO. 8**:  All DOCUMENTS received by YOU

20  from Demanding Party which RELATE TO the LEASE including, but not limited to,

21  correspondence and agreements which RELATE TO YOUR lease of the PROPERTY and

22  Demanding Party's notice of termination of the LEASE.

23  **RESPONSE TO DEMAND FOR PRODUCTION NO. 8**:  Clear Channel

24  incorporates its general objections.  Clear Channel further objects to this Request as vague,

25  ambiguous and overly broad.  Clear Channel specifically objects to the Request as vague, ambiguous

26  and overly broad as to the term "RELATE TO."  Clear Channel further specifically objects to the

27  phrase "YOUR lease of the PROPERTY" vague, ambiguous, without foundation and unintelligible.

28  Clear Channel further objects to this Request on the grounds that it calls for information which is

CLEAR CHANNEL OUTDOOR, INC.'S RESPONSES TO RICHARD TRAVERSO'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear

2   Channel further objects to this Request on the grounds that it calls for information that is protected

3   from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, the

4   joint defense privilege, the business strategies privilege or any other lawful privilege or immunity

5   afforded by the law. Clear Channel further objects to this Request on the grounds that it calls for

6   trade secret, confidential or proprietary information. Subject to and without waiving the foregoing

7   objections, Clear Channel responds as follows: Clear Channel will produce non-privileged,

8   responsive documents regarding the lease which Clear Channel received from Richard Traverso at a

9   mutually convenient time, date and location.

10

11   **DEMAND FOR PRODUCTION NO. 9**: All DOCUMENTS which RELATE TO

12   YOUR lease of advertising space on the PROPERTY to or through advertisers, agencies, brokers,

13   and or other third-parties including, but not limited to, advertising contracts, proposals and responses

14   to proposals, commuter runs and print-outs, correspondence, and agreements which evidence

15   amounts received by YOU from advertisers, agencies, brokers, and/or other third-parties for the

16   lease such advertising space on the PROPERTY.

17   **RESPONSE TO DEMAND FOR PRODUCTION NO. 9**: Clear Channel

18   incorporates its general objections. Clear Channel further objects to this Request as vague,

19   ambiguous and overly broad. Clear Channel specifically objects to the Request as vague, ambiguous

20   and overly broad as to the term "RELATE TO." Clear Channel further objects to this Request on the

21   grounds that it is overbroad as to time and subject matter. Clear Channel further objects to this

22   Request on the grounds that it calls for information which is neither relevant nor reasonably

23   calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this

24   Request on the grounds that it calls for information that is protected from discovery by the attorney-

25   client privilege, the work product doctrine, the right to privacy, the joint defense privilege, the

26   business strategies privilege or any other lawful privilege or immunity afforded by the law. Clear

27   Channel further objects to this Request on the grounds that it calls for trade secret, confidential or

28   proprietary information.

1

DATED: January 22, 2008.

2

REED SMITH LLP

3

4

By_____

5

Jonah D. Mitchell
David S. Reidy

6

Attorneys for DefendantClear Channel Outdoor,
Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## PROOF OF SERVICE

1

2        I am a resident of the State of California, over the age of eighteen years, and not a party to

3    the within action. I am employed in the office of a member of the bar of this court at whose

4    direction the service was made. My business address is REED SMITH LLP,

5    Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On January 22, 2008, I

6    served the following document(s) by the method indicated below:

7

8        **CLEAR CHANNEL OUTDOOR, INC.'S RESPONSES TO RICHARD TRAVERSO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

9    ☐    by transmitting via facsimile on this date from fax number +1 415 391 8269
10        the document(s) listed above to the fax number(s) set forth below. The
         transmission was completed before 5:00 PM and was reported complete
11        and without error. The transmission report, which is attached to this proof
         of service, was properly issued by the transmitting fax machine. Service by
12        fax was made by agreement of the parties, confirmed in writing.

13   ☒    by placing the document(s) listed above in a sealed envelope with postage
         thereon fully prepaid, in the United States mail at San Francisco, California
14        addressed as set forth below. I am readily familiar with the firm's practice
         of collection and processing of correspondence for mailing. Under that
15        practice, it would be deposited with the U.S. Postal Service on that same
         day with postage thereon fully prepaid in the ordinary course of business. I
16        am aware that on motion of the party served, service is presumed invalid if
         the postal cancellation date or postage meter date is more than one day after
17        the date of deposit for mailing in this Declaration.

18   ☐    by placing the document(s) listed above in a sealed envelope(s) and by
         causing personal delivery of the envelope(s) to the person(s) at the
19        address(es) set forth below. A signed proof of service by the process server
         or delivery service will be filed shortly.

20   ☐    by personally delivering the document(s) listed above to the person(s) at the
         address(es) set forth below.

21   ☐    by placing the document(s) listed above in a sealed envelope(s) and
22        consigning it to an express mail service for guaranteed delivery on the next
         business day following the date of consignment to the address(es) set forth
23        below. A copy of the consignment slip is attached to this proof of service.

24   ☐    by transmitting via email to the parties at the email addresses listed below:

25

26

27

28

DOCSSFO-12504452.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Richard A. Sipos, Esq.
Garret D. Murai, Esq.
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, CA 94607
Facsimile:  (510) 834-1928
Email:  gmurari@wendel.com
Email:  rsipos@wendel.com

      I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on January 22, 2008, at San Francisco, California.

_____
D Rothschild

DOCSSFO-12504452.1

**Exhibit D**

1  Scott D. Baker (SBN 84923)
   Email: sbaker@reedsmith.com
2  Jonah D. Mitchell (SBN 203511)
   Email: jmitchell@reedsmith.com
3  David S. Reidy (SBN 225904)
   Email: dreidy@reedsmith.com
4  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
5  San Francisco, CA 94111-3922

6  **Mailing Address:**
   P.O. Box 7936
7  San Francisco, CA 94120-7936

8  Telephone:    +1 415 543 8700
   Facsimile:    +1 415 391 8269
9
   Attorneys for Clear Channel Outdoor, Inc.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12
   RICHARD TRAVERSO,                    No.: 07-cv-03629 MJJ
13
              Plaintiff,                **CLEAR CHANNEL OUTDOOR, INC.'S**
14                                       **RESPONSES TO RICHARD TRAVERSO'S**
       vs.                              **SPECIAL INTERROGATORIES, SET ONE**
15
   CLEAR CHANNEL OUTDOOR, INC., and
16 DOES 1-10,
                                        Honorable Martin J. Jenkins
17            Defendants.

18

19 DEMANDING PARTY:      RICHARD TRAVERSO

20 RESPONDING PARTY:     CLEAR CHANNEL OUTDOOR, INC.

21 SET NUMBER:           ONE

22

23          Defendant Clear Channel Outdoor, Inc. ("Clear Channel") objects and responds

24 Plaintiff Richard Traverso's First Set of Special Interrogatories as follows:

25                      **PRELIMINARY STATEMENT**

26

27          Clear Channel has not completed its investigation, has not completed discovery in

28 this action and has not completed its preparation for trial. The responses herein are, therefore, based

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  only upon Clear Channel's knowledge as of the date of these responses and given without prejudice

2  to Clear Channel's right to produce additional or subsequently discovered documents.

