Richard A. Sipos (Bar No. 126982)
Garret D. Murai (Bar No. 215667)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Post Office Box 2047
Oakland, CA 94607-4036
Telephone: (510) 834-6600
Facsimile: (510) 834-1928
E-mail: rsipos@wendel.com

Joseph P. McMonigle (Bar No. 66811)
**LONG & LEVIT LLP**
465 California Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392
Email: jmcmonigle@longlevit.com

Attorneys for Plaintiff
RICHARD TRAVERSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD TRAVERSO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CLEAR CHANNEL OUTDOOR, INC.; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. C07-3629 MJJ<br><br>**[DISCOVERY MATTER]**<br><br>**SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND TO COMPEL THE DEPOSITIONS OF WILLIAM HOOPER AND PATRICK POWERS**<br><br>Date:　　　　March 18, 2008<br>Time:　　　　9:30 a.m.<br>Courtroom:　11 (19th Floor)<br>Judge:　　　Hon. Martin J. Jenkins<br><br>Action Removed: July 13, 2007<br>Trial Date: April 7, 2008 |

*SEPARATE STATEMENT – Case No. C07-3629 MJJ*

Plaintiff RICHARD TRAVERSO respectfully submits the following Separate Statement:

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS which RELATE TO YOUR lease and/or license of billboard signs located along the Skyway (between The Embarcadero and 3rd Street along Interstate 80) in San Francisco, California including, but not limited to, all DOCUMENTS which reflect amounts YOU are paying and/or charging for such billboard signs from 2000 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Clear Channel incorporates its general objections. Clear Channel further objects to this Request as vague, ambiguous and overly broad. Clear Channel specifically objects to the Request as vague, ambiguous and overly broad as to the term "RELATE TO." Clear Channel further objects to this Request on the grounds that it is overbroad as to time and subject matter. Clear Channel further objects to this Request on the grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this Request on the grounds that it calls for information that is protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, the joint defense privilege, the business strategies privilege or any other lawful privilege or immunity afforded by the law. Clear Channel further objects to this Request on the grounds that it calls for trade secret, confidential or proprietary information.

**REASON WHY RESPONSE TO REQUEST NO. 4 IS NOT ADEQUATE:**

Clear Channel leases the right to operate billboards from Property Owners, and in turn enters into advertising contracts with third-parties to post advertisements on those billboards. Clear Channel pays Property Owners rent, which correlates to the net advertising revenues generated by the billboards and paid to companies such as Clear Channel. As such, Plaintiff will need and is entitled to Clear Channel's Skyway land leases.

This request is not vague, ambiguous or overbroad. It seeks documents concerning billboards within a defined geographic area and within a defined period of time. Moreover, the documents sought are relevant to the determination of the reasonable rent for the Billboard.

Finally, the request is not seeking documents protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity.

Clear Channel has sought Skyway land leases from Traverso, who has produced the documents requested, and been deposed on those documents. At Traverso's deposition, Clear Channel's counsel conceded on the record that Skyway land leases are relevant. Clear Channel chose to produce, or partially produce, nine Skyway land leases, but has refused to produce all Skyway land leases for 35 Skyway billboards. It appears that Clear Channel has selected Skyway land leases that support its position, and refused to produce those that do not.

Clear Channel must be compelled to produce full copies of all Skyway land leases, for all of its Skyway billboards.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS which RELATE TO advertising contracts with YOU for billboard advertising along the Skyway (between The Embarcadero and 3rd Street along Interstate 80) in San Francisco, California including, but not limited to, all DOCUMENTS which reflect amounts YOU are charging for such billboard advertising from 2000 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Clear Channel incorporates its general objections. Clear Channel further objects to this Request as vague, ambiguous and overly broad. Clear Channel specifically objects to the Request as vague, ambiguous and overly broad as to the term "RELATE TO." Clear Channel further objects to this Request on the grounds that it is overbroad as to time and subject matter. Clear Channel further objects to this Request on the grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this Request on the grounds that it calls for information that is protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, the joint defense privilege, the business strategies privilege or any other lawful privilege or immunity afforded by the law. Clear Channel further objects to this Request on the grounds that it calls for trade secret, confidential or proprietary information.

///

**REASON WHY RESPONSE TO REQUEST NO. 5 IS NOT ADEQUATE:**

Clear Channel leases the right to operate billboards from Property Owners, and in turn enters into advertising contracts with third-parties to post advertisements on those billboards. Clear Channel pays Property Owners rent, which correlates to the net advertising revenues generated by the billboards and paid to companies such as Clear Channel. As such, Plaintiff will need and is entitled to Clear Channel's Skyway advertising rates and contracts.

