Richard A. Sipos (Bar No. 126982)
Garret D. Murai (Bar No. 215667)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Post Office Box 2047
Oakland, CA 94607-4036
Telephone: (510) 834-6600
Facsimile: (510) 834-1928
E-mail: rsipos@wendel.com

Joseph P. McMonigle (Bar No. 66811)
**LONG & LEVIT LLP**
465 California Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392
Email: jmcmonigle@longlevit.com

Attorneys for Plaintiff
RICHARD TRAVERSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD TRAVERSO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLEAR CHANNEL OUTDOOR, INC.; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. C07-3629 MJJ<br><br>**DECLARATION OF JOSEPH P. McMONIGLE IN SUPPORT OF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY AND TO COMPEL THE DEPOSITIONS OF WILLIAM HOOPER AND PATRICK POWERS**<br><br>**Date:**<br>**Time:**<br>**Courtroom:**<br>**Judge:**<br><br>Action Removed: July 13, 2007<br>Trial Date: April 7, 2008 |

///

*DECLARATION OF JOSEPH P. McMONICLE – Case No. C07-3629 MJJ*

014965.0004\838283.1

1. I am an attorney licensed to practice law in the State of California and am licensed to practice before the United States District Court for the Northern District of California. I am a partner with Long & Levit, LLP, attorneys of record for Plaintiff RICHARD TRAVERSO.

2. This declaration is made in support of Plaintiff's Motion to Compel Further Responses to Written Discovery. I have personal knowledge of the matters stated herein and if called upon to testify could and would competently do so.

3. The RFD and SPROG that are still in dispute seek documents and information in three categories: (1) the factual basis for Clear Channel's contention that the Lease did not terminate on February 28, 2007; (2) Clear Channel's advertising rates and contracts on all Skyway billboards; and (3) Clear Channel's land leases on those billboards. Clear Channel propounded the same discovery on Plaintiff.

4. Clear Channel still (1) has not made clear its position on the date the Lease terminated; (2) refuses to produce any Skyway advertising rates or contracts; and (3) has only produced partial information on nine Skyway land leases.

5. Clear Channel has produced typed lists of numbers that purport to be gross and net advertising revenues Clear Channel received on 17 Skyway billboards for portions of 2006 and 2007. Attached as Exhibit A to this Declaration is a true and correct copy of the typed lists of numbers Clear Channel produced in this case.

6. Clear Channel produced only nine land leases for 35 Skyway billboards, and six of those leases were incomplete, including Leases 16102, 18267, 19172, 19182, 15807, and 49191.

7. I defended Plaintiff at his day long deposition on February 6, 2008. Attached as Exhibit B is a true and correct copy of excerpts from a rough draft of the transcript of Richard Traverso's deposition testimony. The excerpts accurately reflect Mr. Traverso's deposition testimony. At Mr. Traverso's deposition, Clear Channel's counsel quizzed Plaintiff on Skyway **advertising rates**, such as the list price for a Skyway sign, and the information in Skyway advertising contracts, such as the impact of the **contract term** on the advertising revenue that could be commanded. Rough Draft Traverso Depo. Transc., 26:9-23; 39:3-22; 122:16-25;

124:21-125:8; 125:24-126:7, Ex. B. Clear Channel's counsel also questioned Mr. Traverso on the relationship between land lease rent and advertising revenue in **advertising contracts**. *Id.* at 29:20-30:21. And, in particular, **"along the Skyway,"** the percentage of advertising revenue **"of any sign"** that a billboard company is paying in rent. *Id. at* 86:22-87:13. Clear Channel's counsel said that he was **"going to try to drill into this a little further"** and then asked if Mr. Traverso had "any written records reflecting the rent that's being paid" on specific Skyway billboards. *Id.* at 88:4-22. Clear Channel's counsel later asked again if Mr. Traverso was aware **"of any signs along the Skyway"** for which a billboard company was paying a certain percentage of net advertising revenue in rent. *Id.* at 153:3-7. Clear Channel's counsel also inquired about the relationship between **sign size**, on the one hand, and land lease rent and advertising revenue, on the other. *Id.* at 32:11-33:12; 87:8-23; 88:4-15; 129:6-130:8. Clear Channel's counsel asserted that whether there was an **advertiser** on a sign was "pertinent to the value of a sign." *Id.* at 38:18-25. Clear Channel's counsel observed the connection between revenue in **advertising contracts** in 2007, and whether there were any spikes in the billboard advertising revenue market that year. *Id.* at 41:1-16. Clear Channel's counsel asked Mr. Traverso about **agency commissions** and **net advertising revenue** in relation to advertising contracts. *Id.* at 38:12-39:25. Clear Channel's counsel asserted that what Mr. Traverso was **"advocating for rent"** on his two Skyway billboards was relevant because "fair market value of the property is directly at issue." *Id.* at 47:3-8. Clear Channel's counsel also interrogated Mr. Traverso on his knowledge of **land lease** rents of "any signs" "along the Skyway." *Id.* at 74:7-77:25. Clear Channel's counsel stated: "I am trying to get to your knowledge of any signs that are being rented by an owner of property to a billboard company or someone else at or greater than $30,000 a month along the Skyway." *Id.* at 78:11-14. Clear Channel's counsel questioned Mr. Traverso on his **Skyway inventory and his advertising rates** for his two Skyway billboards. *Id.* at 102:4-111:13. Clear Channel's counsel questioned Mr. Traverso on the **Skyway advertising contracts** produced by Traverso. *Id.* at 111:14-130:8. When asked whether this line

///

*DECLARATION OF JOSEPH P. McMONIGLE – Case No. C07-3629 MJJ* - 3 -

1 | of questioning was relevant, Clear Channel's counsel affirmed that it was. *Id.* at 118:5-19.

2 |     I declare under penalty of perjury under the laws of the United States that the foregoing is

3 | true and correct.

4 |     Executed this 11th day of February 2008 in San Francisco, California

By: /s/ Joseph P. McMonigle
JOSEPH P. McMONIGLE

DOCS\S0138-713\545251.V1

*DECLARATION OF JOSEPH P. McMONIGLE – Case No. C07-3629 MJJ*    - 4 -