REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Scott D. Baker (SBN 84923)
    Email: sbaker@reedsmith.com
2   Jonah D. Mitchell (SBN 203511)
    Email: jmitchell@reedsmith.com
3   David S. Reidy (SBN 225904)
    Email: dreidy@reedsmith.com
4   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
5   San Francisco, CA  94111-3922

6   **Mailing Address:**
    P.O. Box 7936
7   San Francisco, CA  94120-7936

8   Telephone:    415.543.8700
    Facsimile:     415.391.8269
9
    Attorneys for Defendant
10  CLEAR CHANNEL OUTDOOR, INC.

11              UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA

13

14  RICHARD TRAVERSO,                        Case No.: C07-3629 MJJ

15                                           **CLEAR CHANNEL OUTDOOR, INC.'S**
                    Plaintiff,               **MEMORANDUM OF POINTS AND**
16                                           **AUTHORITIES IN OPPOSITION TO**
                                             **PLAINTIFF'S MOTION FOR SUMMARY**
17          vs.                              **ADJUDICATION**

18  CLEAR CHANNEL OUTDOOR, INC., and         Date:        February 27, 2007
    DOES 1 – 10,                             Time:        2:00 p.m.
19                                           Courtroom: 11 (19th Floor)
                    Defendants.
20
                                             **HON. MARTIN J. JENKINS**
21

22

23

24

25

26

27

28

– 1 –

1    Plaintiff Richard Traverso's ("Plaintiff") motion for summary adjudication ("Motion")

2    should be denied because it failed to provide proper notice, and, as a result, cannot be properly

3    heard. Pursuant to Local Rule 7-2(a), a motion must be filed, served and noticed for a hearing no

4    less than thirty five days after service of the motion. Here, Plaintiff provided notice of only twenty

5    six days, and, as a result, his Motion should be denied. Moreover, because the hearing cutoff for

6    dispositive motions is February 27, 2008, Plaintiff cannot cure this deficiency with a properly

7    noticed motion.

8    On November 8, 2007, this Court entered its Pretrial Order setting the fact discovery cutoff

9    in this action on January 31, 2008, and setting February 27, 2008 as the last day for dispositive

10    motions. Doc. # 33. In order to meet the dispositive motion hearing cutoff of February 27, 2008, the

11    last day to file a dispositive motion was January 23, 2008. Plaintiff failed to file a motion by that

12    deadline. Instead, over a week after the deadline had passed, on February 1, 2008, Plaintiff filed his

13    present Motion, setting the hearing twenty six days later on February 27, 2008. Plaintiff did not seek

14    leave of Court to have the Motion heard outside the regular notice requirements. Nor did Plaintiff

15    seek Defendant's consent. Instead, without leave of Court, Plaintiff unilaterally filed his Motion,

16    coupled with a letter to the Court, acknowledging that notice was deficient, but claiming he was

17    unable to complete the Motion until February 1, 2008.

18    The excuses Plaintiff offered in his letter accompanying his deficiently noticed Motion do

19    not square with the facts. First, Plaintiff claimed he was unable to file on time because of the

20    "overall shortened time for this unlawful detainer." In fact, however, on October 26, 2007, the Court

21    rejected Plaintiff's request for relief from the scheduling order to have this unlawful detainer proceed

22    on shortened time. *See* Doc. # 29 (denying Plaintiff's motion for relief from the scheduling order).

23    Thereafter, in November 2007, the Court set the schedule with a dispositive motion hearing cutoff

24    for February 27, 2008. Doc. # 33. In short, Plaintiff had plenty of notice and opportunity to file his

25    Motion.

26    Second, Plaintiff claims that he could not file his Motion on time because discovery did not

27    close until January 31, 2008. But, Plaintiff has known the discovery cutoff date since the scheduling

28    order in November 2007 as well. Moreover, the only evidence Plaintiff relied upon in support of his

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –

1  Motion consists of the exact same exhibits that he attached to his Complaint, which he filed eight

2  months earlier, in June 2007.  In other words, there was no discovery that impacted his ability to

3  present his Motion.

   Accordingly, Defendant respectfully requests that the Court deny Plaintiff's Motion.

   DATED:  February 15, 2008

                    REED SMITH LLP


                    By_____/s/_____
                         David S. Reidy
                         Attorneys for Defendant
                         CLEAR CHANNEL OUTDOOR, INC.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

CLEAR CHANNEL OUTDOOR, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
ADJUDICATION