3

4                                    **GENERAL OBJECTIONS**

5

6          The following general objections are expressly incorporated into each of the specific

7  responses set forth below:

8

9          1.    Clear Channel generally objects to each and every Interrogatory to the extent that it

10  may be construed as calling for information and documents which constitutes trade secrets or other

11  confidential or proprietary information.

12

13          2.    Clear Channel generally objects to each and every Interrogatory to the extent it seeks

14  to impose obligations beyond those permitted under the Federal Rules of Civil Procedure or this

15  Court's Local Rules.

16

17          3.    Clear Channel generally objects to each and every Interrogatory to the extent it is

18  vague, ambiguous, overly broad, unduly burdensome and oppressive, and seeks information that is

19  neither relevant nor likely to lead to the discovery of admissible evidence.

20

21                                    **SPECIFIC RESPONSES**

22

23          **SPECIAL INTERROGATORY NO. 1**:  Identify by name, position, address, and

24  telephone number the person(s) most knowledgeable employed by YOU regarding the LEASE and

25  its assignment to YOU.

26

27          **RESPONSE TO SPECIAL INTERROGATORY NO. 1**:  Clear Channel

28  incorporates its general objections. Clear Channel further objects to this Interrogatory on the

No.: 07-cv-03629 MJJ                          —2—                          DOCSSFO-12503409.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the

2  discovery of admissible evidence. Clear Channel further objects to this Interrogatory on the grounds

3  that it is vague and ambiguous. Subject to and without waiving the foregoing objections, Clear

4  Channel responds as follows: William Hooper, President/General Manager, Northern California

5  Region, Clear Channel. Patrick Powers, Real Estate Manager, Clear Channel. Messrs. Hooper and

6  Powers may only be contacted through Clear Channel's counsel of record.

7

8          **SPECIAL INTERROGATORY NO. 2**: Identify by name, position, address, and

9  telephone number the person(s) most knowledgeable employed by YOU regarding YOUR lease

10  and/or license of billboard signs located along the Skyway (between The Embarcadero and 3rd

11  Street along Interstate 80) in San Francisco, California.

12          **RESPONSE TO SPECIAL INTERROGATORY NO. 2**: Clear Channel

13  incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and

14  ambiguous. Clear Channel further specifically objects to the phrase "YOUR lease and/or license of

15  billboard signs" as vague and ambiguous. Clear Channel further objects to this Interrogatory on the

16  grounds that it is overbroad in that, among other things, there is no limit as to time. Clear Channel

17  further objects to this Interrogatory on the grounds that it calls for information which is neither

18  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel

19  further objects to this Interrogatory to the extent that it calls for trade secret, confidential or

20  proprietary information. Subject to and without waiving the foregoing objections, Clear Channel

21  responds as follows: William Hooper, President/General Manager, Northern California Region,

22  Clear Channel. Patrick Powers, Real Estate Manager, Clear Channel. Messrs. Hooper and Powers

23  may only be contacted through Clear Channel's counsel of record.

24

25          **SPECIAL INTERROGATORY NO. 3**: Identify by name, position, address, and

26  telephone number the person(s) most knowledgeable employed by YOU regarding advertising

27  contracts with YOU for billboard advertising along the Skyway (between The Embarcadero and 3rd

28  Street along Interstate 80) in San Francisco, California.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    **RESPONSE TO SPECIAL INTERROGATORY NO. 3**: Clear Channel

2    incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and

3    ambiguous. Clear Channel further specifically objects to the phrase "advertising contracts with

4    YOU" as vague, ambiguous and unintelligible. Clear Channel further objects to this Interrogatory

5    on the grounds that it is overbroad in that, among other things, there is no limit as to time. Clear

6    Channel further objects to this Interrogatory on the grounds that it calls for information which is

7    neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear

8    Channel further objects to this Interrogatory to the extent that it calls for trade secret, confidential or

9    proprietary information.

10

11    **SPECIAL INTERROGATORY NO. 4**: State all amounts YOU have paid or have

12    charged under each lease and/or license of billboard signs located along the Skyway (between The

13    Embarcadero and 3rd Street along Interstate 80) in San Francisco, California from 2000 through

14    present.

15    **RESPONSE TO SPECIAL INTERROGATORY NO. 4**: Clear Channel

16    incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and

17    ambiguous. Clear Channel further specifically objects to the phrase "YOU have paid or have

18    charged under each lease and/or license of billboard signs" as vague and ambiguous. Clear Channel

19    further objects to this Interrogatory on the grounds that it is overbroad as to, among other things,

20    time. Clear Channel further objects to this Interrogatory on the grounds that it calls for information

21    which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22    Clear Channel further objects to this Interrogatory to the extent that it calls for trade secret,

23    confidential or proprietary information.

24

25    **SPECIAL INTERROGATORY NO. 5**: State all amounts YOU have charged for

26    billboard advertising along the Skyway (between The Embarcadero and 3rd Street along Interstate

27    80) in San Francisco, California from 2000 through present.

28

1    **RESPONSE TO SPECIAL INTERROGATORY NO. 5**: Clear Channel

2    incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and

3    ambiguous. Clear Channel further objects to this Interrogatory on the grounds that it is overbroad as

4    to, among other things, time. Clear Channel further objects to this Interrogatory on the grounds that

5    it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of

6    admissible evidence. Clear Channel further objects to this Interrogatory to the extent that it calls for

7    trade secret, confidential or proprietary information.

8

9    **SPECIAL INTERROGATORY NO. 6**: Identify by name, address, and telephone

10   number all third-parties with whom YOU have had an advertising contract for use of the

11   PROPERTY.

12   **RESPONSE TO SPECIAL INTERROGATORY NO. 6**: Clear Channel

13   incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and

14   ambiguous. Clear Channel further objects to this Interrogatory on the grounds that it is overbroad as

15   to, among other things, time. Clear Channel further objects to this Interrogatory on the grounds that

16   it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of

17   admissible evidence. Clear Channel further objects to this Interrogatory to the extent that it calls for

18   trade secret, confidential or proprietary information.

19

20   **SPECIAL INTERROGATORY NO. 7**: Identify by beginning to ending date the

21   time period(s) in which YOU have had advertising contracts with third parties for use of the

22   PROPERTY.

23   **RESPONSE TO SPECIAL INTERROGATORY NO. 7**: Clear Channel

24   incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and

25   ambiguous. Clear Channel further objects to this Interrogatory on the grounds that it is overbroad in

26   that, among other things, there is no limit as to time. Clear Channel further objects to this

27   Interrogatory on the grounds that it calls for information which is neither relevant nor reasonably

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    calculated to lead to the discovery of admissible evidence.  Clear Channel further objects to this

2    Interrogatory to the extent that it calls for trade secret, confidential or proprietary information.

3

4        **SPECIAL INTERROGATORY NO. 8**:  State all amounts YOU have received from

5    the third-parties under advertising contracts with YOU for use of the PROPERTY.