The request is not vague, ambiguous or overbroad. It seeks documents concerning billboards within a defined geographic area and within a defined period of time. Traverso has agreed to limit this request to Skyway advertising rates and contracts in existence from January 1, 2007-December 31, 2008. This covers the range from when the Lease terminated on February 28, 2007 and the time Clear Channel is holding over, which continues to the present and into the future. Moreover, the documents sought are relevant to the determination of reasonable rent for the Billboard. Finally, the request is not seeking documents protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity.

Clear Channel has sought Skyway advertising rates and contracts from Traverso, who has produced the documents requested, and been deposed on those documents. At Traverso's deposition, Clear Channel's counsel conceded on the record that Skyway advertising rates and contracts are relevant. Clear Channel has produced typed lists of numbers, Ex. A to McMonigle Decl., that purport to be gross and net advertising revenues Clear Channel received on 17 Skyway billboards for portions of 2006 and 2007. These documents violate the best evidence rule (Fed. R. Evid. 1002), and the hearsay rule (Fed. R. Evid. 802). The deficiencies in the documents Clear Channel produced are detailed in Plaintiff's Points and Authorities, at pp. 4-6, titled "A. The Information is Relevant," and "B. Clear Channel Concedes the Information Sought Is Relevant." Yet, Defendant has refused to produce any Skyway advertising rates and contracts for 35 Skyway billboards. It appears that Clear Channel has selected a minimum of Skyway advertising contract data, which data supports Clear Channel's position, and refused to produce the substantial body of information that does not.

///

Clear Channel must be compelled to produce all Skyway advertising rates, and all Skyway advertising contracts, in existence from January 1, 2007-December 31, 2008, for all of its Skyway billboards.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS which RELATE TO YOUR lease of advertising space on the PROPERTY to or through advertisers, agencies, brokers, and or other third-parties including, but not limited to, advertising contracts, proposals and responses to proposals, commuter runs and print-outs, correspondence, and agreements which evidence amounts received by YOU from advertisers, agencies, brokers, and/or other third-parties for the lease such advertising space on the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Clear Channel incorporates its general objections. Clear Channel further objects to this Request as vague, ambiguous and overly broad. Clear Channel specifically objects to the Request as vague, ambiguous and overly broad as to the term "RELATE TO." Clear Channel further objects to this Request on the grounds that it is overbroad as to time and subject matter. Clear Channel further objects to this Request on the grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this Request on the grounds that it calls for information that is protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, the joint defense privilege, the business strategies privilege or any other lawful privilege or immunity afforded by the law. Clear Channel further objects to this Request on the grounds that it calls for trade secret, confidential or proprietary information.

**REASON WHY RESPONSE TO REQUEST NO. 9 IS NOT ADEQUATE:**

Clear Channel's efforts to block Plaintiff from discovery on the billboard at issue in the case is remarkable. Plaintiff will need and is entitled to documents related to Clear Channel's lease of advertising space on the Billboard. The request is not vague, ambiguous or overbroad. It seeks documents concerning the billboard at issue, which Clear Channel has operated during all relevant times. Moreover, the documents sought are relevant to the determination of the

reasonable rent for the Billboard. Finally, the request is not seeking documents protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity.

Clear Channel has sought advertising rates and contracts for the Billboard from Traverso. Although Traverso did not have such information, Traverso produced the documents requested in relation to a Skyway Billboard that is adjacent to the Billboard, and been deposed on those documents. At Traverso's deposition, Clear Channel's counsel conceded on the record that Skyway advertising rates and contracts are relevant. Clear Channel has produced a typed lists of numbers, the first two documents of Ex. A to McMonigle Decl., that purport to be gross and net advertising revenues Clear Channel received on the Billboard for portions of 2003 through 2007. These documents violate the best evidence rule (Fed. R. Evid. 1002), and the hearsay rule (Fed. R. Evid. 802). The deficiencies in the documents Clear Channel produced are detailed in Plaintiff's Points and Authorities, at pp. 4-7, titled "A. The Information is Relevant," and "B. Clear Channel Concedes the Information Sought Is Relevant." Yet, Defendant has refused to produce any Skyway advertising rates and contracts for the Billboard. It appears that Clear Channel has selected a minimum of Billboard advertising contract data, which data supports Clear Channel's position, and refused to produce the remainder of the information that does not. In fact, Traverso believes that Clear Channel recently entered into a new advertising contract with General Motors on the Billboard, but Clear Channel refuses to produce its advertising contract(s) on the Billboard, withholding key evidence in the case.