6        **RESPONSE TO SPECIAL INTERROGATORY NO. 8**:  Clear Channel

7    incorporates its general objections.  Clear Channel further objects to this Interrogatory as vague and

8    ambiguous.  Clear Channel further objects to this Interrogatory on the grounds that it is overbroad in

9    that, among other things, there is no limit as to time.  Clear Channel further objects to this

10   Interrogatory on the grounds that it calls for information which is neither relevant nor reasonably

11   calculated to lead to the discovery of admissible evidence.  Clear Channel further objects to this

12   Interrogatory to the extent that it calls for trade secret, confidential or proprietary information.

13

14       **SPECIAL INTERROGATORY NO. 9**:  If you contend that the LEASE did not

15   terminate on February 28, 2007, state all facts in support of that contention.

16       **RESPONSE TO SPECIAL INTERROGATORY NO. 9**:  Clear Channel

17   incorporates its general objections.  Clear Channel further objects to this Interrogatory on the

18   grounds that it calls for a legal conclusion.  Subject to and without waiving the foregoing objections,

19   Clear Channel responds as follows:  Not applicable.

20

21       DATED: January ⁣2, 2008.

22                                              REED SMITH LLP

23

24                                    By
                                              Jonah D. Mitchell
25                                            David S. Reidy
                                              Attorneys for Defendant Clear Channel Outdoor,
26                                            Inc.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S RESPONSES TO RICHARD TRAVERSO'S SPECIAL
INTERROGATORIES, SET ONE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## VERIFICATION

2

3          I, Patrick Powers, delcare:

4

5          1.      I am a Real Estate Manger for Clear Channel Outdoor, Inc., Defendant in this action,

6    and I am authorized to make this Verification on its behalf.

7

8          2.      I have read Defendant Clear Channel Outdoor, Inc.'s Responses To Richard

9    Traverso's Special Interrogatories, Set One and know of its contents.  I am informed and believe,

10   and on that ground allege, that the matters stated in that document are true.

11

12         I declare under penalty of perjury under the laws of the United States that the foregoing is

13   true and correct.

14

15         DATED:  January 2nd, 2008.

16

17

18                                                      Patrick Powers

19

20

21

22

23

24

25

26

27

28

CLEAR CHANNEL OUTDOOR, INC.'S RESPONSES TO RICHARD TRAVERSO'S SPECIAL
INTERROGATORIES, SET ONE

**PROOF OF SERVICE**

1

2      I am a resident of the State of California, over the age of eighteen years, and not a party to

3 the within action. I am employed in the office of a member of the bar of this court at whose

4 direction the service was made. My business address is REED SMITH LLP,

5 Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On January 22, 2008, I

6 served the following document(s) by the method indicated below:

7

8      **CLEAR CHANNEL OUTDOOR, INC.'S RESPONSES TO RICHARD TRAVERSO'S SPECIAL INTERROGATORIES, SET ONE**

9 ☐    by transmitting via facsimile on this date from fax number +1 415 391 8269
10      the document(s) listed above to the fax number(s) set forth below. The
     transmission was completed before 5:00 PM and was reported complete
11      and without error. The transmission report, which is attached to this proof
     of service, was properly issued by the transmitting fax machine. Service by
     fax was made by agreement of the parties, confirmed in writing.

12

13 ☒    by placing the document(s) listed above in a sealed envelope with postage
     thereon fully prepaid, in the United States mail at San Francisco, California
14      addressed as set forth below. I am readily familiar with the firm's practice
     of collection and processing of correspondence for mailing. Under that
15      practice, it would be deposited with the U.S. Postal Service on that same
     day with postage thereon fully prepaid in the ordinary course of business. I
16      am aware that on motion of the party served, service is presumed invalid if
     the postal cancellation date or postage meter date is more than one day after
     the date of deposit for mailing in this Declaration.

17

18 ☐    by placing the document(s) listed above in a sealed envelope(s) and by
     causing personal delivery of the envelope(s) to the person(s) at the
19      address(es) set forth below. A signed proof of service by the process server
     or delivery service will be filed shortly.

20 ☐    by personally delivering the document(s) listed above to the person(s) at the
     address(es) set forth below.

21

22 ☐    by placing the document(s) listed above in a sealed envelope(s) and
     consigning it to an express mail service for guaranteed delivery on the next
23      business day following the date of consignment to the address(es) set forth
     below. A copy of the consignment slip is attached to this proof of service.

24 ☐    by transmitting via email to the parties at the email addresses listed below:

25

26

27

28

- 1 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Richard A. Sipos, Esq.
    Garret D. Murai, Esq.
2   **WENDEL, ROSEN, BLACK & DEAN LLP**
    1111 Broadway, 24th Floor
3   Oakland, CA 94607
    Facsimile: (510) 834-1928
4   Email: gmurari@wendel.com
    Email: rsipos@wendel.com

5
         I declare under penalty of perjury under the laws of the United States that the above is
6   true and correct.  Executed on January 22, 2008, at San Francisco, California.

7

8

9   _____
    D Rothschild

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

DOCSSFO-12504452.1

**Exhibit E**

1   Richard A. Sipos (Bar No. 126982)
    Garret D. Murai (Bar No. 215667)
2   **WENDEL, ROSEN, BLACK & DEAN LLP**
    1111 Broadway, 24th Floor
3   Post Office Box 2047
    Oakland, CA  94607-4036
4   Telephone:  (510) 834-6600
    Facsimile:  (510) 834-1928
5   E-mail: rsipos@wendel.com

6   Attorneys for Plaintiff
    RICHARD TRAVERSO

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11

12   RICHARD TRAVERSO,           Case No. C07-3629 MJJ

13          Plaintiff,        **NOTICE OF DEPOSITION OF WILLIAM HOOPER**

14       vs.

15   CLEAR CHANNEL OUTDOOR, INC.; and
    DOES 1 through 10, inclusive,
16                       Action Removed:  July 13, 2007
          Defendants.      Trial Date:      April 7, 2008
17

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

*NOTICE OF DEPOSITION OF WILLIAM HOOPER –*
*Case No. C07-3629 MJJ*

014965.0004\837381.1

*Wendel, Rosen, Black & Dean LLP*
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that Plaintiff RICHARD TRAVERSO will take the deposition

3    of William Hooper on January 31, 2008 at 9:00 a.m. at Wendel, Rosen, Black & Dean LLP

4    located at 1111 Broadway, 24th Floor, Oakland, California, Telephone: (510) 834-6600.  The

5    deposition shall be taken under oath and recorded stenographically by a certified shorthand

6    reporter and videotaped by a certified videographer and shall continue from day to day, Sundays

7    and holidays excluded, until completed and adjourned.