Clear Channel must be compelled to produce all documents which relate to lease of advertising space on the Billboard to or through advertisers, agencies, brokers, and or other third-parties including, but not limited to, advertising contracts, proposals and responses to proposals, computer runs and print-outs, correspondence, and agreements which evidence amounts received by Clear Channel from advertisers, agencies, brokers, and/or other third-parties for the lease of such advertising space on the PROPERTY. Clear Channel must be compelled to produce this critical evidence.

///

///

# SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 4:**

State all amounts YOU have paid or have charged under each lease and/or license of billboard signs located along the Skyway (between The Embarcadero and 3rd Street along Interstate 80) in San Francisco, California from 2000 through present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Clear Channel incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and ambiguous. Clear Channel further specifically objects to the phrase "YOU have paid or have charged under each lease and/or license of billboard signs" as vague and ambiguous. Clear Channel further objects to this Interrogatory on the grounds that it is overbroad as to, among other things, time. Clear Channel further objects to this Interrogatory on the grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this Interrogatory to the extent that it calls for trade secret, confidential or proprietary information.

**REASON WHY RESPONSE TO INTERROGATORY NO. 4 IS NOT ADEQUATE:**

As discussed above, Plaintiff will need and is entitled to information regarding amounts paid by Clear Channel for its lease and/or license of billboard signs located along the Skyway in San Francisco. The request is not vague or ambiguous. Clear Channel is in the business of billboard advertising and certainly knows what a billboard sign is and what a lease and/or license of a billboard sign is. Moreover, the information sought is relevant because to the determination of the reasonable rent for the billboard at issue.

**SPECIAL INTERROGATORY NO. 5:**

State all amounts YOU have charged for billboard advertising along the Skyway (between The Embarcadero and 3rd Street along Interstate 80) in San Francisco, California from 2000 through present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Clear Channel incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and ambiguous. Clear Channel further objects to this Interrogatory on the

grounds that it is overbroad as to, among other things, time. Clear Channel further objects to this Interrogatory on the grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this Interrogatory to the extent that it calls for trade secret, confidential or proprietary information.

**REASON WHY RESPONSE TO INTERROGATORY NO. 5 IS NOT ADEQUATE:**

As discussed above, Plaintiff will need and is entitled to information regarding amounts charged by Clear Channel to third-parties for billboard advertising along the Skyway in San Francisco. The request is not vague or ambiguous. Clear Channel is in the business of billboard advertising and certainly knows what an advertising contract is and how much Clear Channel has charged under such advertising contracts for billboard advertising. Moreover, the information sought is relevant to the determination of the reasonable rent for the billboard at issue.

**SPECIAL INTERROGATORY NO. 6:**

Identify by name, address, and telephone number all third-parties with whom YOU have had an advertising contract for use of the PROPERTY.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Clear Channel incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and ambiguous. Clear Channel further objects to this Interrogatory on the grounds that it is overbroad as to, among other things, time. Clear Channel further objects to this Interrogatory on the grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this Interrogatory to the extent that it calls for trade secret, confidential or proprietary information.

**REASON WHY RESPONSE TO INTERROGATORY NO. 6 IS NOT ADEQUATE:**

As discussed above, Plaintiff will need Clear Channel to identify those third-parties with whom it has had advertising contracts for use of the billboard at issue. The request is not vague or ambiguous. It seeks information concerning the billboard at issue, which Clear Channel has operated at all relevant times. Clear Channel is in the business of billboard advertising and certainly knows what an advertising contract is. Moreover, the information sought is relevant because without this information Plaintiff is unable to subpoena any records from these third-