8    Dated: January 17, 2008                    WENDEL, ROSEN, BLACK & DEAN LLP

9

10                                             By: _____ for

11                                             Richard A. Sipos
                                               Attorneys for Plaintiff
12                                             RICHARD TRAVERSO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

014965.0004/837381.1

*NOTICE OF DEPOSITION OF WILLIAM HOOPER –*            - 2 -
*Case No. C07-3629 MJJ*

**PROOF OF SERVICE**

I, Christine M. Estrada, declare:

I am a citizen of the United States and am employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California 94607-4036. On January 29, 2008, I served a copy of the within document(s):

**NOTICE OF DEPOSITION OF WILLIAM HOOPER**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. The facsimile machine I used complied with California Rules of the Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of the Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this Proof of Service.

☐ at my business address identified above by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, and by placing the envelope, addressed as set forth below, for deposit in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed _____ envelope with overnight deliver fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address(es) set forth below, and causing the envelope to be delivered that same date to a _____ courier or driver authorized by the express service carrier to receive documents for delivery.

☒ by causing personal hand delivery of true and correct copies of the document(s) listed above by delivering said copies to **A&A Legal Services** for personal hand delivery, in a sealed envelope, addressed to the person(s) at the address(es) set forth below, by leaving the envelope, which was clearly labeled to identify the attorney(es) being served, with the receptionist or other person apparently in charge at the address(es) set forth below.

☒ See attached service list

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 29, 2008, at Oakland, California.

_Christine Estrada_
Christine M. Estrada

014965.0004\837396.1

1

**Service List**

2

3    Scott D. Baker, Esq.
     Jonah D. Mitchell, Esq.
4    David S. Reidy, Esq.
     REED SMITH LLP
5    Two Embarcadero Center, Suite 2000
     San Francisco, CA  94111
6    Phone: (415) 543-8700
     Fax: (415) 391-8269
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

PROOF OF SERVICE



1 | Richard A. Sipos (Bar No. 126982)
Garret D. Murai (Bar No. 215667)
2 | **WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
3 | Post Office Box 2047
Oakland, CA 94607-4036
4 | Telephone: (510) 834-6600
Facsimile: (510) 834-1928
5 | E-mail: rsipos@wendel.com

6 | Attorneys for Plaintiff
RICHARD TRAVERSO

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11

12 | RICHARD TRAVERSO,                 Case No. C07-3629 MJJ

13 |           Plaintiff,             **NOTICE OF DEPOSITION OF PATRICK POWERS**

14 |     vs.

15 | CLEAR CHANNEL OUTDOOR, INC.; and
DOES 1 through 10, inclusive,

16 |                                  Action Removed:  July 13, 2007
Defendants.                        Trial Date:      April 7, 2008
17

18 | / / /

19 | / / /

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28

*NOTICE OF DEPOSITION OF PATRICK POWERS -*
*Case No.  C07-3629 MJJ*

014965.0004\837387.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that Plaintiff RICHARD TRAVERSO will take the deposition

3    of Patrick Powers on January 31, 2008 at 1:00 p.m. at Wendel, Rosen, Black & Dean LLP located

4    at 1111 Broadway, 24th Floor, Oakland, California, Telephone: (510) 834-6600.  The deposition

5    shall be taken under oath and recorded stenographically by a certified shorthand reporter and

6    videotaped by a certified videographer and shall continue from day to day, Sundays and holidays

7    excluded, until completed and adjourned.

8    Dated: January 17, 2008                        WENDEL, ROSEN, BLACK & DEAN LLP

9

10                                                  By:

11                                                  Richard A. Sipos
                                                    Attorneys for Plaintiff
12                                                  RICHARD TRAVERSO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

014965.0004\837387.1

*NOTICE OF DEPOSITION OF WILLIAM HOOPER -*              - 2 -
*Case No.  C07-3629 MJJ*

**PROOF OF SERVICE**

I, Christine M. Estrada, declare:

I am a citizen of the United States and am employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California 94607-4036. On January 29, 2008, I served a copy of the within document(s):

**NOTICE OF DEPOSITION OF PATRICK POWERS**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. The facsimile machine I used complied with California Rules of the Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of the Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this Proof of Service.

☐   at my business address identified above by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, and by placing the envelope, addressed as set forth below, for deposit in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   by placing the document(s) listed above in a sealed _____ envelope with overnight deliver fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address(es) set forth below, and causing the envelope to be delivered that same date to a _____ courier or driver authorized by the express service carrier to receive documents for delivery.

☒   by causing personal hand delivery of true and correct copies of the document(s) listed above by delivering said copies to **A&A Legal Services** for personal hand delivery, in a sealed envelope, addressed to the person(s) at the address(es) set forth below, by leaving the envelope, which was clearly labeled to identify the attorney(s) being served, with the receptionist or other person apparently in charge at the address(es) set forth below.

☒   See attached service list

☒   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 29, 2008, at Oakland, California.

_Christine Estrada_
_____
Christine M. Estrada

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

014965.0004\837395.1

PROOF OF SERVICE

1

## Service List

2

3  Scott D. Baker, Esq.
   Jonah D. Mitchell, Esq.
4  David S. Reidy, Esq.
   REED SMITH LLP
5  Two Embarcadero Center, Suite 2000
   San Francisco, CA  94111
6  Phone: (415) 543-8700
   Fax: (415) 391-8269
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

014965.0004\837395.1                                   - 2 -

**Exhibit F**

# ReedSmith

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
415.543.8700
Fax 415.391.8269

David S. Reidy
Direct Phone: 415.659.5924
Email: dreidy@reedsmith.com

January 30, 2008

### *VIA FACSIMILE (510) 834-1928*

Mr. Garret D. Murai
Wendel Rosen Black & Dean
1111 Broadway, 24th Floor
Oakland, CA 94607

Re:    *Traverso v. Clear Channel Outdoor, Inc., et al.,* U.S.D.C. C-07-3629 MJJ

Dear Mr. Murai:

Late yesterday afternoon, we received Plaintiff's notices purporting to set the depositions of Clear Channel employees Patrick Powers and William Hooper for January 31, 2008 – just two days later. The notices are insufficient as a matter of law and neither Mr. Powers nor Mr. Hooper has an obligation to appear. We will not produce these witnesses.

As you know, Rule 30(b)(1) of the Federal Rules of Civil Procedure (FRCP) requires "reasonable notice in writing" of a deposition; moreover, Northern District of California Local Rule 30-1 requires the parties to meet and confer to choose dates for depositions prior to serving notices. Plaintiff's attempt to do all this, just *two days* before the January 31, 2008 discovery cutoff, is patently unreasonable. *See U.S. v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 36 (D.DC, 2004) (3 days not "reasonable" notice for deposition). Moreover, any attempt to notice the depositions after January 31, 2008, would clearly violate the Court's Pretrial Order issued pursuant to FRCP 16(b). *See* N.D. Cal., L.R. 26-2.