1  parties, who have information relevant to the determination of the reasonable rent of the billboard
2  at issue.
3  **SPECIAL INTERROGATORY NO. 7:**
4  Identify by beginning to ending date the time period(s) in which YOU have had
5  advertising contracts with third parties for use of the PROPERTY.
6  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**
7  Clear Channel incorporates its general objections. Clear Channel further objects to this
8  Interrogatory as vague and ambiguous. Clear Channel further objects to this Interrogatory on the
9  grounds that it is overbroad in that, among other things, there is no limit as to time. Clear Channel
10 further objects to this Interrogatory on the grounds that it calls for information which is neither
11 relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel
12 further objects to this Interrogatory to the extent that it calls for trade secret, confidential or
13 proprietary information.
14 **REASON WHY RESPONSE TO INTERROGATORY NO. 7 IS NOT ADEQUATE:**
15 As discussed above, Plaintiff will need Clear Channel to identify the time periods in
16 which third-parties with whom it has had advertising contracts used the billboard at issue. The
17 request is not vague or ambiguous. It seeks information concerning the billboard at issue, which
18 Clear Channel has operated at all relevant times. Clear Channel is in the business of billboard
19 advertising and certainly knows what an advertising contract is. Moreover, the information
20 sought is relevant because without this information Plaintiff is unable to subpoena any records
21 from these third-parties who have information relevant to the determination of the reasonable rent
22 for the billboard at issue. The information sought also is relevant because the time periods in
23 which third-parties with whom Clear Channel has had advertising contracts for use of the
24 billboard at issue is relevant to the determination of the reasonable rent for the billboard at issue.
25 **SPECIAL INTERROGATORY NO. 8:**
26 State all amounts YOU have received from the third-parties under advertising contracts
27 with YOU for use of the PROPERTY.
28 ///

014965.0004\838027.1

*SEPARATE STATEMENT* – Case No. C07-3629 MJJ          - 9 -

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Clear Channel incorporates its general objections. Clear Channel further objects to this Interrogatory as vague and ambiguous. Clear Channel further objects to this Interrogatory on the grounds that it is overbroad in that, among other things, there is no limit as to time. Clear Channel further objects to this Interrogatory on the grounds that it calls for information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Clear Channel further objects to this Interrogatory to the extent that it calls for trade secret, confidential or proprietary information.

**REASON WHY RESPONSE TO INTERROGATORY NO. 8 IS NOT ADEQUATE:**

As discussed above, Plaintiff will need and is entitled to information related to amounts Clear Channel has received from third-parties with whom it has had advertising contracts for use of the billboard at issue. The request is not vague or ambiguous. It seeks information concerning the billboard at issue, which Clear Channel has operated at all relevant times. Clear Channel is in the business of billboard advertising and certainly knows what an advertising contract is. Moreover, the information sought is relevant to the determination of the reasonable rent for the billboard at issue.

**SPECIAL INTERROGATORY NO. 9:**

If you contend that the LEASE did not terminate on February 28, 2007, state all facts in support of that contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Clear Channel incorporates its general objections. Clear Channel further objects to this Interrogatory on the grounds that it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Clear Channel responds as follows: Not applicable.

Supplemental Response: Subject to and without waiving its general objections, Clear Channel responds as follows: Clear Channel does not contend that the LEASE did not terminate on February 28, 2007.

///

///

SEPARATE STATEMENT – Case No. C07-3629 MJJ     - 10 -

**REASON WHY RESPONSE TO INTERROGATORY NO. 9 IS NOT ADEQUATE:**

Clear Channel has contended throughout the course of this action that it is not a holdover tenant because the Lease did not terminate on February 28, 2007, but rather can be terminated sometime in 2009. Plaintiff is entitled to know on what basis Clear Channel contends that it is not a holdover tenant. Moreover, Plaintiff's objection that the interrogatory calls for a legal conclusion is without merit. Rule 33 of the Federal Rules of Civil Procedure provide that an interrogatory is not objectionable "merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . .." Furthermore, during meet and confer sessions with counsel for Clear Channel, he stated that Clear Channel is no longer disputing that the Lease terminated on February 28, 2007. This concession does not square with Clear Channel's initial discovery response, which was "Not applicable." Neither does Clear Channel's concession square with its supplemental discovery response, which is a double-negative. Although it appears that Clear Channel has conceded that the Lease terminated on February 28, 2007, Clear Channel has chosen to provide an ambiguous supplemental response.

Clear channel should be required to unequivocally state that the Lease terminated on February 28, 2007, and the only issue remaining for trial is damages. That way, Plaintiff can take its summary adjudication motion off calendar, which would save the Court and parties a lot of time and money.

Dated: February 11, 2008

WENDEL, ROSEN, BLACK & DEAN LLP

By: /s/ Richard A. Sipos
Richard A. Sipos
Attorneys for Plaintiff
RICHARD TRAVERSO

DOCS\S0138-713\545201.V1

SEPARATE STATEMENT – Case No. C07-3629 MJJ       - 11 -