Plaintiff's unreasonableness is even more stark given the history of this case and how long Plaintiff has had to notice Mr. Powers and Mr. Hooper's depositions if so desired. On October 9, 2007, Clear Channel made its initial disclosures in this action, in which it identified Mr. Hooper and Mr. Powers as possible witnesses.[1] In other words, Plaintiff had *three and a half months* to notice their depositions, but chose not to. Plaintiff was also on notice of the discovery cutoff in this case since entry of the Pretrial Order in this action on November 8, 2007 – over *two months ago.*

---

[1]    Incidentally, Plaintiff only produced its Initial Disclosures on December 18, 2007, over a month late.

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

r e e d s m i t h . c o m

DOCSSFO-12505086.1-DSREIDY

Mr. Garret D. Murai
January 30, 2008
Page 2

**ReedSmith**

Moreover, on January 18, our office wrote you advising that we intended to notice the deposition of Mr. Traverso and attempting to confer regarding dates for his deposition. Although you indicated you would get back to us, you never did. As a result, later that day, our office timely served a notice of deposition for Mr. Traverso which set January 31 as the date for his deposition. At no point did you request any depositions from Clear Channel.

Last Thursday, January 24, you sent a letter claiming that Mr. Traverso was unavailable for deposition on January 31 and that lead counsel for Mr. Traverso was also unavailable on that day. You also indicated that you had asked Mr. Traverso for alternative dates and that you would get back to us with those dates. Again, however, you made no mention of any desire to take any depositions of Clear Channel witnesses.

On Monday, January 28, you called our office requesting an extension to respond to Clear Channel's first set of document requests and first set of interrogatories. Again, you made no mention of any desire to take any depositions of Clear Channel witnesses.

Meanwhile, we have attempted to accommodate you and Mr. Traverso in scheduling his deposition and granting your request for additional time for Mr. Traverso's responses to Clear Channel's discovery. Indeed, we agreed to re-schedule Mr. Traverso's deposition (1) on the condition that we would be allowed to use the deposition even though it would take place outside the discovery cutoff and (2) provided that he was made available on February 4 or 5, or that you agreed to extend the deadlines pertaining to expert reports and the like. Given the time constraints, we asked that you respond by January 29. Although you confirmed your agreement that we could use Mr. Traverso's deposition for all purposes (*i.e.*, as though it occurred before the discovery cut-off), you failed to respond regarding alternative dates for Mr. Traverso as we had requested and as you had promised when you first asked to re-schedule. Moreover, on two separate occasions yesterday, you indicated you would soon have new dates to propose, and yet you still have not confirmed an alternative date.

Instead, you served deposition notices for Mr. Powers and Mr. Hooper, purporting to notice their depositions, just two days later – January 31 – amazingly, the same day you had previously told us your office was unavailable for Mr. Traverso's deposition due to counsel and witness unavailability. In sum, (1) there is no excuse for your delay and (2) your "eleventh-hour" attempt to notice the depositions of Mr. Powers and Mr. Hooper for a day on which your office has indicated it was not available – while refusing to respond to our request for alternative dates for Mr. Traverso – smacks of bad faith.

As noted above, Mr. Powers and Mr. Hooper will not be made available for deposition on January 31 or at any other time because they were not properly noticed before the discovery cutoff.

Finally, nearly a week has passed since you told us Mr. Traverso was unavailable for deposition and promised to provide alternative dates, but we still do not have any dates despite our follow-up requests. In addition, you have refused to extend the deadlines for initial expert reports, due on February 8, and related dates. As a result, we intend to go forward with Mr. Traverso's deposition on February 5 and will record his non-appearance and seek all appropriate remedies if he does not appear. We enclose an Amended Notice of Deposition herewith. We expect Mr. Traverso's documents no later than the close of business on Thursday, January 31 in order to allow us sufficient time to prepare.

Sincerely,

David S. Reidy

cc:    Jonah Mitchell, Esq.

**Exhibit G**



WENDEL
ROSEN
BLACK
&DEAN
L L P

ATTORNEYS AT LAW

1111 Broadway, 24ᵗʰ Floor
Oakland, CA 94607-4036

Post Office Box 2047
Oakland, CA 94604-2047

Telephone: (510) 834-6600
Fax: (510) 834-1928
gmurai@wendel.com

January 30, 2008

**VIA FACSIMILE AND FIRST
CLASS MAIL/(415) 391-8269**

David S. Reidy, Esq.
**REED SMITH LLP**
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111

  Re: *Traverso v. Clear Channel Outdoor, Inc., et al.*

Dear Mr. Reidy:

   This letter is in response to yours of today's date. We disagree with your contention that the deposition notices for Messrs. Hooper and Powers are insufficient as a matter of law and demand that you withdraw your objections to their deposition notices.

   The deposition notices were sent in compliance with Federal Rules of Civil Procedure 30(b)(1) and Local Rule 30-1. Messrs. Hooper and Powers' deposition notices were served following a meet and confer and set within the time to complete discovery. Moreover, as indicated in my letter to you yesterday, if Messrs. Hooper and/or Powers are unavailable on the date set for their depositions we are willing to work cooperatively with you in rescheduling their depositions.

   Moreover, Messrs. Hooper and Powers were disclosed in Clear Channel Outdoor, Inc.'s ("Clear Channel") responses to special interrogatories as the persons most knowledge on the issue of comparable billboard leases and licenses of Clear Channel. This information was not contained in your initial disclosures which only disclosed Messrs. Hooper and Powers as having "[i]nformation concerning [the] lease and general business relationship with plaintiff Richard Traverso." Thus, your contention that Messrs. Hooper and Powers were disclosed in your initial disclosures, and that our client had sufficient time to depose them earlier, is irrelevant. As you know, evidence of comparables will be a key issue at trial, and if Messrs. Hooper and Powers have information on comparables we will need to depose them.

   Finally, Clear Channel's responses to special interrogatories were only received this past week on January 24, 2008. Messrs. Hooper and Powers' deposition notices were served *three* business days later. Presumably, Clear Channel would have objected to Messrs. Hooper and

014965.0004\837536.1

David S. Reidy, Esq.
January 30, 2008
Page 2

WENDEL, ROSEN, BLACK & DEAN LLP

Powers' deposition notices even if they were served two or even one business day later. The absurdity of this argument is that Clear Channel itself unilaterally set Mr. Traverso's deposition only seven business days before his deposition. As you know, this action has been set on an expedited schedule and, as such, deposition notices will by necessity be set on shortened notice.

Meanwhile, Clear Channel has produced no documents in response to any of our requests for production of documents although those documents were due on January 22, 2008. Further compounding this, is your refusal to meet and confer on Clear Channel's discovery responses until you have received our client's discovery responses. This is clearly inappropriate.

Although we have many disagreements, it is my hope that we can resolve these differences so that we do not have to involve the court in unnecessary motion practice. I suggest that we agree on a mutual date for production of documents with depositions of Messrs. Traverso, Hooper, and Powers, not necessarily in that order, following. Please let me know if you are amenable to this.

Very truly yours,

WENDEL, ROSEN, BLACK & DEAN LLP

By: _____
Garret D. Murai

GDM:cme

014965.0004\837536.1

**Exhibit H**

## Garret D. Murai

**From:** Reidy, David S. [DReidy@ReedSmith.com]

**Sent:** Wednesday, January 30, 2008 5:25 PM

**To:** Garret D. Murai

**Cc:** Mitchell, Jonah

**Subject:** Traverso v. Clear Channel

Garret,

We respond here to your letter of today's date.

First, so that the record is clear, I never stated that Plaintiff could take the depositions of Mr. Hooper and Mr. Powers. At the end of our telephone discussion yesterday, January 29, you mentioned *for the first time* that you wanted to notice their depositions. I told you that the notices would not be timely because the discovery cutoff was two days away. You argued that Plaintiff should be allowed take the depositions, and I told you that for that to happen, Clear Channel would have to agree to allow the depositions after the discovery cutoff. I expressly told you that I did not think the client would agree to that, that it was a new issue sprung upon me without notice, and that we would have to consider it and get back to you; I also clearly stated that the answer would probably be no. To characterize this exchange as a meet and confer is disingenuous at best. We trust that this will end your efforts to try to depose Mr. Hooper and Mr. Powers.

As to the other matters, Plaintiff's written discovery responses are due today, pursuant to an extension we granted at your request; Plaintiff's documents are due tomorrow. Depending upon how the responses and documents are served, we expect to receive them by the end of this week. At that time, we will be happy to schedule a meet and confer discussion to address any deficiencies in those responses, as well as any concerns you might have regarding Clear Channel's responses. In the meantime, if you wish to outline your concerns about Clear Channel's responses in a meet and confer letter to us, we invite you to do that.

Finally, your letter makes references to Clear Channel's documents. Per my email sent earlier, the documents were already on their way to your office before I received your latest letter. In sum, Clear Channel has responded to written discovery and produced documents; we trust Plaintiff will do the same.

Regards,

David S. Reidy, Esq.
**Reed Smith**LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
**415.659.5933 Direct**
415.391.8269 Fax
*dreidy@reedsmith.com*

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.  \* \* \*

2/6/2008

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03
pdc1

2/6/2008

**Exhibit I**



WENDEL
ROSEN
BLACK
&DEAN
L L P

ATTORNEYS AT LAW

1111 Broadway, 24th Floor
Oakland, CA  94607-4036

Post Office Box 2047
Oakland, CA  94604-2047

Telephone: (510) 834-6600
Fax: (510) 834-1928
gmurai@wendel.com

February 1, 2008

**VIA FACSIMILE AND FIRST**
**CLASS MAIL/(415) 391-8269**

Jonah D. Mitchell, Esq.
David S. Reidy, Esq.
**REED SMITH LLP**
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111

      Re:   *Traverso v. Clear Channel Outdoor, Inc., et al.*

Dear Counsel:

This letter is in response to Mr. Reidy's emails of January 30, 2008.  This letter is addressed to both of you because it is my understanding that Mr. Reidy is out of the office today.

First, regarding the depositions of Messrs. Hooper and Powers, your position that Clear Channel Outdoor, Inc. ("Clear Channel") did not *agree* to have their depositions taken on January 31, 2008, and that since any date after January 31, 2008 would fall beyond the non-expert discovery deadline, that their deposition notices were not timely, misstates the law.  There is no requirement that we obtain your client's approval before setting their deposition.  All that is required is that we meet and confer under Local Rule 30-1 and provide notice under Federal Rules of Civil Procedure 30(1).  We have done that.

Moreover, your office set the deposition of Mr. Traverso in the same manner of which you complain.  Jonah Mitchell of your office sent me an email asking for available dates for Mr. Traverso.  I replied to Mr. Mitchell's email and said that I would provide available dates.  That same day, your office unilaterally sent our office a deposition notice for Mr. Traverso set for January 31, 2008.  I later sent a letter to Mr. Mitchell explaining that Mr. Traverso was not available on January 31, 2008.  If we were to take the same position as you, we could also argue that since Mr. Traverso was not available on January 31, 2008, and because any date after January 31, 2008 would have fallen beyond the non-expert discovery deadline, that *your* deposition notice was not timely.  We did not because your deposition notice, like our deposition notices, were in fact timely.

WENDEL, ROSEN, BLACK & DEAN LLP

David S. Reidy, Esq.
February 1, 2008
Page 2

Once again, we ask that you withdraw your objections to the deposition notices for Messrs. Hooper and Powers. If we do not receive your written withdrawal of your objections, please consider this letter our meet and confer effort, and we will proceed with filing a motion to compel their attendance at deposition. Also, Mr. Traverso is not available on the date noticed in your amended deposition notice, however, he is available for deposition on February 6, 2008.

Second, pursuant to our agreement, we served our client's response to your Request for Production of Documents and Special Interrogatories. You should have received them by now. We also received documents from your office in response to our discovery. However, given the many objections you have raised in your discovery responses, which you have to date refused to meet and confer on, it is unclear what discovery responses these documents are in response to. From my review of the documents, it appears that they are in response to Request for Production of Documents Nos. 1, 3, and 7-8, only. Please confirm.

Finally, we have received your proposed protective order. There are a few issues that need to be addressed in the order. The protective order should apply, not only to documents and testimony, but also discovery responses. Additionally, confidential information should be allowed to be viewed by parties to the case. Finally, we do not believe that it should be required that parties first make a written request to the disclosing party before allowing confidential information to be viewed by experts since most if not all confidential information in this case will need to be viewed by the experts for them to render their opinions. Please also confirm whether a protective order will remedy your objections to Request for Production of Documents Nos. 2, 4-6, and 9 and Special Interrogatory Nos. 3-8.

We would like to get a protective order in place as soon as possible so please let me know if the foregoing changes are acceptable.

Very truly yours,

WENDEL, ROSEN, BLACK & DEAN LLP

By: _____
Garret D. Murai

GDM:cme

014965.0004\837711.1

**Exhibit J**

# Garret D. Murai

**From:**    Reidy, David S. [DReidy@ReedSmith.com]
**Sent:**    Wednesday, February 06, 2008 10:29 AM
**To:**      Garret D. Murai
**Cc:**      Mitchell, Jonah
**Subject:**  RE: Traverso / Clear Channel - Discovery Issues

Garret,

Clear Channel has produced documents in response to Plaintiff's RFP Nos. 1, 3, 6, 7 and 8: you have our entire lease file.

As to Plaintiff's RFP No. 2, actually you agreed to get back to me to explain what exactly you were looking for. In any event, we have located a permit for the sign and will producing it today. Unless I hear otherwise, I will presume that satisfies our obligation under RFP No. 2. I agree with the rest of your comments regarding our responses to RFP Nos. 4, 5 and 9.

I also agree with your comments regarding our supplemental responses to Interrogatories 3 - 5, and 8. With regard to No. 9, we will not supplement the response to draw any inferences from our position on that contention, or the implications on Plaintiff's burden at trial, etc. We will simply confirm that we are not making the contention described in the Interrogatory, that is all. Finally, I agreed to get you the supplemental responses tomorrow. The noon deadline was not part of our agreement, but I will do my best to get them to you as early as possible.

We received your documents - thank you. Mr. McMonigle will receive ours by hand today, and we will mail you a copy also.

Thanks,

**David S. Reidy**
T: 415.659.5933 | F: 415.391.8269 | *dreidy@reedsmith.com* | Reed Smith LLP

---

**From:** Garret D. Murai [mailto:GMurai@wendel.com]
**Sent:** Tuesday, February 05, 2008 4:00 PM
**To:** Reidy, David S.
**Cc:** Mitchell, Jonah
**Subject:** RE: Traverso / Clear Channel - Discovery Issues

David:

So that we're on the same page, with respect to Clear Channel's production of documents, Clear Channel will produce documents in response to RFD Nos. 2 (to the extent that there are any further responsive documents that have not already been produced), 4, 5, and 9 (with the exception of advertising contracts). This also confirms that the documents produced earlier by Clear Channel are in response to RFD Nos. 1, 3, 6, and 7.

With respect to Clear Channel's responses to special interrogatories, Clear Channel will serve supplemental responses to SPROG Nos. 3, 4, 5, 8, and 9. Your email doesn't indicate that Clear Channel will serve supplemental responses to SPROG No. 5. My notes indicate that you said you would. Please confirm. Also, with respect to SPROG No. 9, this confirms Clear Channel will supplement its responses to indicate that it is not contending that the lease at issue did not terminate as of February 28, 2007 and that the only remaining issue is damages.

The documents being produced by Mr. Traverso are being hand delivered today. You may have already received them. Please also let me know if you will accept service of Mr. Traverso's supplemental responses to your interrogatories by email. We will accept Clear Channel's supplemental responses to our interrogatories by email or fax. However, please confirm that you will serve Clear Channel's supplemental responses to our interrogatories no later than 12:00 p.m. on Thursday. If not, I will need an extension to file a motion to compel further responses. Also, please hand-deliver Clear Channel's documents to Mr. McMonigle at the deposition tomorrow.

GDM

Garret D. Murai
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607
Telephone: (510) 834-6600
Facsimile: (510) 808-4713 (direct)
E-mail: gmurai@wendel.com

-----Original Message-----
**From:** Reidy, David S. [mailto:DReidy@ReedSmith.com]
**Sent:** Tuesday, February 05, 2008 3:18 PM
**To:** Garret D. Murai
**Cc:** Mitchell, Jonah
**Subject:** Traverso / Clear Channel - Discovery Issues

Garret,

As we discussed, we will produce all documents in our possession which are responsive to Traverso's document requests and were being withheld pending an agreement on the protective order. We will hand-deliver the documents to counsel defending Mr. Traverso's deposition tomorrow, unless you want them sent directly to you. Please let me know your preference. I will also provide you with supplemental responses to Plaintiff's Special Interrogatories 3, 4, 8 and 9 on Thursday. Please let me know if you will agree to accept service of the supplemental responses by fax or email. Let me know if this is not consistent with your understanding of our discussion.

This will also confirm that you, or your co-counsel will produce by hand delivery today all documents responsive to Clear Channel's document requests, including documents that were being withheld pending an agreement on the protective order and documents relied upon in estimating fair rental value.

Finally, we will not be producing our expert for deposition on Monday, February 11, 2008. We will serve objections to the deposition notice tomorrow.

Thanks,

David S. Reidy, Esq.
**Reed Smith**LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
**415.659.5933  Direct**
415.391.8269  Fax
*dreidy@reedsmith.com*

2/6/2008

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

\* \* \*

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03
pdc1

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I RS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2/6/2008

**Exhibit K**

1    Scott D. Baker (SBN 84923)
     Email: sbaker@reedsmith.com
2    Jonah D. Mitchell (SBN 203511)
     Email: jmitchell@reedsmith.com
3    David S. Reidy (SBN 225904)
     Email: dreidy@reedsmith.com
4    REED SMITH LLP
     Two Embarcadero Center, Suite 2000
5    San Francisco, CA  94111-3922

6    **Mailing Address:**
     P.O. Box 7936
7    San Francisco, CA  94120-7936

8    Telephone:     +1 415 543 8700
     Facsimile:      +1 415 391 8269
9
     Attorneys for Clear Channel Outdoor, Inc.
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
     RICHARD TRAVERSO,                     No.: 07-cv-03629 MJJ
13
                    Plaintiff,             **CLEAR CHANNEL OUTDOOR, INC.'S**
14                                         **SUPPLEMENTAL RESPONSES TO**
                                           **RICHARD TRAVERSO'S SPECIAL**
     vs.                                   **INTERROGATORIES, SET ONE**
15
     CLEAR CHANNEL OUTDOOR, INC., and
16   DOES 1-10,

17                  Defendants.            Honorable Martin J. Jenkins

18
19   DEMANDING PARTY:      RICHARD TRAVERSO

20   RESPONDING PARTY:     CLEAR CHANNEL OUTDOOR, INC.

21   SET NUMBER:           ONE

22
23        Defendant Clear Channel Outdoor, Inc. ("Clear Channel") hereby supplements its responses

24   to certain of Plaintiff Richard Traverso's First Set of Special Interrogatories as follows:

25                    **PRELIMINARY STATEMENT**

26        Clear Channel has not completed its investigation, has not completed discovery in this action

27   and has not completed its preparation for trial.  The responses herein are, therefore, based only upon

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Clear Channel's knowledge as of the date of these responses and given without prejudice to Clear

2   Channel's right to produce additional or subsequently discovered documents.

3                                **GENERAL OBJECTIONS**

4        The following general objections are expressly incorporated into each of the specific

5   responses set forth below:

6        1.      Clear Channel generally objects to each and every Interrogatory to the extent that it

7   may be construed as calling for information and documents which constitutes trade secrets or other

8   confidential or proprietary information.

9        2.      Clear Channel generally objects to each and every Interrogatory to the extent it seeks

10  to impose obligations beyond those permitted under the Federal Rules of Civil Procedure or this

11  Court's Local Rules.

12       3.      Clear Channel generally objects to each and every Interrogatory to the extent it is

13  vague, ambiguous, overly broad, unduly burdensome and oppressive, and seeks information that is

14  neither relevant nor likely to lead to the discovery of admissible evidence.

15                               **SPECIFIC RESPONSES**

16       **SPECIAL INTERROGATORY NO. 1**: Identify by name, position, address, and telephone

17  number the person(s) most knowledgeable employed by YOU regarding advertising contracts with

18  YOU for billboard advertising along the Skyway (between The Embarcadero and 3rd Street along

19  Interstate 80) in San Francisco, California.

20       **RESPONSE TO SPECIAL INTERROGATORY NO. 1**: Clear Channel incorporates its

21  general objections. Clear Channel further objects to this Interrogatory as vague and ambiguous.

22  Clear Channel further specifically objects to the phrase "advertising contracts with YOU" as vague,

23  ambiguous and unintelligible. Clear Channel further objects to this Interrogatory on the grounds that

24  it is overbroad in that, among other things, there is no limit as to time. Clear Channel further objects

25  to this Interrogatory on the grounds that it calls for information which is neither relevant nor

26  reasonably calculated to lead to the discovery of admissible evidence. Clear Channel further objects

27  to this Interrogatory to the extent that it calls for trade secret, confidential or proprietary information.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: 07-cv-03629 MJJ                      **– 2 –**                          DOCSSFO-12503409.1
            SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES

Without waiting the rights reserved in its Preliminary Statement and subject to the foregoing objections, Clear Channel responds as follows:

William Hooper.

**SPECIAL INTERROGATORY NO. 2:** State all amounts YOU have paid or have charged under each lease and/or license of billboard signs located along the Skyway (between The Embarcadero and 3rd Street along Interstate 80) in San Francisco, California from 2000 through present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:** Clear Channel incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and ambiguous. Clear Channel further specifically objects to the phrase "YOU have paid or have charged under each lease and/or license of billboard signs" as vague and ambiguous. Clear Channel further objects to this Interrogatory on the grounds that it is overbroad as to, among other things, time. Clear Channel further objects to this Interrogatory on the grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this Interrogatory to the extent that it calls for trade secret, confidential or proprietary information. Without waiving the rights reserved in its Preliminary Statement and subject to the foregoing objections, Clear Channel responds as follows:

Clear Channel refers to and incorporates herein by reference documents 232-312 (Confidential Attorneys' Eyes Only), produced by Clear Channel in this action on February 6, 2008.

**SPECIAL INTERROGATORY NO. 3:** State all amounts YOU have charged for billboard advertising along the Skyway (between The Embarcadero and 3rd Street along Interstate 80) in San Francisco, California from 2000 through present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:** Clear Channel incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and ambiguous. Clear Channel further objects to this Interrogatory on the grounds that it is overbroad as to, among other things, time. Clear Channel further objects to this Interrogatory on the grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this Interrogatory to the extent that it calls for trade

No.: 07-cv-03629 MJJ          − 3 −

SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES

1    secret, confidential or proprietary information. Without waiving the rights reserved in its

2    Preliminary Statement and subject to the foregoing objections, Clear Channel responds as follows:

3         Clear Channel refers to and incorporates herein by reference documents 219-231

4    (Confidential Attorneys' Eyes Only), produced by Clear Channel in this action on February 6, 2008.

5         **SPECIAL INTERROGATORY NO. 4**: State all amounts YOU have received from the

6    third-parties under advertising contracts with YOU for use of the PROPERTY.

7         **RESPONSE TO SPECIAL INTERROGATORY NO. 4**: Clear Channel incorporates its

8    general objections. Clear Channel further objects to this Interrogatory as vague and ambiguous.

9    Clear Channel further objects to this Interrogatory on the grounds that it is overbroad in that, among

10    other things, there is no limit as to time. Clear Channel further objects to this Interrogatory on the

11    grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the

12    discovery of admissible evidence. Clear Channel further objects to this Interrogatory to the extent

13    that it calls for trade secret, confidential or proprietary information. Without waiving the rights

14    reserved in its Preliminary Statement, Clear Channel responds as follows:

15         Clear Channel refers to and incorporates herein by reference documents 217-218

16    (Confidential Attorneys' Eyes Only), produced by Clear Channel in this action on February 6, 2008.

17         **SPECIAL INTERROGATORY NO. 5**: If you contend that the LEASE did not terminate

18    on February 28, 2007, state all facts in support of that contention.

19         **RESPONSE TO SPECIAL INTERROGATORY NO. 5**: Subject to and without waiving

20    its general objections, Clear Channel responds as follows:

21         Clear Channel does not contend that the LEASE did not terminate on February 28, 2007.

22

23       DATED: February 7, 2008.

24                  REED SMITH LLP

25

26                  By _____

27                     David S. Reidy
                     Attorneys for Defendant
                     Clear Channel Outdoor, Inc.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: 07-cv-03629 MJJ        — 4 —              DOCSSFO-12503409.1

SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES

1

<u>**VERIFICATION**</u>

2         I, Patrick Powers, delcare:

3         1.      I am a Real Estate Manger for Clear Channel Outdoor, Inc., Defendant in this action,

4    and I am authorized to make this Verification on its behalf.

5         2.      I have read Defendant Clear Channel Outdoor, Inc.'s Supplemental Responses To

6    Richard Traverso's Special Interrogatories, Set One and know of its contents. I am informed and

7    believe, and on that ground allege, that the matters stated in that document are true.

8         I declare under penalty of perjury under the laws of the United States that the foregoing is

9    truc and correct.

10

11        DATED: February 7, 2008.

12

13

14                                    _____
                                       Patrick Powers
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

1

2        I am a resident of the State of California, over the age of eighteen years, and not a party to

3    the within action. I am employed in the office of a member of the bar of this court at whose

4    direction the service was made. My business address is REED SMITH LLP,

5    Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On February 7, 2008, I

6    served the following document(s) by the method indicated below:

7

8    **"CLEAR CHANNEL OUTDOOR, INC.'S SUPPLEMENTAL RESPONSES TO RICHARD TRAVERSO'S SPECIAL INTERROGATORIES, SET ONE"**

9    ☒   by transmitting via facsimile on this date from fax number +1 415 391 8269

10   the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete

11   and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by

12   fax was made by agreement of the parties, confirmed in writing. **["Garret D. Murai ONLY"]**

13   ☒   by placing the document(s) listed above in a sealed envelope with postage

14   thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice

15   of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same

16   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if

17   the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. **["Joseph P. McMonigle ONLY"]**

18

19   ☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the

20   address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

21   ☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the

22   address(es) set forth below.

23   ☐   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next

24   business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

25

26   ☐   by transmitting via email to the parties at the email addresses listed below:

27

28

- 1 -

1    Richard A. Sipos, Esq.
     Garret D. Murai, Esq.
2    **WENDEL, ROSEN, BLACK & DEAN LLP**
     1111 Broadway, 24th Floor
3    Oakland, CA 94607
     Facsimile: (510) 834-1928
4    Email: gmurari@wendel.com
     Email: rsipos@wendel.com
     {"VIA FACSIMILE"}
5
     Joseph P. McMonigle, Esq.
6    **LONG & LEVITT**
     465 California Street, 5th Floor
7    San Francisco, CA 94104
     Facsimile: (415) 397-6392
8    Email: jmcmonigle@longlevit.com
     {"VIA U.S. MAIL"}
9

10         I declare under penalty of perjury under the laws of the United States that the above is
11   true and correct. Executed on February 7, 2008, at San Francisco, California.

12

13

14         _____
                    Patricia Giatis
15

16
     DOCSSFO-12504452.2
17

18

19

20

21

22

23

24

25

26

27

28